**UNITED STATES DISTRICT COURT**
Northern District of California
280 South First Street
San Jose, California 95113

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
408.535.5364

April 22, 2008



Address:
U.S. District Court
Southern District of California
Office of the Clerk
880 Front Street, Suite 4290
San Diego, CA 92101-8900

RE: CV 08-00957 JW   JIMMIE STEPHEN-v-R. Hernandez

'08 CV 0788 BTM JMA

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

☒   Certified copy of docket entries.

☒   Certified copy of Transferral Order.

☒   Original case file documents.

☒   Please access the electronic case file for additional pleadings you may need. See the attached instructions for details.

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by: Cindy Vargas
Case Systems Administrator

Enclosures
Copies to counsel of record

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ECF DOCUMENT**

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.

Date Filed: 4-11-08

RICHARD W. WIEKING, Clerk

By: _____, Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHEN, | No. C 08-00957 JW (PR) |
| Plaintiff, | ORDER OF TRANSFER |
| vs. | |
| R. HERNANDEZ, et al., | |
| Defendant(s). | (Docket Nos. 2, 4, 5 & 9) |

Plaintiff, an inmate currently incarcerated at the California Men's Colony
("CMC") State Prison in San Luis Obispo, filed a pro se civil rights complaint
pursuant to 42 U.S.C. § 1983, alleging that prison officials at R. J. Donovan
Correctional Facility at Rock Mountain ("RJD") in San Diego, California, violated
his constitutional rights while plaintiff was housed at RJD.

Venue may be raised by the court *sua sponte* where the defendant has not
filed a responsive pleading and the time for doing so has not run. See Costlow v.
Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded
solely on diversity, venue is proper in (1) the district in which any defendant resides,
if all of the defendants reside in the same state; (2) the district in which a substantial
part of the events or omissions giving rise to the claim occurred, or a substantial part

Order of Transfer
G:\PRO-SE\SJ.JW\CR.08\Stephen00957_transfer.wpd

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    of the property that is the subject of the action is situated; or (3) a judicial district in

2    which any defendant may be found, if there is no district in which the action may

3    otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the

4    district court has the discretion to either dismiss the case or transfer it "in the interest

5    of justice." See 28 U.S.C. § 1406(a).

6        It is clear from the instant complaint and the attachments thereto that a

7    substantial part of the events or omissions giving rise to plaintiff's claims arise out

8    of actions alleged to have been committed at RJD by RJD officials. RJD is located

9    in San Diego, California. San Diego is located within the venue of the Southern

10    District of California. See 28 U.S.C. § 84(d). As a result, venue is proper in the

11    Southern District of California, not in the Northern District. For the foregoing

12    reasons, plaintiff's motion to stay transfer of venue (Docket No. 4) is DENIED.

13        Accordingly, in the interest of justice, the above-titled action is hereby

14    TRANSFERRED to the United States District Court for the Southern District of

15    California. In light of the transfer, this Court will defer to the Southern District with

16    respect to plaintiff's motions for leave to proceed in forma pauperis (Docket Nos. 2

17    & 5) and motion for appointment of counsel (Docket No. 9). The clerk shall

18    terminate as moot Docket Nos. 2, 5 and 9 from this Court's docket.

19        The clerk shall transfer this matter and close the file.

20

21    DATED: _____April 11, 2008_____

22                           JAMES WARE
                       United States District Judge

23

24

25

26

27

28

Order of Transfer
G:\PRO-SE\SJ.JW\CR.08\Stephen00957_transfer.wpd    2

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

JIMMIE EARL STEPHEN,

        Plaintiff,

  v.

R. HERNANDEZ, et al.,

        Defendants.
              /

Case Number: CV08-00957 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____4/11/2008_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jimmie Earl Stephen C 56483
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, Ca 93409-8101

Dated: _____4/11/2008_____

                    Richard W. Wieking, Clerk
/s/  By: Elizabeth Garcia, Deputy Clerk

CLOSED, E-Filing, ProSe, TRANSF

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:08-cv-00957-JW
### Internal Use Only

Stephen v. Brano et al
Assigned to: Hon. James Ware
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/15/2008
Date Terminated: 04/11/2008
Jury Demand: None
Nature of Suit: 555 Prisoner: Prison
Condition
Jurisdiction: Federal Question

**Plaintiff**

**Jimmie Earl Stephen**          represented by **Jimmie Earl Stephen**
C 56483
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, Ca 93409-8101
PRO SE

V.

**Defendant**

**Brano**
*Guard*

**Defendant**

**McCurty**
*Guard*



**Defendant**

**Armenta**

**Defendant**

**Simon**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/15/2008 | ●1 | COMPLAINT (No process) IFP pending against Brano, McCurty, Armenta, Simon. Filed by Jimmie Earl Stephen. (cv, COURT STAFF) |

| | | |
|---|---|---|
| | | (Filed on 2/15/2008) (Additional attachment(s) added on 2/22/2008: # 1 Exhibit) (cv, COURT STAFF). (Entered: 02/22/2008) |
| 02/15/2008 | ❷2 | MOTION for Leave to Proceed in forma pauperis filed by Jimmie Earl Stephen. (cv, COURT STAFF) (Filed on 2/15/2008) (Entered: 02/22/2008) |
| 02/15/2008 | ❷3 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (cv, COURT STAFF) (Filed on 2/15/2008) (Entered: 02/22/2008) |
| 02/19/2008 | ❷4 | MOTION to Stay transfer of venue filed by Jimmie Earl Stephen. (cv, COURT STAFF) (Filed on 2/19/2008) (Entered: 02/22/2008) |
| 02/22/2008 | ❷ | (Court only) ***Set/Clear Flags (cv, COURT STAFF) (Filed on 2/22/2008) (Entered: 02/22/2008) |
| 03/10/2008 | ❷6 | Letter from Jimmie Stephen re: Status on C07-6379; C08-744; C08-957 JW. (cv, COURT STAFF) (Filed on 3/10/2008) (Additional attachment(s) added on 3/14/2008: # 1 pro se prisoner envelope) (cv, COURT STAFF). (Entered: 03/14/2008) |
| 03/11/2008 | ❷5 | MOTION for Leave to Proceed in forma pauperis; certificate of funds in prisoner's account filed by Jimmie Earl Stephen. (cv, COURT STAFF) (Filed on 3/11/2008) (Additional attachment(s) added on 3/14/2008: # 1 pro se prisoner envelope) (cv, COURT STAFF). (Entered: 03/14/2008) |
| 03/13/2008 | ❷9 | MOTION to Appoint Counsel filed by Jimmie Earl Stephen. (cv, COURT STAFF) (Filed on 3/13/2008) (Entered: 04/03/2008) |
| 03/21/2008 | ❷7 | PLAINTIFF'S REQUEST to Supplement Complaint re 1 Complaint by Jimmie Earl Stephen. (srm, COURT STAFF) (Filed on 3/21/2008) (Entered: 03/25/2008) |
| 03/28/2008 | ❷8 | Request for Judicial Notice filed by Jimmie Earl Stephen. (Attachments: # 1 pro se prisoner envelope)(cv, COURT STAFF) (Filed on 3/28/2008) (Entered: 04/02/2008) |
| 04/11/2008 | ❷10 | ORDER TRANSFERRING CASE to the Southern District of California. The Clerk shall transfer this matter and close the file. Signed by Judge James Ware on 4/11/2008. (ecg, COURT STAFF) (Filed on 4/11/2008) (Entered: 04/11/2008) |
| 04/22/2008 | ❷11 | CLERK'S NOTICE re: Certified copy of docket sheet, Certified copy of Transferral Order and the Original case file mailed to U. S. District Court, Southern District of California. (cv, COURT STAFF) (Filed on 4/22/2008) (Entered: 04/22/2008) |

FILED
FEB 1 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN
(Name)
P.O. Box 8101
(Address)
San Luis Obispo / California
(City, State, Zip)    93409-8101
C56483
(CDC Inmate No.)

DPRLS #

JW
SS
SS

"IN RE AP INDUSTRIES INC"
117 BR 789 (SA N4 1990)
28, USC "1404-A"

# United States District Court

## Northern District of California

JIMMIE STEPHEN                          )
(Enter full name of plaintiff in this action.)   )     JW
                                        )
                         Plaintiff,     )    CV 08    0957
                                        )    Civil Case No._____
v.                                      )    (To be supplied by Court Clerk)
                                        )
GUARD "BRAND"                           )
GUARD "MC CURTY"                        )    Complaint under the    (PR)
SGT "ARMENTA"                           )    Civil Rights Act
LTA "SIMON"       E-filing              )    42 U.S.C. § 1983
(Enter full name of each defendant in this action.)  )
                                        )
                         Defendant(s).  )
                                        )

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.  If you wish to
assert jurisdiction under different or additional authority, list them below.
18 USC "242" - 28, USC, 1915 "IMMINENT DANGER EXEMPTION"
28 USC "1404-A". 28 USC "1367"

## B. Parties

1. <u>Plaintiff</u>:  This complaint alleges that the civil rights of Plaintiff, JIMMIE STEPHEN
(print Plaintiff's name)
C56483                    , who presently resides at San Luis Obispo / California
(mailing address or place of confinement)
P.O. Box 8101- San Luis Obispo CAL 93409-8101    , were violated by the actions
of the below named individuals.  The actions were directed against Plaintiff at RT DonoVan
Corr. fac.           on (dates) 9-29-06 , 5-1-05 , and 11-27-05 .
(institution/place where violation occurred)    (Count 1)    (Count 2)    (Count 3)

"ERICKSON v PARDUS" 127, Sct, 2197 (2007) frcp# 8-A-2 Appliq.
§ 1983 SD Form
(Rev. 2/05)    "HAINES v KERNER" 404, US, 519 (1969) LESS STRINGENT STANDARD.
"ASHLEY v AINSWORTH" 147, F3A, 715 (8th, 1998) SERIOUS MENTAL EXCEPTION
UNDER 28 USC 1915.

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

1.  Defendant "BRAVO" _____ resides in San Diego California ,
    _____(name)_____                    (County of residence)
    and is employed as a GUARD _____. This defendant is sued in
    _____(defendant's position/title (if any))_____
    his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
    under color of law: AS A State EMPLOYEE for CDCR. .
    _____

2.  Defendant "McCurty" _____ resides in San Diego California ,
    _____(name)_____                    (County of residence)
    and is employed as a GUARD _____. This defendant is sued in
    _____(defendant's position/title (if any))_____
    his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
    under color of law: AS A State EMPLOYEE for CDCR. .
    _____

3.  Defendant "ARMENTA" _____ resides in San Diego California ,
    _____(name)_____                    (County of residence)
    and is employed as a SARGEANT _____. This defendant is sued in
    _____(defendant's position/title (if any))_____
    his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
    under color of law: AS A State EMPLOYEE for CDCR. .
    _____

4.  Defendant "Simon" _____ resides in San Diego California ,
    _____(name)_____                    (County of residence)
    and is employed as a Library TECH _____. This defendant is sued in
    _____(defendant's position/title (if any))_____
    his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
    under color of law: AS A State EMPLOYEE for CDCR. .
    _____

5.  Defendant "HERNANDEZ" RESIDES IN San DIESO California
    AND IS EMPLOYED AS A "WARDEN" SUED IN INDIVIDUAL AND OFFICAL
    CAPACITY AS A State EMPLOYEE UNDER COLOR OF LAW. .

6.  Defendant "Litter" RESIDES IN SACRAMENTO California AND IS
    EMPLOYED AS A "CMO". SUED IN INDIVIDUAL AND OFFICAL CAPACITY AS
    A State EMPLOYEE UNDER COLOR OF LAW. .

7. Defendant D. "Brown" resides in San Diego California and is employed as "Supervisor of P.I.A. Laundry" sued in individual and official capacity under color of state law as a state employee..

8. Defendant Dr. "Ramos" resides in San Diego California and is employed as a "Doctor" DA sued in individual and official capacity as a state employee under color of state law..

9. Defendant "Espinoza" resides in San Diego California and is employed as a "Guard" sued in individual and official capacity as a state employee under color of state law..

10. Defendant "Clark" resides in San Diego California and is employed as a "Guard" sued in individual and official capacity as a state employee under color of state law..

11. Defendant "Bromerich" resides in San Diego California and is employed as a "Doctor" sued in individual and official capacity as a state employee under color of state law..

12. Defendant "Dittman" resides in San Diego California and is employed as a "Sargeant" sued in individual and official capacity as a state employee under color of state law..

13. Defendant "Soriano" resides in San Diego California and is employed as a "Guard" sued in individual and official capacity as a state employee under color of state law..

14. Defendant "Sanchez" resides in San Diego California and is employed as a "Lieutenant" sued in individual and official capacity as a state employee under color of state law..

24

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1</u>: The following civil right has been violated: "Right to MEDICAL" for "SERIOUS" CONDITIONS" "Pattern of Misconduct" "IMMINENT ENDANGER EXICLATION"
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.) 28 USC, 1915".      IST 5th 8th & 14th.

<u>Supporting Facts</u>: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.] "

1.. DEFENDANTS WERE DELIBERATE INDIFFERENT "RECKLESS" AS AS to "INADEQUATE" DELAYED AND "DENIED" MEDICATIONS" for DOCTOR PRESCRIBED "SERIOUS MEDICAL CONDITION "AT "High CHOLESTEROL" FROM 11-27-05 to 1-13-06. hY "DR BROMELICH" WHILE IN "SEGREGATION". ON "FALSE CHARGES" bY "ESPINOZA".

2.. Plaintiff based upon "WILLFUL OVERCROWDING "UNDER WARDEN "HERNANDEZ" FAILED to PROTECT "FAILED to WARN" AT "HIGH RISK" to "TUBERCULOSIS" based upon "PRISON OUTbREAKS" AT DONOVAN. AS WELL AS "CMO RITTER" IN CHARGE OF "INFECTIONS DISEASES" AND DUTY to PROTECT, WARN, AND SAFEGUARD PLAINTIFF "HEALTH" AND "SAFETY". AS DONOVAN lies Close to "MEXICAN BORDER" STATED NOISE OF 5-1-05.

3.. DR "RAMOS" OF 9-29-06 INCIDENCE OF 10-4-06 WILLFULLY REFUSED to "X-RAY" PLAINTIFF "BACK" but PRESCRIBED "MILD PAIN" PILLS FROM the "ASSAULT OF 9-29-06. AS ACTS WERE WILLFUL AND DISCRIMINATORY AS "COVER-UP" FOR GUARDS "ASSAULT AND BATTERY" WHILE PLAINTIFF "SAT IN CHAIR" SHOWING "DELIBERATE INDIFFERENCE" "RECKLESS DISREGARD" WHEN PLAINTIFF WILLFULLY "THROWN" to "FLOOR" AS "X-RAYS" REQUESTED bY PLAINTIFF OF 10-4-06. INJURY "SERIOUS".

"Ashley J Dilworth" 147, F3D, 715 (8th 1998) SERIOUS MEDICAL "IMMINENT DANGER EXICEATION" UNDER 28, USC, 1915.

"Next Page"
"Hudson v McMillan" 112, SCF. 995 (1993) No SERIOUS INJURY NECESSARY IN USE OF UNECESSARY FORCE..
(SEE PAGES #31-34)..

**"NEGLIGENT"..**

1..."FAILING TO PROTECT"..DELIBERATE INDIFFERENCE".."RECKLESS DIS-
REGARD".."CRUEL AND UNUSUAL PUNISHMENT".."DUE PROCESS".."LIBERTY
INTEREST"..                         IST 5TH 8TH & 14TH..

     PLAINTIFF STEPHEN WAS "EXPOSED" TO THE "TUBERCULOSIS" GERM"
"VIRUS" WHILE UNDER "HERNANDEZ" RESPONSIBILITY OF 9-16-03 AND WAS
"DIAGNOSED" 5-1-05..AS A "RESULT OF POOR SANITATION" BY "HOUSING"
WITH "INFECTED CELLMATES" POOR SANITATION FAILING TO WARN,PROTECT"
IN "LAUNDRY AS "P.I.A.""WORKER" UNDER SUPEERVISION OF "TOGAFAU" AS
WELL AS "BROWN" UNDER AUTHORITY SUPEERVISION OF "KADIWALA"..AS"CMO"
"RITTER""FAILED TO PROTECT""FAILED TO WARN".."NEGLIGENTLY"..
     AS "HERNANDEZ" AS WARDEN OF RJ DONOVAN "WILLFULLY""NEGLIGENT"
BY "OVERCROWDING" ALLOWED THESE ACTS OF "COMMUNICABLE DISEASES"TO
"INFECT" PLAINTIFF WERE "DELIBERATE"RECKLESSS"..AS "PRIOR" OUT-
BREAKS HAVE OCCURED AT DONOVAN..
     AS "RITTER""HERNANDEZ""BROWN""TOGAFAU""KADIWALA" "FAILED TO
WARN""FAILED TO PROTECT"..THEREBY CAUSING "ONGOING INJURY" AAS ON-
GOING "THREATS" OF "LIVER DAMAGE" FROM THE "HIGHLY TOXIC" DRUG TA-
KEN FOR "6" MONTHS AFTER DIAGNOSIS.."NEGLIGENT"..
     FURTHER ACTS OF "WILLFUL NEGLIGENCE" OF 3-9-07 PLAINTIFF WAS
"RE-EXPOSED" TO THE "T.B." GERM BY BLDG # 5 "MEDICAL STAFF" WHEN
GIVING "ANNUAL T.B. TESTS" WHEN "X-RAYS MUST BE GIVEN"..
     PLAINTIFF "INJURIES" EXISTED "PRIOR" TO DIAGNOSIS OF 5-1-05
AS "CHRONIC COUGH EXISTED" OF 8-1-04..AS "SIGNIFICANT RISK EXISTED"..
BASED UPON "OVEERCROWDING" AND "INEFFECTIVE MEDICAL STAFF" AASNOW
UNDER "FEDERAL MEDIATION CONTROL"..BECAUSE OF "INADEQUATE"STAFF,
TRAINING ECT..BY "NEGLIGENCE"..

**"NEGLIGENT"..**
**"EXPOSURE OF LAUNDRY"**

     ON OR ABOUT 9-14-06 PLAINTIFF WAAS WILLFULLY "DEPRIVED" OF
NECESSARY "HYGIENE" ACCESS IN "P.I.A. LAUNDRY" AS "KADIWALA" DID
"WILLFULLY" DISALLOW "SHOWERS" IN "CONTAMINATED LAUNDRY" KNOWN TO
HOUSE "DEADLY CONTAGIOUS VIRUSES" AS "SHOWERS" ALLOWED FOR "SOIL"
SORT WORKERS "ONLY" WHEN "SOIL SORT" WORKERS HAVE FREE REIGN OF
"ENTIRE LAUNDRY" INFECTING ANYONE IN CONTACT..AS "THE T.B" GERM"
CAN TEST POSITIVE ON THE "SKIN"..AS "SHOWERS" DENIALS OKED BY THE
SUPERVISORS "BROWN" AND "TOGAFAU"..AS DEFENDANTS "FAILED TO PROTECT"
AND "FAILED TO WARN"..
     WARDEN "ARMOSKUS" "COWAN""HAWTHORNE" HAD "PRIOR NOTICE" AND
"FAILED TO ACT""FAILED TO WARN".."NEGLIGENTLY"..

**"NEGLIGENT"..**
**"VENTILLATION"**

     WARDEN "HERNANDEZ" "COWAN""ARMOSKUS" HAD "PRIOR NOTICE" OF"IN-
ADEQUATE""VENTILLATION" PRIOR TO "INFECTION" OF 5-1-05 OF ARRIVAL
AT DONOVAN OF 9-16-03..AS "VENTILLATION" SYSTEM WAS SHOWN HARBORED
"DEADLY BACTERIA""GERMS" AS "FILTERS" WERE NEVEER CLEANED ACCORDING
TO STANDARDS, REPLACED ECT..AS DEFENDANTS "FAILED TO PROTECT" AS
WELL AS "FAILED TO WARN" OR "CORRECT".. AS PLAINTIFF RECEIVES "NO"
"OUTSIDE VISITS" SO "CONTAMINATION" BY PLAINTIFF FROM "PEERSONNEL"

1  AND PRISONERS  AS WELL AS "OVERCROWDING"..AS "FAILED TO WARN" BY
   "RITTER" AND "OPERATION WARDEN HAWTHORNE"..AS "HERNANDEZ" DENIAL
2  OF REMEDY TO "FIX" PROBLEMS IS "MONETARY"..AS CHOICE OF "DEADLY"
   DISEASES OR "MONEY TO REPAIR""VENTILLATION"..
3

4                         "NEGLIGENT"..
   2.."CAMPAIGN OF HARRASSMENT".."FAILING TO PROTECT".."DUE PROCESS"..
5  "IMPEDING ACCESS TO FILE CLAIMS" AND "PURSUE CLAIMS".."LIBERTY IN-
   TEREST"..            IST 4TH 5TH & 14TH..
6

7
        ON 7-26-06 PLAINTIFF WROTE "LTA SIMON" UP FOR "OVER-FAMILITY"
8  ECT..AS "PRIOR ENTRAPMENT" HAS OCCURED AT DONOVAN BY "FEMALE STAFF"
   WHEN "PURSUEING ACCESS TO COURT" BY LAWSUIT..ON 9-29-06 "SIMON"
9  "WILLFULLY" "RETALIATED" BY "FALSE CHARGES" OF "HITTING HER" AS
   PLAINTIFF EVENTUALLY "SEGRREGATED" FOR "108"DAYS AFTER FINDING OF
10 "NOT GUILTY"..
        THE "108" DAYS FITS CATAGORY OF "SIGNIFICANT ATYPICAL" "HARD-
11 SHIP" UNDER "SANDIN V CONNER"..INTENTIONALLY"..AS "SIMON""WILLFULLY"
   TRIED TO RETRIEVE AN ALLEGED "PIECE OF PAPER FROM PLAINTIFFS""BRI-
12 EFCASE" OF 9-29-06 WHEREAS VIOLATES THE "4TH" AMENDMENT ALSO AS
   SHE IS NOT A "PEACE OFFICER" NOR HAS AUTHORITY TO "SEARCH"IF"TRUE"..
13      PLAINTIFF "RELEASED FROM SEGREGATION" OF 1-18-07..AS "ALL"
   "WITNESSES OF IN LIBRARY OF 9-29-07 SUPPRESSED" WHEN REQUESTED"BY
14 PLAINTIFF..UNDER "TITLE 15 ART."3268.1" THIS IS "ILLEGAL"..
        DEFENDANTS "MCMAHAN" WILLFULLY BY FABRICATION DID "FILE" AND
15 PURSUE "D.A. REFERRAL" AS WOULD HAVE GOTTEN "GUILTY""VERDICT" FROM
   EMPLOYEES OF DONOVAN IF PLAINTIFF HADNT GOTTEN "WITNESS PRINCE" TO
16 TESTIFY IN BEHALF..AND BEAT CHARGES OF 9-29-06..
        AS "WITNESSES" "NEGLIGENTLY""WITHELD" IN VIOLATION OF "TITLE"
17 15 ART."3268.1".."USE OF FORCE" WHEREAS "ALL WITNESSES" "MUST BE"
   "DOCUMENTED" THIS WAS "WILLFULLY""NEGLIGENTLY" "DEPRIVED"..AS THE
18 WARDENS HAD "PRIOR NOTICES" OF "RETALIATION""HARASSMENT" BY GUARDS
   HERE AT DONOVAN AND "FAILED TO PROTECT"..AS "HERNANDEZ""ARMOSKUS"
19 "COWAN" "LT MCMAHAN" HAD "PRIOR NOTICES" AND DID NOTHING..
        AAS DEFENDANTS "HERNANDEZ""ARMOSKUS""COWAN" AND "MCMAHAN"DID
20 "NEGLIGENTLY" "TRANSFER" ANY AND ALL "WITNESSES" AT "SCENE OF CR_
   IME OF 9-29-06 THEREBY "EMPTYING ENTIRE "3" YARD WHERE "WITNESSES"
21 WERE HOUSED OF 9-29-06..
        ACTS BY DEFENDANTS SERVED NO PENELOGICAL PURPOSE..
22

23                       "NEGLIGENT"..
   3.."DUE PROCESS".."FAILING TO PROTECT"..IMPEDING ACCESS TO COURT"..
24 "IMPEDING ACCESS TO FILE CLAIM".."OBSTRUCTION OF ACCESS TO COURT"..
   "RETALIATION".."LIBERTY INTEREST"..  IST 5TH 8TH & 14TH..
25

26      ON 9-29-06 PLAINTIFF WAS "NEGLIGENTLY""WILLFULLY""ASSAULTED"
   BY "BRAVO" AS "LEAD ATTACKED" IN "CONCERT" WITH "MCCURTY""LIRA"
27 "ARMENTA""FERNANDEZ" "JOHN DOE"# 1-15..  .WHEREAS PLAINTIFF WAS
   "NEGLIGENTLY""WILLFULLY""INTENTIONALLY" "SEGREGATE " UNTIL FINDINGS
28 OF "NOT GUILTY" OF 1-14-07 BY "WITNESS PRINCE"..AS "RETALIATION"..

1     PLAINTIFF WAS "SITTING BEHIND TYPEWRITER" AT TIME OF"ASSAULT"
OF 9-29-06 AT ABOUT 7;00 PM..AS ACTS WERE "WILLFUL""NEGLIGENT" AS
2  "IMPEDING ACCESS TO COURT"..AS UPON ENTERING LIBRARY OF 9-29-06
DEFENDANT "ARMENTA" STATED THATS THE GUY WHOM FILES THE "LAWSUITS
3  AS PLAINTIFF WAS "ATTACKED" BY "BRAVO" ECT..AS "SIMON" ABETTED THE
"ATTACK" OF 9-29-06 BY "FALSE CHARGES" TO "CAUSE HARM" "NEGLIGENTLY
4  AS "SHOCKS THE CONSCIOUS JUSTIFYING LIABILITY".."UNECESSARY FORCE"
WAS USED OF 9-29-06..
5     AS GUARDS UNDER "HERNANDEZ""ARMOSKUS""COWAN"MCMAHAN" HAS "SEG-
REGATED" PLAINTIFF "3 TIMES" ON 8-9-05,11-27-05 AND 9-29-06 AND
6  PLAINTIFF "FOUND NOT GUILTY ALL 3 TIMES"..AS PLAINTIFF "NOT RESIS-
TING" OF 9-29-06 AS ACTS WERE "WILLFUL NEGLIGENT".."USE OF FORCE"
7  MANDATES "ALL WITNESSES BE DOCUMENTED" THIS WAS "DENIED"..
     PA "RAMOS" AS PHYSICIAN "REFUSED" TO "X-RAY" PLAINTIFF "BACK"
8  AND OTHER "INJURIES" OF 9-29-06 WHEN REQUESTED OF 10-4-06 ECT..AS
"AIDING AND ABETTING" IN THE ACT OF "ASSAULT" OF 9-29-06..
9     DEFENDANTS ACTED AS A "GANG IN CONCERT" OF 9-29-06 AND STATED
"INJURIES" WERE "WILLFUL NEGLIGENCE" TO "CAUSE HARM" AND "THWARF"
10 "IMPEDE ACCESS TO COURT"..BY "DESTRYING LEGAL DOCUMENTS"IN ONGOING
CASES..AS PLAINTIFF "KICKED""STOMPED" SHOVED" AND "DOCUMENTS" IN
11 FACT WERE "FABRICATED""WITHELD" WILLFULLY..AS WELL AS "PALENCIA"..

12

13                           "NEGLIGENCE"

     DEFENDANTS "ARMENTA" "MCCURTY""FERNANDEZ""LIRA""BRAVO" DID
14 "NEGLIGENTLY""WILLFULLY""BRAG" ABOUT THE "ASSAULT""ATTACK" OF 9-
29-06 AS WELL AS "DESTROYING PLAINTIFF LEGAL DOCUMENTS"..WHEREAS
15 PLAINTIFF KNEW "NOT TO SIGN THE INVENTORY LIST FOR PROPERTY" AS
"DAVIS" TRIED TO CONVINCE PLAINTIFF TO "SIGN" MINUTES AFTER THE
16 "ASSAULT" OF 9-29-06..WHEREAS "NURSE VALENCIA" WAS "MALICIOUSLY
GIVEN ARONG INFORMATION OF 9-29-06 AS TO THE "USE OF FORCE"..WHERE
17 AS "BRAVO" STATED "USE OF FORCE" USED AND "ARMENTA" STATED "NO USE
OF FORCE USED" PF 9-29-06..BUT "VIDEO" TAKEN OF PLAINTIFF "STATE-
18 MENTAS" OF 9-29-06..AND "ADMITTING" THE "LOSS OF STATED LEGAL"
"DOCUMENTS" STATED AS "LOST"..AS "DESTRYING" "DOCUMENTS" OF 9-29-
19 06 "WITNESSED BY DEFENDANT SIMON"..AS WELL AS "MCCURTY""ARMENTA"
"FERNANDEZ" AND "JOHN DOE # 1-15"..AND "PALENCIA"..
20     AS "STATE AND FEDERAL""DOCUMENTS""WILLFULLY DESTROYED" AS
     WERE "PREPARED AND READY FOR COPYING" AND "IRREPARABLE" AS
21     "STREET ATTORNEY GAVE INPUT" IN COURT DOCUMENTS ECT..INCLUD-
     ING "APPEALS""DECLARATIONS""ROUGH DRAFTS""GRIEVANCES""NOTES"
22     "PHONE NUMBERS""WORKSHEETS""AS "IRREPLACEABLE"IRREPARABLE"..

23

24                           "NEGLIGENCE"

25     PLAINTIFF "PRESCRIPTION EYEGLASSES" "NEGLIGENTLY"WILLFULLY"
"DESTROYED" OF 9-29-06 AS "SGT ARMENTA" DID "BRAGGED ABOUT THE DE-
26 STRUCTION OF "EYEGLASSES" ECT..AS OF 3-21-07 PLAINTIFF STILL HAVE
"NOT RECEIVED" "PRESCRIPTION EYEGLASSES" BUT HAS TO "USE""10"YEAR
27 OLD "EYEGLASSES" WHICH CAUSES "EYE PAINS""HEADACHES" ECT.. WHERE
"WILLFULLY""NEGLIGENTLY""IMPEDING ACCESS TO COURT" BY "SIGHT" ECT.
28 AS WARDEN "HERNANDEZ""ARMOSKUS"COWAN"MCMAHAN" HAD "PRIOR NOTICE"

1   OF PLAINTIFF "DESTROYED EYEGLASSES" OF 9-29-06 AND DID NOTHING..AS
    PLAINTIFF "EYESIGHT HAS "DETIORATED SINCE 9-29-06" BY "WRONGFUL"
2   "USE OF EYEGLASSES"..

3       AS "OPTOMETRIST" TOOK "2" MONTHS TO TAKE "PRESCRIPTION" OF
    11-27-06 AND STILL HAVE NOT BEEN FITTED WITH "CORRECT""EYEGLASSES"
4   UNDER "HERNANDEZ" AND "WILLFUL NEGLIGENCE"..

        AS ALL "NAMED DEFENDANTS HAS "PRIOR NOTICES" OF EVENTS THAT
5   TOOK PLACE OF 9-29-06 AS ONGOING PARCTICE CUSTOM POLICY FOR "ACCESS
    TO COURT" BY WILLFUL "NEGLIGENT""IMPEDING ACCESS TO COURT" FOR
6   "FILING""PRUSUEING" "AWSUITS ECTS..

        "DESTRUCTION OF EYEGLASSES" WITNESSES BY "SIMON"..AS SHE DID
7   NOTHING TO CORRECT FALSE CHARGES..

        AS "CRHONIC HEADACHES" ARE EFFECT OF "WRONGFUL PRESCRIPTION"
8   "EYEGLASSES" AND DENIAL OF CORRECT ONES..AS "PAIN PILLS" USED FOR
    "CHRONIC BACK PAINS" ALSO..AS PLAINTIFF "CANNOT"READ"EAT" OR "EXE-
9   RCISE" "EFFECTING DAILY ACTIVITIES" "BACK PAINS" BASED UPON THE
    "NEGLIGENT""WILLFUL""ATTACK" OF 9-29-06..AS "DR RAMOS" REFUSED TO
10  ALLOW "BACK X RAYS" WHEN REQUESTED FOR "BACK PAINS" SHOWING "IMPA-
    RTIALITY" TO PLAINTIFF, PRISONERS AND FOR "GUARDS""BRAVO" ECT..

11      ACTS BY DEFENDANTS SERVED NO PENELOGICAL PURPOSE..

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Count 2: The following civil right has been violated: "DUE PROCESS" "RETALIATION"
"FALSE CHARGES" WILLFUL SEGREGATION" HARDSHIP DENIED "MEDICATION.
(E.g. right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.) "IMMINENT DANGER EXCEPTION" 1st. 5th. 8th a 14th..
"28 USC 1915"

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

ON 11-27-05 GUARD "ESPINOZA" willfully filed "false" CHARGES of "THREATENING OFFICER with AN "INK PEN" or "WEAPON" whereas Plaintiff found "Not Guilty" when CELLMATE TESTIFIED AS to "ESPINOZA's" fabrication of CHARGES" after serving "45" DAUS in "SEGREGATION".

Defendant "CLOCK" was standing LESS than "10 feet" from "INCIDENCE" of 11-27-05 AND DID nothing to stop the false CHARGES, but PARTICIPATED by serving SEGREGATION PAPERS while IN SEGREGATION is willful AND "Retaliatory".. "Code of silence"..

As Plaintiff DENIED "Cholesterol" from 11-27-05 to 1-13-06 while IN SEGREGATION by "DR BROMBERG" significant HARDSHIP.. "DELIBERATE INDIFFERENCE" Reckless DISREGARD..

"Showing Pattern of misconduct "28 USC 1915" "EVIDENCING" the "Likelihood" of "IMMINENT SERIOUS PHYSICAL" "HARM" ONGOING..

1. DENIED, DELAYED Right to "Dental" treatment from Date Given "Priority #2 of 5-8-07 "No TREATMENT" or "Partials" when REQUESTED.. "3rd LEVEL" complete "Prison Law office" Has Taken on Discovery etc.. "APPEALED CMC" of 3-27-07.

"Next Page"

1 | 22..ON 11-27-05 DEFENDANT "ESPINOZA" DID "WILLFULLY VIOLATE THE
RIGHTS OF PLAINTIFF BY "FILING FALSE DOCUMENTS" FOR ALLEDGING
2 | "THREATENING" HIM..AS "RETALIATION" FOR "FILING GRIEVANCE" OF
11-8-05.AS "RETALIATION"."DUE PROCESS""ACCESS TO COURT"..

3

4 | 23..DEFENDANTS "DE LA TORRE" ALONG WITH "RYAN" MALICIOUSLY"SUPPRE-
SSED" PLAINTIFFS "WITNESSES STATEMENTS" MADE ON 11-27-05..INWHICH
WHICH "CLEARED" PLAINTIFF OF ANY AND ALL WRONGDOINGS AGAINST C/O
5 | "ESPINOZA".."WITNESS "CLARK" STATED "ESPINOZA" "LIED" ON PLAINTIFF..

6 | 24..DEFENDANTS "REID""MCMAHAN""ESPINOZA" DID "WILLFULLY""INTRODUCE"
"FALSE""MISLEADING" ALLEGED "NEW EVIDENCE" AFTER CAPTAIN "COTA"
7 | "RELEASED PLAINTIFF OF ALLEGED "THREATENING""ESPINOZA" ON 11-30-05..
INWHICH PLAINTIFF KEPT IN "SEGREGATION" FOR "45" DAYS AND FOUND
8 | "NOT GUILTY" AND CHARGES "DISMISSED"..OF 11-27-05..AS "RETALIATION"..

9 | 25..ON 11-30-05 OFFICER "RAMIREZ" WAS APPOINTED "I.E." FOR THE
ALLEGED CHARGE OF 11-27-05 "THREATENING""ESPINOZA" DID "WILLFULLY"
10 | REFUSE TO "INTERVIEW" PLAINTIFFS REQUESTED "WITNESSES" IN VIOL-
ATION OF "WOLFF V MCDONNELL"WITH MALICE" AFORETHOUGHT..INWHICH HE
11 | STATED HE WAS WORKING FOR "SENIOR HEARING OFFICER" "NOT PLAINTIFF"..
(BRADY V MARYLAND" VIOLATED)
12 | 26..ON 11-30-05 "DE LA TORRE" "WILLFULLY" PRESENT "FALSE AND MIS-"
LEADING STATEMENTS" ON "I.E." REPORT AS TO VERIFICATION OF THE
13 | ALLEGED "INCIDENCE" OF 11-27-05..AS "RETALIATION""DUE PROCESS"..

14 | 27..DEFENDANT "CLUCK" FAILED TO DO HIS DUTY AS A "PEACE-OFFICER" TO AN
"ACCURATE" ACCOUNT OF "INCIDENCE" OF 11-27-05..WHEREAS ALLOWED
15 | PLAINTIFF TO BE "MALICIOUSLY SEGREGATED" OF 11-27-05..AS WELL AS
WHEN REQUESTED "STATEMENTS" BY PLAINTIFF OF 11-30-05 BY "I.E."
16 | REPORT TO "RAMIREZ"..AS "RETALIATION" "DUE PROCESS""CODE OF SILENCE"..

17 | 28.."DE LA TORRE" DID "WILLFULLY" "THREATEN" PLAINTIFF WITH "SEGRE-
GATION" ON 3-30-05 WHEN BEING "INTERVIEWED" ON "602 APPEAL"INWHICH
18 | STATED TO PLAINTIFF AFTER REFUSING TO "DROP 602, GRIEVANCE" WAS
"WILLFULLY" TOLD TO "LOCK UP" NOW OR BE "SEGREGATED AS IT WAS 7;00
19 | P.M..""NOT 8:00 P.M..APPEAL WAS "NEVER LOGGED" AS APPEAL NEVER HEARD
OR "LOGGED AS "ONGOING RETALIATION" AS "HERNANDEZ" HAD "NOTICE"..
20
21 | 29.."DE LA TORRE" "ESPINOZA""MCMAHAN""RYAN" ON 11-27-05 DID"WILLFUL"
LY" UNDER PRACTICE, CUSTOM, POLICY, UNDER "HERNANDEZ""COWAN""CONTI-
RERAS" AIDED AND ABETTED BY "MCMAHAN" DID ALLOW THESE "FALSE" CHA-
22 | RGES OF 11-27-05 FOR "FINANCIAL GAIN" TO "FILL" THE "600" PRISONER
"SEGREGATION" FOR "PROFIT"..INWHICH PLAINTIFF HAS BEEN TO "TWICE"
23 | THIS YEAR FOR TOTAL OF "120" DAYS ..ON 8-9-05 PLAINTIFF "APPEAL"
WAS "DISMISSED" IN "PART"..AFTER SERVING "75" DAYS IN "SEGREGATION"
24 | AND ON 11-27-05 THE CHARGES "DISMISSED" AFTER SERVING "45" DAYS IN
"SEGREGATION" WITH "INJURIES"..AS "RETALIATION" FOR "PRIOR LAWSUIT"..

25 | 30..FROM 11-27-05 PLAINTIFF WAS "DENIED""MEDICATIONS" FOR "CHOLEST-
OROL" BY "DR. BROMERICH" IN "AD SEG" WHEN REQUESTED UNTIL RELEASE
26 | FROM "SEGREGATION" ON 1-13-06..AS SHOWING "RECKLESS DISREGARD""DE-
LIBERATE INDIFFERENCE" FOR "SERIOUS MEDICAL" NEEDS.. AS "RETALIATION"
27

28

Count 3:  The following civil right has been violated: "DUE PROCESS" Retaliation"
"CONSPIRACY" to "DEPRIVE of PROPERTY" under "3190".

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

1st, 5th, 8th & 14th

Supporting Facts:  [Include all facts you consider important to Count 3. State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

ON 10-4-06 AFTER "FALSE CHARGES" of 9-29-06 Plaintiff was "Retaliated" by Set "Dittman" on "FALSE WRITE-UP" WHEREAS under "PROGRAM failure" title 15 Art "3000" states "2 "SERIOUS WRITE-UPS in) "6 months" MUST RELINQUISH ALL "PERSONAL PROPERTY" "Radio "TELEVISION" "FANS" ECT under "3190".

AS upon "ORDERS" of "Dittman" Plaintiff was "WILLFULLY" "WRITTEN)-UP" of 10-4-06 by "GUARD SORIANO" on "FALSE WRITE-UP" for Allegedly Refusing to "Double Cell" before" Classification" to "Double Cell" Living under Allegence "O D # 85 As this "OPERATIONAL PROCEDURE" went into effect AFTER "WRITE-UP" ON 12-1-06.

"WRITE-UP" of 9-29-06 "DISMISSED" on 1-18-07 based upon "TESTIMONY" of "WITNESS PRINCE" WHOM was Also "Retaliated" AN "SEGREGATED" DURING Plaintiff SEGREGATION of 9-29-06 "NO CHARGES" FILED on "MR PRINCE" on "WRITE-UP AS IN) Retaliation for "TESTIMONY" IN) this matter.

"NEXT PAGE"

§ 1983 SD Form
(Rev. 2/05)

10

| SHORT TITLE: | CASE NUMBER: |
|---|---|

_____     CAUSE OF ACTION—General Negligence     Page __6__
(number)

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff (name): JIMMIE STEPHEN - M. "BETTAN"

alleges that defendant (name): SORIANO, PITTMAN, SANCHEZ, STOUDLL.
HERNANDEZ, HUTTMAN, KING..

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff "CONSPIRACY to NEGRUE of PROPERTY UNDER "3190"
on (date): 10-4-06                of 10-4-06." WILLFUL "2" WRITEUPS IN "6" MONTHS.
at (place): RT DONOVAN        ONGOING "NEGLIGENT RETALIATORY" PRACTICES..
(description of reasons for liability):        of 8-9-05. AND 10-4-06..

ON 10-4-06 PLAINTIFF WAS NEGLIGENTLY "WRITTEN-UP" BY "SORIANO" UNDER ORDERS of "PITTMAN" AND APPROVED BY "SANCHEZ" UNDER AUTHORITY of "HERNANDEZ" FOR ALLEGED REFUSING A CELLMATE IN SEGREGATION of 9-29-06 WHEREAS "SORIANO" STATED UNDER OPERATION PROCEDURE # 85 PLAINTIFF HAS NO CHOICE of CELLMATES DISCOVERY WAS NEGLIGENTLY DONE BY CO "KING" of 10-4-06. BY "NEGLIGENCE" AND "GUILT"..

UPON RELEASE FROM "SEGREGATION" of 1-18-07 PLAINTIFF NEGLIGENTLY PLACED IN CELL WITH "E.O.P." PATIENT FOR 3 WEEKS IN VIOLATION of POLICY, RULES, REGULATIONS, ect..

PLAINTIFF WAS FORCED to RELINQUISH "CCCMS" STATUS BASED UPON NEGLIGENT WILLFUL ACTS of 10-4-06 AND 1-18-07 UNDER APPROVAL SUPERVISION of DR "HUTTMAN"..

OP # 85 APPROVED of 12-1-06 WAS NOT IN EFFECT 10-4-06.. PLAINTIFF WRITTEN-UP FOR POLICY NOT IN EFFECT.. OR NOTICE of "NO CHOICE of CELLMATES" UNDER OP # 85..

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form

CAUSE OF ACTION—General Negligence

THOMSON
WEST

CCP 425.12

11

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____

_____

_____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

1. " 3RD LEVEl EXHAUSTED " of 9-29-06 & 10-4-06..

2. " WRITE-UP DISMISSED " of 9-29-06..

12



**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s): "Willfully" Controlling Plaintiff Right to "Earn" monies" for 28, USC, 1915 "filings" as Denied Right to work "P.I.A." at CMC w/then) Working "PIA" at Donovon on "Non-Adverse" Transfer of 3-27-07 for "Access to Court".

    2. Damages in the sum of $ 500,000 .

    3. Punitive damages in the sum of $ 2,000,000 .

    4. Other: Total $2,500,000 plus 10% Interest...

**F. Demand for Jury Trial**

    Plaintiff demands a trial by ☒Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

    In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| ☒ Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |
|---|---|---|

2-6-08

Date

_Chuy Stephen_

Signature of Plaintiff

13

PAGES #14-21- COPY of "3RD LEVEL REVIEW" & "DISMISSAL" of 9-27-06
ADMITTING Lost of "200 PAGES" LEGAL DOCUMENTS" AND
"PRESCRIPTION EYEGLASSES" AND "DUCAT" STATING RECEIVED
REPLACEMENT "7" MONTHS LATER..
AS DONOVAN HAS A "PATTERN" of DELAYING" EYE-
GLASSES"..."WILLFULLY"..

PAGE #22    .. COPY of "WRITE-UP" of 11-27-05 AS "DISMISSED"..

PAGE #23    .. COPY of "ORIENTATION PROCEDURE" of 12-1-05 WHEN
WRITTEN-UP of 10-4-C

PAGES #24-29 .. COPY of "T.B." DIAGNOSIS TESTS to "33" FROM
ARRIVAL ONE YEAR PRIOR of "21." AS WELL AS
"DECLARATIONS" of PRISONERS WHOM CONTRACTED "TB"
AT DONOVAN..

PAGE #30    .. COPY of "DECLARATIONS" of the "DENIAL" of BASIC
RIGHTS AT DONOVAN. DENTAL. MEDICAL. YARD. ECT

PAGES #31-33 .. COPY of 9TH CIRCUIT "ORDER" DATED 1-11-95
by PLAINTIFF AS SHOWS "PATTERN" of ABUSE" by USDC
COURT AND "PATTERN of "MEDICAL" DENIAL by "CDCR"..

PAGE #34 .. "RETALIATION" BASED UPON PLAINTIFF "INVOLVEMENT"
for "JUSTICE" for "JOHN YOUNG" MURDERED by GUARDS..

**EXHIBIT**

13-A

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    AUG 0 9 2007

In re:    Stephen, C-56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0614718          Local Log No.: RJD 06-1311

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  It is the appellant's position that on September 29, 2006, in the Central Library Correctional Sergeant Armenta, Correctional Officers Bravo, C. Lira, M. McCurty used unauthorized force on him during an attack they provoked. He requests an investigation into this incident; to receive the names of all inmates and staff present at the scene; and to have criminal charges filed due to staff misconduct.

**II    SECOND LEVEL'S DECISION:**  The reviewer found that an appeal inquiry was conducted into the appellant's complaint. Supervisory staff completed the inquiry, notified the appellant upon completion, and notified him of the inquiry's findings at the Second Level of Review (SLR). The appeal was partially granted at the SLR.

**III    DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

  **A.    FINDINGS:**  Upon review of the documentation submitted, it is determined that the staff complaint has received the required review.

  In the event that staff misconduct is substantiated, the institution will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. In this case, the institution has reported the conclusion of the inquiry to the appellant.

  Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

  **B.    BASIS FOR THE DECISION:**
  California Penal Code Section: 832.5, 832.8
  California Code of Regulations, Title 15, Section: 3004, 3268, 3371.1, 3391

  **C.    ORDER:**  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
        Appeals Coordinator, CMC
        Appeals Coordinator, RJD

*14*

● ● Attachment E   2/21/06

State of California

# Memorandum

Date : March 26, 2007

To : Stephen, # C56483
F1-05-204
Richard J. Donovan Correctional Facility

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # RJD-2-06-1311**

**APPEAL ISSUE:** The inmate alleges that on September 29, 2006, at approximately 1900 hours while sitting behind a typewriter in the Law Library he was surrounded by Correctional Officers and was attacked resulting in injuries being suffered.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒    PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on December 11, 2006 by Correctional Lieutenant G. Savala and stated that you were attacked by Correctional Officers I. Bravo, C. Lara M. McCurty and Correctional Sergeant Armenta. You also allege that you lost your prescription glasses and legal property. The following witnesses were questioned: Ms. Simon, Central Librarian, Correctional Officers Bravo, Palencia, McCurty, Lira and Correctional Sergeant Armenta. The following information was reviewed as a result of your allegations of staff misconduct: CDCR 3014, CDCR 837, Use of Force Critique #RJD-CEN-06-09-0592 and CDCR 7219.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

S. Armoskus/_____        4/18/07
Chief Deputy Warden                                    Date                     15

304 TO RECORDS ON: _____

STATE OF CALIFORNIA

# RULES VIOLATION REPORT   REFER TO INCIDENT REPORT #RJD-CEN-06-09-0592

DEPARTMENT OF CORRECTIONS
(574)

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | LIFE | RJDCF | F3-15-136U | F3-06-574 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(c) | FORCE & VIOLENCE | BATTERY ON A NON-PEACE OFFICER ROUTINE USE OF FORCE | CENTRAL LIBRARY | 09/29/06 | 1840 HRS |

CIRCUMSTANCES

On Friday, September 29, 2006, at approximately 1840 hours, while performing my duties as a Librarian in the Central Library, Inmate STEPHEN, J., C-56483, F3-15-136U, requested approval for copies to be made of several documents. I examined the documents and discovered an altered/falsified diploma among other documents. I told STEPHEN that I would not approve copies to be made of the fraudulently altered diploma. While handing it back to him, I said, "I can write you up for this." He shouted back, "Go ahead and write me up then!" I instructed him to hand the document back to me, but he instead began to stuff it into his legal folder. I reached out to pull the paper from his hand, but he hit my hand, and forcefully pushed my right hand away to prevent me from doing so. I pressed my alarm, and Officer I. Bravo arrived and ordered STEPHEN to get up out of the chair and turn around to allow handcuffs to be placed on him, with negative results. Instead of complying with orders, STEPHEN suddenly reached into a box that was at his feet. Officer Bravo wrapped both arms around the inmate's upper torso and used his body weight and strength to forcefully place him on the floor with the assistance of Officer C. Palencia who had also responded to the Library and observed Officer Bravo struggling with Inmate STEPHEN. Inmate STEPHEN further resisted by holding his arms tightly under his body, twisting ...

MHSDS: CCCMS

(CIRCUMSTANCES CONTINUE)   PAGE 1 OF 2

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ E. SIMON, Librarian | 10-12-06 | Central Library | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ | 10-12-06 | 9-29-6 | LOC. |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | B | 10/3/06 | ▶ G. PEDERSON Facility 3 Captain (A) | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 10/13/06 | 1030 | |
| ☐ INCIDENT REPORT LOG NUMBER: 0592 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer on 1-14-07 at 1800 hours for hearing of RVR Log# F3-06-574.   MHSDS: CCCMS, and no CDC-115X was processed.      The hearing was held in Administrative Segregation.
**SA was** not assigned per CCR 3315(d)(2)(A)1,2,3; the inmate is not illiterate, is english speaking, issues are not complex GPL of I/M is above 4.0 and he does not require a confidential relationship in preparing his defense.
**DA REFERRAL:** Hearing not postponed pending da referral, as noted by the inmates signature on the 115A.
The inmate stated he was in good health and did not object to proceeding with this hearing.
He was advised of the charges and the purposes of this hearing, and acknowledged receipt of the 115, 115A, 115C, 24 hours prior to this hearing.      The inmate received his first copy of the RVR within 15 days of discovery, and the hearing was not held within 30 days of the issuance of the RVR, therefore all time constraints were not met.
**IE waived** by the inmate as noted by the inmate's signature on the 115A.
**WITNESSES:** Were requested, but subsequently waived by the inmate, as noted by the inmate's signature on the 115A.
**I/M PLED: NOT GUILTY**, stating, "I did not do anything."

HEARING CONTINUES ON PART-C page 1 of 2

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) E. Garza, Lieutenant | SIGNATURE ▶ | DATE 1/14/07 | TIME 1800 |
| REVIEWED BY: (SIGNATURE) ▶ E. Marrero, Facility Captain | DATE 1-16-07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ E. Contreras, Associate Warden | DATE 1/16/07 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

CDC 115 (7/88)

16

DATE:                    December 13, 2006

NAME:                    STEPHEN

CDC #:                   C-56483

APPEAL LOG #             RJD-2-06-01311

APPEAL DECISION          PARTIALLY GRANTED          **FIRST LEVEL REVIEW**

**APPEAL ISSUES:**          You allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of correctional officers entered the library and without any provocation attacked you. You identified the officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses.

**APPEAL RESPONSE:**          In reaching a decision on this issue, a thorough review of your appeal has been conducted. The applicable sections of the California Code of Regulations (CCR), Title 15, the Department Operations Manual, Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592.

On Monday December 11, 2006, Correctional Lieutenant G. Savala interviewed you regarding your appeal issues. During your interview, you allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of Correctional Officers entered the Library and without any provocation attacked you. You identified the Officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses. Your only request was that you be awarded damages, which was clarified with you by myself, Lieutenant Savala, to mean money.

Officers Lira, McCurty, Bravo, Sergeant Armenta, Inmate Prince V-80747, and Ms. Simon, the Central Librarian, were interviewed. Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include the Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592, were thoroughly reviewed. The information gathered from all these resources indicates you battered Ms Simon, the Central Librarian, when she attempted to retrieve a document as you were attempting to forge your name as the recipient of a" CERTIFICATE OF ACHIEVEMENT" for " Legal Assistant/Paralegal Civil & Criminal Law." She activated her personal alarm, and responding staff arrived. You were still seated at a desk. Officer Bravo ordered you to stand up and turn around so that he could place handcuffs on you. You did not comply with the legal order given to you. Instead, you reached into a box causing Officer Bravo to fear for his safety. He responded by using physical force on you. Officer Palencia and Officer McCurty assisted Officer Bravo in overcoming your resistance, effecting custody, and gaining compliance with the lawful order. They used the minimal amount of force required, which is evident by the injuries you sustained; an abrasion to your shin, as noted on your CDCR 7219. Sergeant Armenta and Officer Lira arrived after the force had been used. Officer Lira's involvement in this incident consisted of him escorting you to the Treatment Triage Area.

Based on the aforementioned, this appeal is Partially Granted at the First Level of Review because I could not account for the legal property or the glasses you claimed you lost during this incident.

G. Savala
Correctional Lieutenant

12-14-06
DATE

12-22-06

17



PRIORITY DUCAT                    DATE:        4/17/2007
VALID. DURING HOURS OF ASSIGNMENT
FAILURE TO SHOW CAN RESULT IN A CDC 115
CDC#: C-56483   Name: Stephen              Room: 1119X
PASS TO                    GLASSES EAST
REASON                    Nurse, Medical App't
    TIME                         8:00 AM
JobInfo/Note A-QD/DN/RM 0600-0900/1100-1300/1700-1900/Mon/Tue
>> S. Time Given During Absence From Assignment <<

18

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**

CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region

1. _RJD_    Log No. 1. _04-1553_    Category _Medical_

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-----------------|
| JIMMIE STEPHEN | C#56483 | LAUNDRY | 13-113 UP |

**A. Describe Problem:** APPEALING THE FACT THAT IVE REQUESTED TO SEE "OPTOMETRIST" FOR APPROXIMATELY "9" MONTHS HERE AT R.J. DONOVAN CORR. FACILITY WITH OUT RESULTS..THEREFORE DEPRIVING ME ACCESS TO LIFES NECESSITIES AS FAR AS VIEWING IS CONCERNED.AND LIFES LUXURIES OF VIEWING OR READING THINGS IN LAW LIBRARY TO HELP ME FIGHT MY CONVICTION ECT..THEREBY FURTHER "INJURING" PETITIONER..WITH MALICE AFORETHOUGHT..MY "EYES" HAVE GOTTEN WORSE SINCE IVE REQUESTED TO BE SEEN TO A POINT OF NEEDING"SURGERY"AS I PRESENTLY WEAR "BIFOCALS" AND HAVE BEEN TOLD "SURGERY WOULD BE DOWN THE ROAD..IN MY FUTURE.

If you need more space, attach one additional sheet.    TITLE 15 ART "3350""3350-2"..

**B. Action Requested:** "OUTSIDE" TREATMENT AS R.J. DONOVAN HAS NEGLECTED THIS PROBLEM TOO LONG..AND TO VERIFY WHETHER "SURGERY" IS AN OPTION..AS CONSTANT EYE HEADACHES,RUNNY EYES, ARE SOME OF THE SYMPTONS..AS WELL AS "BLURRED" VISION..NEEDING IMMEDIATE ATTENTION.

Inmate/Parolee Signature: _Jimmie Stephen_    Date Submitted: _8-27-04_

**C. INFORMAL LEVEL** (Date Received: _10-3-04_ )

Staff Response: _You must be refered by your facilee physician if he or she feels that youre condition warrants an "outside" evaluation the referal will be prepared and scheduled._

Staff Signature: _D Peugre HCAII_    Date Returned to Inmate: _10-5-04_

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_My Problem is Everyday Seeing correctly without Limitations Here at R.J. Donovan, Per Past 11 Months now ongoing, since Around November 2003.. An Outside Optometrist is on the seeing Optometrist, Doctors Here, It's not my Call,, But I'm Requesting._

Signature: _Jimmie Stephen_    Date Submitted: _10-22-04_

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

19

OPTOMETRIST

Location: Institution/Parole Region    Log No.    Category

seen on 11-27-06

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals be taken for using the appeals procedure responsibly.

NAME Jimmie Stephen    NUMBER C56483    ASSIGNMENT AD-SEG    UNIT/ROOM NUMBER 6-227 L

A. Describe Problem: ON 10-5-06 I WAS REFERRED to SEE "OPTOMETRIST" for PRESCRIPTION EYE glasses based on Willfully Destroying of mandatory Reading Device called EYEGLASSES of 9-29-06. LIBRARY. WAS told it WOULD TAKE 2 WEEKS. Its been a month HAVENT SEEN "OPTOMETRIST". AS C/O TANSEY RETRIEVED 10 YEAR OLD EYEGLASSES from PROPERTY on 10-20-06. OUT DATED.

If you need more space, attach one additional sheet. "ESTELLE v GAMBLE" 429. US. 97 (1976)

B. Action Requested: ① ACCESS to Right to READ AND DO LEGAL WORK without STRAINING & HEADACHES.
② Any OTHER RELIEF.

Inmate/Parolee Signature: Jimmie Stephen    Date Submitted: 10-31-06

C. INFORMAL LEVEL (Date Received: 11-3-06)

Staff Response: You were seen by the optometrist on 9/12/06 and are currently pending to be scheduled to see the optometrist again. And therefore your request is granted in that you will be seen by the optometrist for glasses

Staff Signature: _____    Medical Appeals Analyst    Date Returned to Inmate: 11-21-06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

" Came to Segregation on 9-29-06 "

SAW OPTOMETRIST 11-27-06

Signature: APPEAL DENIED 12-4-06    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

20

State of California  Department of Corrections

# Memorandum

**Date:** January 6, 2005

**To:** STEPHEN, J., C-56483
Richard J. Donovan Correctional Facility at Rock Mountain

**Subject:** SECOND LEVEL APPEAL RESPONSE LOG NUMBER: <u>RJD 04-1553</u>

<u>ISSUE:</u>

It is the inmate/patient's position that he should receive "outside" treatment for his vision problems.

<u>INTERVIEWED BY:</u> L. Raupe, Health Care Appeals Coordinator, on December 27, 2004.

<u>REGULATIONS:</u> The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3084.4. Appeal System Abuse.**
(d) Lack of cooperation. An appellant's refusal to be interviewed or cooperate with the reviewer shall result in cancellation of the appeal.

On December 27, 2004 the inmate/patient was given an opportunity for interview regarding his appeal issue. The appellant was asked if he has made his request through his facility physician, which is the procedure for specialty referrals. The Inmate Stephen chose not to answer the question. In fact he got up and walked out of the interview. Due to the inmate/patient's lack of cooperation the appeal has been cancelled. It should be noted that the interviewer observed that the inmate/patient had no difficulty ambulating through the interview area, around the "wet floor" signs and around the chair, through the doorways, etc.

DECISION: The appeal is <u>cancelled.</u>

STEVEN RITTER
Chief Medical Officer/Health Care Manager
Richard J. Donovan Correctional Facility at Rock Mountain

Signed by
Co-Program
35 Days later



Program
Rec'd 2/11/05

21

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

ATE OF CALIFORNIA

| C NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | ST. | | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|---|
| -56483 | STEPHEN, J. | (1) | | | AJDCF | F3-14-129U | F3-05-718 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|---|
| R 3005(c) FORCE & VIOLENCE | THREATENING STAFF | | | F3 H/U#14 | 11-27-05 | 1945 hrs. |

RCUMSTANCES

e Sunday, November 27, 2005, at approximately 1945 hours, while performing my duties as H/U #14 Floor Officer, during
e 1945 hour unlock, I notified I/M STEPHEN, J., C-56483, F3-14-129U that his status was A2-B. I/M STEPHEN then became
gitated and began stating to me, "That was stupid." I then clarified with him what my expectations were for inmates
ho were A2-B status and he stated, "You have been fucking with me from the beginning." I then said to him that how
as I messing with you, If I verified through the Program Office his status. At this point I/M STEPHEN had a ball-point
n his right hand and held it in such a way that made me believe he may use it as a weapon. I took a step back,
nsecured my MK-p Oc Spray Strap and told I/M STEPHEN to settle down and he said, "Fuck you, you'll get yours."
repeated my instructions for him to settle down and he backed up and went in his cell. After 1945 hours unlock was
mplete I began checking my unit cell by cell to verify all A2-B's, C1-A's and C/C inmates were in their cells. While
assing Cell #129 where I/M STEPHEN lives, he again made threats as before with a ball-point pen held in his hand in an
ggressive manner. I notified Program Sgt F. Delatorre who arrived and placed I/M STEPHEN in handcuffs and then was
scorted to the Fac.3 Program Office by Yard Staff. Inmate STEPHEN is aware of this report and was Medically evaluated
y Fac.3 Medical Staff.

| MSDS: | | | | | |
|---|---|---|---|---|---|
| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S | |
| ▶ M. Espinoza, Correctional Officer | | 11-28-05 | H/U #14 Floor Officer | | |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
| ▶ F. Delatorre, Sergeant | | 11-28-05 | 11-27-05 | LOC. | |
| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | D | | ▶ A. Bracamonte, Facility Captain | | ☐ HO ☐ SHO ☐ SC ☐ FC |
| ☑ SERIOUS | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☑ CDC 115 | ▶ | 11-28-05 | 1045 | 7219 Medical Report | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer (SHO) on 12-20-05 at 1035 hours, for hearing of
RVR LOg #F3-05-668. The hearing was held in Administrative Segregation. MSDS: CCMS, but the inmate's mental health
status was not a factor in the charges or the disciplinary process. SA was not assigned per CCR 3315(d)(2)(A)1,2,3;
The inmate is not illiterate, is English speaking, the issues are not complex, GPL Score is above 4.0, and he does not
require a confidential relationship in preparing his defense. The inmate acknowledged he was in good health and did n
object to proceeding with this Hearing. He was advised of the charges and the purposes of the hearing, and acknowledg
receipt of the 115, 115A, 7219 Medical Report, 24 hours prior to this hearing. (I/M STEPHEN also acknowledged IE).
The inmate received his first copy of the RVR within 15 days of discovery and the hearing was held within 30 days of
the issuance of the RVR, therefore, all time constraints were met. IE WAS ASSIGNED. The issues are not complex, how
the inmate's housing status did preclude his evidence gathering, and additional information was necessary for a fai
hearing. C/O R. Ramirez was assigned on 11-30-05 and the report was taken into consideration by the SHO.
WITNESSES: Requested, but subsequently waived by the inmate, as verified by the inmate's signature on the 115A.
INMATE PLED: NOT GUILTY, stating, "I did not threaten him. I did not threaten him.

HEARING CONTINUED ON PART C page 1 of 2

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | | | | |
| C.P Franco, Lieutenant | DATE | | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| REVIEWED BY: (SIGNATURE) | | | | | | |
| ▶ A. Bracamonte, Facility Captain | DATE | | ▶ P.A Cowen, Associate Warden | | DATE | TIME |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | | | | |

CDC 115 (7/88)

22



RICHARD J. DONOVAN CORRECTIONAL FACILITY
AT ROCK MOUNTAIN
SAN DIEGO, CALIFORNIA

Date: December 2006



I.      **PLAN NUMBER AND TITLE:**

Operational Plan #85
Single/Double Cell Procedures

II.     **PURPOSE AND OBJECTIVES:**

A.      The purpose of this plan is to establish policies and procedures for single/double celling of inmates.

B.      The objectives of this plan are to:

1.      Define responsible staff.

2.      Outline responsibilities by staff member.

III.    **REFERENCES:**

A.      California Code of Regulations, Title 15, Sections 3278, 3286, 3375 and 3377.

B.      Department Operations Manual, Chapter 62000, Subchapter 62010, Section 62010.4.3.2.

C.      Informational Bulletin 99/4.

D.      Memorandum from D. Tristan, Deputy Director, Institutions Division, of August 21, 1998, Subject: Housing Criteria for Single Cell Status.

E.      Management Inquiry Audit for in-cell assaults.

IV.     **APPROVAL AND REVIEW:**

A.      This operational plan is to be reviewed annually during the month of December by the Associate Warden, Housing Facilities 2/4 and Reception Center (RC) Records.

B.      This plan and any revision to it must be approved by the Warden prior to its implementation.

C.      Date of last review: April 2005.

 23

ME and NUMBER

STEPHEN, JIMMIE

CDC NUMBER: C56483

CDC 128-C CDC-128-C

R.J. Donovan Correctional Facility
F31300000000105U

## ANNUAL TB CHRONO
## TB SKIN TESTING

DISTRIBUTION

CENTRAL FILE: ☐
MEDICAL FILE: ☒
INMATE: ☒

INMATE TB ALERT CODE  21

*Larry Lyle D.O*

L.N. LYLE, D.O., M.S.,  DIRECTOR, PUBLIC HEALTH @ RJDCF

05-04-2005

TE

MEDICAL—PSYCHIATRIC—DENTAL

24

IE and NUMBER

CDC-128-C

C56483

STEPHEN    JIMMIE

R.J. Donovan Correctional Facility
F31300000000105U

**TB CHRONO**

**TB SKIN TESTING/ EVALUATION**

DISTRIBUTION

CENTRAL FILE: ☐
MEDICAL RECORD: ☐
INMATE: ☒

INMATE TB ALERT CODE    33

*Larry Lyle DO*

L.N. LYLE, D.O., M.S.,  DIRECTOR, PUBLIC HEALTH @ RJDCF
MEDICAL—PSYCHIATRIC—DENTAL

05-17-2005

25

COU 8

DATE:                    August 23, 2006

NAME:                    STEPHEN

CDC #:                   C-56483

APPEAL #:                06-00763

APPEAL DECISION:         PARTIALLY GRANTED          **FIRST LEVEL REVIEW**

APPEAL ISSUE:            Living Conditions

APPEAL RESPONSE:

In reaching a decision on this issue, a thorough review of your appeal has been conducted.

On Wednesday, August 23, 2006, on or about 1310 hours, I met with you in your workplace (PIA Laundry) to discuss your appeal.  The appeal indicated dissatisfaction with the ventilation and the disapproved personal electric fans.  I explained to you that I do not have the authority to give or take away personal electric fans.  However, I did explain the ventilation system and how it functioned.  I also told you that when the electric fans arrive, two floor fans will be issued to Housing Unit 15 along with two oscillating fans (wall-mounted).

Therefore, based on the aforementioned information, your appeal is PARTIALLY GRANTED based on limited authority at the First Level of Review.

ROBERT EDWARDS
Chief Engineer

M. HAWTHORNE
Associate Warden
Business Services

26

All information on this form should be typewriter printed. Retain an extra copy for your own record. Answer all applicable questions in the proper spaces.

Case 3:08-cv-00788-BTM-JMA    Document 1    Filed 04/28/2008    Page 35 of 82

# REQUEST FOR SENATE INVESTIGATION

(SHORT TITLE)
Nicholas Noussias -vs- Robert Hernandez, Warden, Richard J. Donovan Corr. Fac.

(Complainant by full name, address, and telephone )
Nicholas Noussias CDCR#D-46818
P.O.Box 799003
San Deigo, Ca 92179-9003

(Complaint directed to a Member of the California State Senate)

Senator (full name and address): Gloria Romero
Joint Committee on Prison Construction and Operations
Attn: Chairperson
State Capitol, Room 400, Sacramento, California 95814-

Place where the complained of issues originate:

City: San Diego        County: San Diego        State: California

Describe the nature of your complaint briefly. You must state facts, not conclusions. Failure to allege sufficient facts will result in the denial of review. A rule of thumb to follow is: who did exactly what, when, and where. (If available, attach declarations, relevant records, court transcripts, or other documents which may support your claims.) Type in single line-space in the area provided below. Use additional pages if necessary.

I am currently incarcerated at the State prison known as the Richard J. Donovan Correctional Facility located in San Diego. I am housed on Facility Three, Building Fifteen. My housing unit consists of one-hundred one-man cells currently housing two men per cell. I am alleging the ventilation system currently in place in my housing unit as well as all other cell housing units in RJDCF are in inadequate for the human needs for which the system was designed. Since my incarceration at R.J.D.C.F., I have been experiencing respiratory difficulty, nose bleeds, etc., which I have not experienced prior to my incarceration at RJDCF. I sent requests to the prison's chief engineer for repair or replacement of the system with no positive results. I can submit physical proof that the ventilation system allows foreign matter into the cells breathed by myself and other prisoners. Utilizing a food server hair net, I have been able to catch the foreign material which partially consists of dead insects, what looks to be black ash, and other unidentifiable foreign material.



27

Explain in what regards this matter should be brought before the State Senate

I believe that in order to correct the inadequate ventilation system, the whole system will have to be rebuilt, possibly with a hepa-filtration type system to insure that the health of the prisoners of RJDCF are protected. Such action will require the appropriation of funds which I believe would be the province of a senate sub-committee on corrections. Moreover, before such funds can be appropriated, an investigation will have to be conducted to determine the veracity of my allegations.

---

Have you brought this complaint to the attention of anyone, or to any officials, office or agency? If yes, please state when, to whom, and to where you brought these concerns, and what, if anything, was done about the issues complained of.

I am attempted to informally resolve this matter by contacting Robert Edwards the Chief Engineer of plant operations at RJDCF with no response. I then instituted an administrative grievance to address this matter. The afore-mentioned documentation is attached hereto. The administrative grievance is currently pending final level of review in Sacramento.

---

The above information must be accompanied with a true (original) signature of the complainant, dated and attested to pursuant to the penalty of perjury, as follows. Complaints submitted which are not signed or dated will not be considered whatsoever.

I, the undersigned say: I am the complainant in this matter. I declare under the penalty of perjury under the laws of the State of California that the foregoing allegations and statements are both true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Dated this ____12th____ day of ____June , 2006____ . at ____San Diego____ , California

Date:

_____
Signature of Complainant

28

## "AFFADAVIT"

I AM A PRISONER AT R.J. DONOVAN CORRECTIONAL FACILITY
LOCATED AT 480 ALTA ROAD..SAN DIEGO CALIFORNIA..92179..I
UNKNOWINGLY CONTACTED THE "TUBERCULOSIS GERM" WHILE DOING
TIME HERE AT R.J.D..THESE TESTS ARE "MANDATORY" REQUIRED
AND DONE "YEARLY"..AS A "MUST"..I HAVE NOT "REFUSED" NOR
HAVE I "MISSED" A TEST..TO DETERMINE "POSITIVE OR NEGATIVE"..

ON LAST TEST DONE SEVERAL MONTHS AGO "2005"..I TESTED
"POSITIVE"..AS AM CONTRIBUTING THE "OVERCROWDING""DENIAL OF
ADEQUATE DOCTORS""PROPER SCREENING PROCESS" TO CURTAIL "NEWLY"
INFECTED PRISONERS WHOM CARRY THE "CONTAGIOUS T.B."THAT IS
SPEAD "AIR BORN"..AS THIS IS "INJURY" WITH "SIDE-EFFECTS"..
TRUE AGAINST FRAUD OR PERJURY

(NAME)          (SIGNATURE)          (NUMBER)          (HOUSING)

DATE 7-10-05

| (NAME) | (SIGNATURE) | (NUMBER) | (HOUSING) |
|---|---|---|---|
| Byron, Petry | Byron Petry | I76352 | 13-149 |
| Jimmie Stephen | Jimmie Stephen | C56483 | 13-105 |
| Alfred Yancy | Alfred Yancy | V-61195 | 12-230 up |
| Washington, Ahmad | | V85965 | 14-142 Law |
| Dale E. Faikes | | D-52585 | F-3-13-105-L |

29

"SUPERIOR COURT OF CALIFORNIA"

"DECLARATION"AFFADAVIT"                    8-8-05

I DO SWORE UNDER PENALTY OF PERJURY AND FRAUD THAT THE
STATEMENTS IN THIS DOCUMENT IS TRUE TO BEST OF KNOWLEDGE..I
AM HOUSED AT THE "DONOVAN STATE PRISON" AT:480 ALTA ROAD SAN
DIEGO CALIFORNIA..92179..AND THE "OVERCROWDING" HAS AFFECTED
MY TIME, BY "DENIAL"OF"PRIVILEGES","RIGHTS" GUARANTEED BY THE
CONSTITUTION.."WEEKEND YARD""SHOWERS" ECT.."RECREATION"..AS
WELL AS "EXERCISE"..MAINLY "WEEKENDS" WHEN GUARDS DO NOT WANT
TO WORK,SINCE 22-1-05 "ONGOING"..THE "RIGHT TO BE FED" IN
PROPER EATING FACILITY IS DENIED, DEPRIVED..OR ALLOWED THE
"15" MINUTES TO EAT AS REQUIRED BY LAW..THE "OVERCROWDING"
HAS CONTRIBUTED TO "MAIL DELAY""FEEDING DELAY"LAW LIBRARY"
DELAY"DELAY IN CLASSIFICATION"BE SEEN BY COUNSELOR" BUT WHEN
TIME TO GO TO"WORK IN "P.I.A." EVERYTHING IS ON TIME..AS WELL
AS "ADEQUATE MEDICAL""DENTAL".."ONGOING".. SINCE 11-7-04..AS
WELL AS OTHER "ONGOING INJURIES"..
TRUE AGAINST FRAUD OR PERJURY

| NAME | SIGNATURE | NUMBER | HOUSING |
|------|-----------|--------|---------|
| Jimmie Stephen | Jimmie Stephen | C56483 | 13-105 |
| Eugene S. Williams | E.S. | C-28060 | 3-13-210 |
| DONALD HILL | Donald Hill | D-34185 | 3-13-104 |
| Michael Hampton | Mike Hampton | P20333 | 3-13-137 |
| James L. Thomas | James L. Thomas | K-99017 | F-3-13-130 |
| Ty Pulido | Ty Pill | C-95215 | 13-101 |
| Keith Craine | | J-65474 | 3-13-130 |
| Wilson, Michael | | J-04156 | F3-13-108 |
| Dale E. Shafer | | D-52585 | F-3-13-105-6 |
| Frederick Conrad | | V-27375 | F3-B11-146 |
| JERRY REIBER | Jerry Reiber | P-91779 | 3-13-220 |
| Jones, H. | | E-83779 | 3-13-120 |
| CLARK. G.D. | | E55102 | Fac III-12-24 lower |
| Harold Gunn | | BJ321 | FR3 u |
| Sonnie Richardson | | P01288 | 12-247 |
| Whitfield I. | | P60441 | Fac 3 |

30

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN. 1 1 1995

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMMIE EARL STEPHEN, | No. 94-56041 |
| Plaintiff-Appellant, | D.C. No. CV-94-932-JNK |
| v. | |
| K. W. PRUNTY, Chief Deputy Warden, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Judith N. Keep, Chief Judge, Presiding

Submitted December 19, 1994**

Before:   SNEED, D.W. NELSON, and TROTT, Circuit Judges.

Jimmie Stephen, a California state prisoner, appeals pro se the district court's order dismissing on res judicata grounds his 42 U.S.C. § 1983 action alleging medical indifference to serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

In his complaint, Stephen alleged that prison officials and medical staff deprived him of "any and all medical necessities of life by their wrongdoings as to their actions from 3-3-94 and ongoing."  The district court dismissed the complaint on res

---

*     This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**     The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

31

judicata grounds, finding that the complaint raised issues that had been litigated and decided in a prior action.

We review de novo the district court's dismissal on res judicata grounds. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir. 1993).

Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions. See Nevada v. United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), cert. denied, 113 S. Ct. 970 (1993). The plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. See Duncan v. United States (In re Duncan), 713 F.2d 538, 541 (9th Cir. 1983).

Here, we disagree with the district court that Stephen's complaint raised issues that had been litigated in his previous section 1983 action. Stephen's prior action alleged that prison officials at Calipatria state prison had been deliberately indifferent to his serious medical needs between 1992 and 1993 because they failed to prescribe him specific medications or otherwise failed to properly diagnose and treat his sinus problem. In the present action, Stephen alleges that prison officials at Calipatria state prison have denied him "any and all" medical care since March 1994 in retaliation for Stephen's previous lawsuits against prison officials. Because Stephen's claims in this action involve injuries and wrongs that allegedly occurred subsequent to

- 2 -

32

the injuries involved in his prior action, the district court erred by dismissing Stephen's action on res judicata grounds. <u>See</u> <u>id.</u>[1]

**VACATED and REMANDED.**



A TRUE COPY<br>CATHY A. CATTERSON<br>Clerk of Court<br>ATTEST<br><br>FEB - 3 1995<br><br>by: _____<br>Deputy Clerk

---

[1]    We deny Stephen's motion to consolidate this case with Appeal Nos. 94-55626 and 94-55655.

33

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

March 28, 2005

Jimmie Stephen, C-56483
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA  92179

Dear Mr. Stephen:

The Office of the Inspector General has received your correspondence postmarked February 8, 2005.  In your letter, you allege inmate John Young, T-71261, was murdered by correctional staff.  Additionally, you allege your property was confiscated, and you site problems with your trust account.

A limited inquiry was conducted into the homicide of inmate Young, and it was determined that an investigation is currently being conducted by another agency; therefore, it would be inappropriate for our office to intervene at this time.

As for your property and trust account issues, we determined that these issues could be more effectively addressed through a general approach rather than individually.  Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint.  Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist.  We believe that in this way we can provide the greatest benefit to you and others who have been affected.  We have therefore included your concerns in our computer database for further review and analysis.  If we conduct an audit or investigation of the issues you raise, you may be contacted later.

Meanwhile, we encourage you to continue to try to use available administrative remedies, such as the CDC-602 inmate/parolee appeal process.  If you have questions about the process or the status of your appeal, please contact your correctional counselor for advice and assistance.

Thank you for bringing your concerns to our attention.

Sincerely,

REGIS LANE
Deputy Inspector General

RL:vh:05-0011704-01

32.
*Arnold Schwarzenegger, Governor*

39

Jimmie Stephen, C56483
P.O. Box 8101
San Luis Obisbo, CA 93409-8101

PAGES # 1-39..
EXHIBIK # 1-3..

Court of United States District
State of California-Northern

No CASE # _____

JIMMIE STEPHEN
        PlAINTIFF

        v

GUARD "BRAVO"
Et AL DEFENDANTS

"IMMINENT ENDANGER"
EXCEPTION..
28 USC 1915
"Ashley v Dilworth" 147.f.3d.715 (8th 1998)

        PlAINTIFF JIMMIE STEPHEN IN the ENTITLED ACTION
STATES by EXHIBIK AND COMPLAINT that A "PATTERN" EXIST
to DEPRIVE of Constitutional RIGHTS "WITHOUT" "MISCONDUCT" AS
WELL AS DENIAL of "DENTAL" EGG AS WELL AS PIA "Job WITTEN" (EXHIBIK # 1-3)
"TRANSFERRED" Non ADVERSE of 3-27-07.. WORKED "PIA" AT
Donovan LAST PRISON of TRANSFER. "MAIL TAMPERING "LEGAL MAIL"
        "IMMINENT DANGER EXCEPTION" SATISFIED with
LIKLIHOOD of IMMINENT SERIOUS PHYSICAL INJURY" 1st 5th 8th & 14th..
AS FAILED to PROVIDE "ADEQUATE MEDICAL CARE" ONGOING..
        TRUE AGAINST FLAND or RETURN

DATE 2-6-08                    SIGNATURE [signature]

EXHIBIT #1

CARE of DENIAL of Right to "PARTIALS" by DELAY ELF at CMC MII DONOVAN SHOWING "DELIBERATE INDIFFERENCE" RECKLESS DISREGARD.

"IMMINENT DANGER"
"EXTENTION SATISFIED.

AS PRIORITY 2 ARE to be IMPLEMENTED WITHIN "120" DAYS. this IS DENIED. DELAYED ETC.

FAILURE to PROVIDE "ADEQUATE MEDICAL DENTAL" "CARE" ONGOING.

2

DE HOXIE

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

on: Institution/Parole Region
1. CMC-E
2. _____

Log No. 07-1748
1. _____
2. _____

Category
medical

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| JIMMIE STEPHEN | C56483 | NA | A-1/49 |

A. Describe Problem: I WAS TOLD MY TEETH WOULD BE "FIXED" ELT IN timely MANNER Around July AS "PRIORITY II", but this HAS "FAILED" to OCCUR. BASED upon "OVERCROWDING" LACE of "DENTISTS" ect.. for this Constitutional violation under Court ORDER

AS SEEN on an "EMERGENCY" SEVERAL SHEETS ABO.. IN which I APPRECIATE.. NOW "Partials" Priority has been Requesting OVER "2 YEARS"..

If you need more space, attach one additional sheet.    "PEREZ V TILTON" N.D.Cal #C-05-5241

B. Action Requested: (1) "TEETH" BE "REPAIRED" forthwith. In A timely PROFESSIONAL MANNER
(2) DAMAGES

Inmate/Parolee Signature: _Jimmie Stephen_          Date Submitted: 7-23-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:



JUL 2 6 2007

CMC APPEALS OFFICE

3

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

BYPASS

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                    Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: JUL 2 6 2007   Due Date: SEP 07 2007
☐ See Attached Letter

SEP 0 5 2007          SEP 0 5 2007

Signature: R Meyers MD Hem              Date Completed:  SEP 0 6 2007
Warden/Superintendent Signature: _____ CMC APPEALS OFFICE   Date Returned to Inmate:

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

The Denial of Adequate Tooth Repairs, Partials "Crowns" by Dental of D.O.C. Has been Reckless, and Deliberate Disregard for 8th Amen-ment Rights whereas the Caused Pain & Suffering for Over 18 years Since 6-6-89 Upon Arrest and Conviction as no Right Lower teeth to Eat on.. Known by Dentists Here at CMC

Signature: _____ Date Submitted: 9-6-07

For the Director's Review, submit all documents to: Director of Corrections
                                                    P.O. Box 942883
                                                    Sacramento, CA 94283-0001
                                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☐ See Attached Letter

Date: DEC 0 4 2007

CDC 602 (12/87)

#5  4

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 0 4 2007

In re:    Jimmie Stephen, C56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA  93409-8101

IAB Case No.: 0708017          Local Log No.: CMC-07-01748

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position he was informed his teeth would be repaired in a timely manner, as he was classified as a Dental Priority Code (DPC) 2; however, alleges this has yet to occur based upon overcrowding and a lack of dental staff. The appellant is requesting for his teeth to be repaired in a timely and professional manner; and, damages.

**II   SECOND LEVEL'S DECISION:** It is the institution's position the appellant was interviewed by a panel of three dentists who determined he was triaged on May 8, 2007. At that time, the appellant was classified as a DPC 2. On June 13, 2007, the appellant was triaged for a new and separate dental issue, which was resolved via treatment on June 19, 2007. According to the appellant's Unit Health Record, he was categorized as a DPC 2, and received dental treatment in a timely manner. The appellant was also advised he would continue to receive treatment as a DPC 2 patient.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A. FINDINGS:** The appellant contends he has not received dental intervention is a timely manner after being categorized as a DPC 2, Interceptive Care, treatment within 120 days of diagnosis and DPC classification. These allegations are refuted, as the appellant has received timely and professional dental intervention as mandated by the Perez vs. Tilton Stipulated Agreement. The appellant was triaged on May 8, 2007, and was categorized as a DPC 2; however, on June 13, 2007, the appellant was triaged for a separate dental issue which was resolved via treatment on June 19, 2007. The appellant is advised the awarding of monetary compensation is beyond the appeals process ,and will not be addressed at the Director's Level of Review (DLR). The California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical personnel shall be permitted to diagnose illness and/or other conditions, and prescribe medical treatment for inmates. It is not appropriate to self-diagnose medical problems and expect a physician to implement the appellant's recommendation for a course of medical treatment. In this particular matter, the appellant's contention that he has not received adequate medical care is refuted by the medical records and professional health care staff familiar with the appellant's medical history. After review, there is no compelling evidence that warrants intervention at the DLR, as the appellant is receiving dental intervention within the timelines mandated by the Perez vs. Tilton Stipulated Agreement.

   **B. BASIS FOR THE DECISION:**
   CCR: 3350, 3354, 3355.1

   **C. ORDER:** No changes or modifications are required by the Institution.

If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the Board of Control), Governments Claims Unit, P.O. Box 3035, Sacramento, CA  95812-3035, for further review.

JIMMIE STEPHEN, C5648█
CASE NO. 0708017
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
       Health Care Manager, CMC
       Appeals Coordinator, CMC
       Medical Appeals Analyst, CMC

State of California

California Men's Colony

Department of Corrections and Rehabilitation

# MEMORANDUM

| | | |
|---|---|---|
| **APPEAL RESPONSE LEVEL** | : | SECOND LEVEL |
| Date | : | Wednesday, August 29, 2007 |
| To | : | STEPHEN, Jimmie |
| CDC# | : | C56483 |
| APPEAL LOG # | : | CMC-E-07-01748 |
| ISSUE APPEALED | : | DENTAL |

**INTERVIEW:**
You were interviewed by a panel of three dentists on 08/23/07, regarding this appeal.

**PROBLEM / DESCRIPTION:**
STEPHEN, Jimmie C56483: In your written appeal signed 07/23/07, you state you would like your teeth fixed in a timely manner and partials made.

**RESPONSE:**
Your Unit Health Record (UHR) was reviewed and you were interviewed by a panel of three dentists, regarding this appeal. The panel found that you were seen by triage on 05/08/07 and categorized as a priority #2 patient. At your triage appointment on 05/08/07, you had requested partials and your teeth to be repaired. On 06/13/07, you were triaged for a new and separate dental issue which was resolved via treatment on 06/19/07. According to your UHR you have been properly categorized as a priority #2 patient and you have been receiving treatment in a timely manner, you will continue to be provided dental care as a priority #2 patient.

**APPEAL DECISION: PARTIALLY GRANTED**

R. Meyers, MD
Health Care Manager

8/26/29/07
Date

7



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

|  | Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|---|
|  | 1. | CMC-E | 1. 07-2884 | medical |
|  | 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Stephen | NUMBER C-86483 | ASSIGNMENT | UNIT/ROOM NUMBER 1149 |
|---|---|---|---|

A. Describe Problem:

See attached

If you need more space, attach one additional sheet.

B. Action Requested:

See attached

Inmate/Parolee Signature: _____ Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

DEC 3

CMC APPEALS OFFICE

CDC Appeal Number:

RECEIVED DEC 0 5 2007

8

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

BYPASS

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                              Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

_____

_____

Signature: _____ Date Submitted: _____

Second Level  ☐ Granted  ☑ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: DEC - 3 2007    Due Date: JAN 16 2008

☑ See Attached Letter

                                            DEC 1 9 2007

Signature: R. MEYERS, M.D., HEALTH CARE MANAGER _____ Date Completed: DEC 1 9 2007

Warden/Superintendent Signature: _____ CMC APPEALS OFFICE _____ Date Returned to Inmate: DEC 2 0 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

---------------------------------------------------------------

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                    Date: _____

9

State of California                                                    Department of Corrections and Rehabilitation
California Men's Colony

# MEMORANDUM

| | | |
|---|---|---|
| **APPEAL RESPONSE LEVEL** | : | SECOND LEVEL |
| Date | : | December 14, 2007 |
| To | : | STEPHENS, JIMMIE |
| CDC# | | C56483 |
| APPEAL LOG # | : | CMC-E-07-02884 |
| ISSUE APPEALED | : | DENTAL |

INTERVIEW:

You were interviewed on December 13, 2007, by a panel of three dentists, regarding this appeal.

PROBLEM / DESCRIPTION:

Stephens, Jimmie C-56483: In your written appeal signed November 28, 2007, you state that you were willfully denied, deprived "right to eat" on right side of mouth based upon refusal to allow "partials" etc. "braces, implants". You are unable to chew food properly based upon lack of teeth. You are requesting partials, braces, crowns, composite fillings, cleaning, preventative care, medications, and upper and lower partials.

RESPONSE:

Your Unit Health Record (UHR) was reviewed and you were interviewed by a panel of dentists regarding this appeal. On May 8, 2007 you were triaged for an examination and given a Dental Priority Classification 2 (DPC2). On June 13, 2007 you were triaged as needing a stainless steel crown on tooth #18. On June 19, 2007 you received a stainless steel crown on tooth #18. On August 23, 2007 you were interviewed in regards to an appeal, and then you were seen on December 4, 2007 for the same reason, in which you complained that you had not been seen yet. You also refused your triage evaluation. While reviewing your appeal the dentists used the applicable Policy & Procedures along with your UHR to consider your complaint. It has been determined that you were correctly screened by the dentist and that you were given a higher priority classification than was required while demonstrating care and concern for your welfare. Inmates are treated according to their Dental Priority Classification and in chronological order.

You have been scheduled for an examination to determine your overall dental needs. You are on the appropriate priority list and will be seen in chronological order according to your Dental Priority Classification. If your dental issue changes, (i.e. severe pain, infection) you should contact the Dental Clinic by filling out a CDC 7362 Health Care Services Request Form via the triage nurse in your yard.

APPEAL DECISION: PARTIALLY GRANTED

_____                                    12/17/07
R. Meyers, MD                                              _____
Health Care Manager                                        Date

RE-CAT

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**·REASONABLE MODIFICATION OR**
**, ⎿OMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| CMC-E | 07-2884 | 18, ADA |

Medical

*NOTE:*  THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Jimmie Stephen | C56483 | NA | | A-1/49 |

   In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.
   You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.
   Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.
   If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.
   To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.
   Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.
   If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

### MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

Wilfully Denied, Deprived "Right to Eat" on Right side of mouth based upon Refusal to Allow "Partials" ect. Bences "Implants".

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

Documents from Dentists at RJ Donovan since Requested of 5-1-05, Ongoing "Deliberate Indifference Reckless Disregard".

DESCRIBE THE PROBLEM:

Unable to Chew food properly based upon lack of Teeth, based upon CDC for Past 20 years Refusal to Allow "Crowns" to Preserve "Good Teeth" since 6-6-89 ect., Teeth "Gums" Receeding "Discoloration" ect., with Potential "Gum Disease" ect.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

"Partials" Bences "Crowns" Composite Fillings "Cleaning" Preventive Care, Medications" "Upper & Lower Partials"

| _Jimmie Stephen_ | DEC 3 2007 | 11-28-07 |
|---|---|---|
| INMATE/PAROLEE'S SIGNATURE | CMC APPEALS OFFICE | DATE SIGNED |

71

"Citizen Complaint" "DR "LEE"" ●

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

PC· 832.5

Location: Institution/Parole Region _____ Log No. _____ Category _____

1. _____    1. _____    _____
2. _____    2. _____    _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Jimmie Stephen | C-56483 | AD-SEG | 6-227-L |

A. Describe Problem: There IS An Ongoing Practice, custom, Policy, to Deny, Deprive of Effective Dental Treatment Here At RT Donovan As on 11-30-06 DR LEE A Known INFERIOR Dentist whom IN Past Recommended "Extraction" of Front "teeth" the SAME As DID IN Past IN 2004 on Bottom Front 4 teeth. When Loose SAme As my #7 tooth And my #9 WAS INjured in 1970 who uses this to cover-up "facts" for "Dental Treatments" ECT.. When

If you need more space, attach one additional sheet. Cauity At Gumline Now "teeth Are Strong

B. Action Requested: (1) "Investigation" into "Reckless Disregard" And "Deliberate Indifference" of "Dentist Lee" As well As Hiring Practices of these INFERIOR Personnel.
(2) "Root CANAL", CAUity CHECk below Gumline. 22

Inmate/Parolee Signature: Jimmie Stephen    Date Submitted: 11-30-06

C. INFORMAL LEVEL (Date Received: 12-15-06    ) Partially Granted

Staff Response: Dr. Antoguia Chief Dental Officer interviewed Inmate Stephen C-56483 on 02/09/07. Inmate Stephen must complete a full mouth exam before he can obtain Partial Dentures. All Non-restorable teeth must be removed prior to making a Partial Denture. Please See CDCR 7478 Full and Partial Denture Agreement.

Staff Signature: MCarti llo    RDA    Date Returned to Inmate: 02/26/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

12

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

11-30-06

AS IN 2004 DR LEE MISDIAGNOSED 4 LOOSE FRONT TEETH AS NEEDING "EXTRACTION" AS SEEMS IS HIS "ONLY" DIAGNOSIS... WILLFULLY...

AS THE 4 FRONT TEETH ARE NOW "TIGHTER" THAN ALL MY TEETH WE DR LEE NEGLIGENT MALPRACTICE DELIBERATE INDIFFERENCE RECKLESS DISREGARD... WILLFULLY... TITLE 18 ART 3021 FALSIFICATION OF RECORDS DOCUMENTS

AS ON 11-30-06 DR LEE REFUSED TO EXAMINE LEFT BACK TOOTH AS IS THE "ONLY" BACK TOOTH PLAINTIFF THAT PLAINTIFF (CAN EAT ON)...

AS PLAINTIFF SHOWED "HAS NO BACK "PAIN" "SIDE TEETH" TO EAT ON)..."LEE" IGNORED RELIEF.

IGNORED BY "LEE" ON 11-30-06...
BASED UPON ONGOING PRACTICE OF E.T. DAROUGH AND PRIOR "DIAGNOSIS" BY DENTIST "MILLIREN" A DEFENDANT FOR DENIAL OF CONSTITUTIONAL RIGHTS WILLFULLY "3021" EC...

<u>"HUNT J DENTAL DDS"</u> 865, F217, 1987 (9th 1989)
<u>"ESTELLE J GAMBLE"</u> 97, S.Ct 285 (1972)

TRUE AGAINST FRAUD A PERJURY

13

11-30-06



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

Dear Sir/Madam:

I am writing in response to your letter we recently received from you, in which you raise dental concerns. In previous correspondence with you, our office sent you a packet of information regarding the *Perez* dental care class action lawsuit.

Once you exhaust your administrative remedies, we will be happy to review your exhausted appeal and Director's Level Response to determine whether we can advocate on your behalf under *Perez*. However, until then, we are unable to assist you with your concern.

We wish you the best.

Sincerely,

The Prison Law Office



Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



| Dental Services | Division of Correctional Health Care Services |
|---|---|

| DENTAL TREATMENT PRIORITIES | | ELIGIBILITY" |
|---|---|---|
| **PRIORITY LEVEL** | **DESCRIPTION OF NEED** | |
| **Emergency Care:** Immediate Treatment | Inmates requiring treatment of an acute oral or maxillo-facial condition, which is likely to remain acute, worsen, or become life threatening without immediate intervention. | All inmates are eligible for Emergency Care regardless of length of incarceration or oral health self-care. |
| **Priority 1A – 1C** Urgent Care: | | All inmates are eligible for Priority 1 Care regardless of length of incarceration or oral health self-care. |
| 1A: Treatment within 24 hours. | Inmates with a dental condition of sudden onset or in severe pain, which prevents them from carrying out essential activities of daily living. | |
| 1B: Treatment within 30 days. | Inmates requiring treatment for a sub-acute hard or soft tissue condition that is likely to become acute without early intervention. | |
| 1C: Treatment within 60 days. | Inmates requiring early treatment for any unusual hard or soft tissue pathology, (e.g., acute ulcerative necrotizing gingivitis, severe localized or generalized periodontitis). | |
| **Priority 2** Interceptive Care: Treatment within 120 days. | Advanced caries or advanced periodontal pathology requiring the use of intermediate therapeutic or palliative agents or restorative materials, mechanical debridement, or surgical intervention. | Inmates must have over 6 months remaining to serve on their sentence within a CDCR institution and are eligible for Priority 2 Care regardless of oral health self-care. |
| | Edentulous or essentially edentulous, or with no posterior teeth in occlusion. | |
| | Moderate or Advanced Periodontitis requiring non-surgical deep scaling and Root Planning procedures, (see Chapter 2.4 *Periodontal Disease Program*). | |
| | Chronically symptomatic impacted tooth requiring removal or specialty referral; surgical procedures for the elimination of pathology; or restoration of essential physiologic relationships. | |
| **Priority 3** Routine Rehabilitative Care: Treatment within one year. | An insufficient number of posterior teeth to masticate a regular diet (seven or fewer occluding natural or artificial teeth), requiring a maxillary and/or mandibular partial denture; one or more missing anterior teeth resulting in the loss of anterior dental arch integrity, requiring a transitional anterior partial denture. | Inmates must have over 12 months remaining to serve on their sentence within a CDCR institution and must meet oral health self-care requirements as specified in Chapter 2.13 *Facility Level Dental Health Orientation/ Self-Care*. |
| | Carious or fractured dentition requiring restoration with definitive restorative materials or transitional crowns. | |
| | Gingivitis or Mild Periodontitis requiring routine prophylaxis. | |
| | Definitive root canal treatment for non-vital, anterior teeth, which are restorable with available restorative materials. The inmate's overall dentition must fit the criteria in Chapter 2.9 *Endodontics*. | |
| | Non-vital, non-restorable erupted teeth requiring extraction. | |
| **Priority 4:** No Dental Care Needed | Inmates not appropriate for inclusion in Priority 1, 2, 3, or 5. | |
| **Priority 5:** Special Needs Care | Inmates with special needs (see Chapter 4.5, *Dental Authorization Review Committee* for methods of recommending treatment). | All inmates with special needs are eligible for Priority 5 Care regardless of length of incarceration or oral health self-care. |

* Treatment to be provided within the specified timeframe, from the time of completion of the dental triage.

" Eligibility determined by length of incarceration and level of oral self care.

STATE OF CALIFORNIA
**DENTAL PROGRESS NOTES**
CDCR 237-C (Rev. 04/06)

DEPA...ENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| RESTORATIONS AND TREATMENTS (Completed during incarceration) | SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|
|  |  |
| REMARKS | REMARKS |

Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 1 | 2 | 07 | X | S: S/c cc  I have a loose tooth and I would like a partial.  Formal 602 interview. Pt points to tooth #7. | | |
| | | | | O: HQP (chld 1/2/07, taking atenolol, HCTZ, lopostatin (sp?)) #7 CL III mobility #9 CL III mobility, #10 CL II mobility, #24 #25 CL II mobility, advanced boneloss, PA #7 taken | | |
| | | | | A: #7 #10, nonrestorable, generalize advanced periodontitis | | |
| | | | | P: 1) O.S ext #7 #10 (pt refuse ext) 2) prosth eval for partial | | |
| | | | | E: pt inf. pt refuse to sign treatment today. | S. LEE, D.D.S. Staff Dentist | S_ DDS RJDCF |

DRUG ALLERGIES?
☒ NO   ☐ YES

DENTAL PROGRESS NOTES

CDCR NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIRTH

STEPHEN JIMMIE

7-18-52

16

**Prior to each treatment, the De[■]t must review the health history, n[■]anges or specify no change; and use S.O.A.P. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 2/10/06 | S: | " My tooth needs to be filled." "I need to get my teeth prepared for partials" Pt points to #18. | |
| | ✗ | O: HQR (dated 2/10/06). NC. 1PA taken #18 #18 broken amalgam & DB cusp. F caries, cervically on MB. #6,26,28 F caries, #11 D leaking | |
| | | A: #18 Restorable | |
| | | P: #18 oper. ② Panorex. | |
| | | E: Pt informed. OHI given both oral & written | |
| | 18 | Tx: 2 carps 2% Lidocaine w/1:100,000 epi Removed DO Alloy & F caries Placed DOB comp. using etch, primer, adhesive & 3M Z100 comp. checked occl. C. Fronsdel DDS RJDCF | |

**DRUG ALLERGIES?**
☑ NO   ☐ YES

**DENTAL PROGRESS NOTES**
CDC 237C (1/00)

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Stephen, Jimmie
C-56483
7/18/52

12

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA   DEPARTMENT OF CORRECTIONS AND REHABILITATION

## DENTAL PROGRESS NOTES
CDCR 237-C (Rev. 04/06)                                                    Page 1 of 2

| RESTORATIONS AND TREATMENTS (Completed during incarceration) | SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|
| *[dental chart diagram]* | *[dental chart diagram]* |
| REMARKS | REMARKS |

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 7 | 19 | 06 | #7 | S. pt presents with pain last 3 days - points to tooth #7 | | |
| | | | | O. PA #7 Man. dtd 7/19/06  NKWA | | |
| | | | | #7 class III mobility., Perc +++ | | |
| | | | | Perio pocketing  Em + | | |
| | | | | A #7 Perio compromised  perio abcess | | |
| | | | | P 1.) Xo #7 | | |
| | | | | E. Pt inf + Pt Agrees | | |
| | | | | TX  500 mg  Pen V-K x 30 tabs | | |
| | | | | 800 mg  Ibu.prof x 10 tabs | | |
| | | | | N.V.  Xo #7 | | |
| | | | | | | |
| | | | | | | |

DRUG ALLERGIES?
[✓] NO   [ ] YES

DENTAL PROGRESS NOTES

CDCR NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIRTH

C-56483

Stephen

18

STATE OF CALIFORNIA
**DENTAL PROGRESS NOTES**
CDCR 237-C (Rev. 04/06)

DE___ __MENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| RESTORATIONS AND TREATMENTS (Completed during incarceration) | SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|
|  |  |
| REMARKS | REMARKS |

**Prior to each treatment, the Dentist _must_ review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 11 | 30 | 06 | | S: SLcc: I have a loose tooth #9. pt points to tooth #9. | | |
| | | | | O: HxP (dtd 11/30/06, taking lovastatin for cholesterol), #9 discolored, Cl III mobility, advanced boneloss, visual exam | | |
| | | | | A: #9 nonrestorable, advanced periodontitis | | |
| | | | | P: 1) O.S ext #9 (pt refuse) | | |
| | | | | E: pt inf. #9 needs ext. | | |
| | | | | | | S Lee |
| | | | | | | RJDCF |
| | | | | | (2) | S. LEE, D.D.S. Staff Dentist |

**DRUG ALLERGIES?**

☑ NO   ☐ YES

**DENTAL PROGRESS NOTES**

CDCR NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIRTH

STEPHEN JIMMIE
C56483
7-18-52

19

**Prior to each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 04 06 05 | #29 | S "MY TOOTH HURTS EVER SINCE FILLER (PTS TO #29) ESP. BITING DOWN | |
| | | O HHR T3 NKDA? CHECK N.V.  (1)PA #29. PERCUSS +++ | |
| | | A #29 WIDENED PDL NON-RESTORABLE NEEDS XO | |
| | | P I/m DECLINED TX TODAY. WANTS TO POSTPONE | |
| | | EXTRACTION. OFFERED TX TODAY. I/m REFUSED. | |
| | | NO REQUEST FOR PAIN MEDS TODAY. | |
| | | E OHI TOLD I/m WOULD DUCAT WHEN HE IS READY | |
| | | FOR XO #29. ANSWERED 602.           N/C  Rodas RJD | |
| 10 7 05 | | Pt no show for 1330 priority | |
| | | ducats for today.    C. Frambel DDS RJDCF | RJDCF |
| 11 2 05 | | 602 interview | |
| | | S. PAIN DU LEFT/RIGHT Ø SWELLING Ø PAIN PRESENT sometimes @ | |
| | | O HHR (1-10-05) IPA #29. FRACTURED ALLOY + FACIAL CARIES | |
| | | A #28 GUARDED PROGNOSS. #29 NON-REST. | |
| | | P: CONSULT (L) SIDE NOT ADDRESSED @ THIS APT. | |
| | | N.V. XO #29 ?               N/C    AM PM   RJD | RJD |
| 11 4 05 | | T-2 HAN-dfg 9/16/04 NKDA Meds listed | |
| | | 4% Septocane 1:100 Reps X 3 Carp | |
| | | #29 Routine XO | |
| | | Pre + Post op insts given, consent signed | |
| | | hemostasis achd | |
| | | Rx 400 mg X 20 Tabs. | |
| | | LK Milford DDS   RJD | RJD |
| | | R Milford | |

---

**DRUG ALLERGIES?**

[X] NO    [ ] YES

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

STEPHEN

C 56483

20

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

**Prior to each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.**

| DATE OF ACTION (month/day/year) | | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 1 | 26 | 04 | S: Informed 602 interview. Pt points to tooth #11 of being sensitive. | |
| | | | O: HxPt dtd 1/26/04, NCl, #11 gingival recession, root exposure, Ø caries. visual exam. | |
| | | | A: #11 sensitivity due to root exposure | |
| | | | P: 1) No tx indicated at this time | |
| | | | Pt inf. if #11 ↑ symptoms, recommend extraction | |
| | | | | S___ DDS |
| | | | | RJDCF |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**DRUG ALLERGIES?**

☒ NO    ☐ YES

**DENTAL PROGRESS NOTES
CDC 237C (1/00)**

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

C56483
STEPHEN JIMMIE
7-18-52

*Prior to each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.*

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 1 10 05 | | S pt present " I want teeth " | |
| | | B. 2 BWS | |
| | | HOH - dtd 1/10/05  NKDA  Ø meds | |
| | | pt Missing Several Max & Mnd Posterior teeth | |
| | | being Noted Mesial # 29 | |
| | | being Noted Facial of 20 | |
| | | slight pocketing | |
| | | A  Decayed teeth 29, 20 | |
| | | Early Adult Mild perio denied by | |
| | | Missing Seven Posterior teeth | |
| | | P  1.) Fill 20 + 29 | |
| | | 2) Gross Scale | |
| | | 3) Partial Construction | |
| | | N.V. Fills 20 + 29 | |
| | | K. R. Millard MS. | K.J.P |
| 1 13 05 | | T-3 #GR - dtd 1/10/05  NKDA  Ø meds | |
| | | 4 % Septacain X 1.8 cc | |
| | | 3 % Citrost X 1.8 cc | |
| | | # 29 - MOD Ag | |
| | | N.V. # 20 | K. R. Millard MS. | K.J.P. |
| 1 14 05 | | T-3 HGR - dtd 1/10/05  NKDA | |
| | | 2 % Lido 1/100 Vep X 1.8 cc | |
| | | # 20 - DF comp  Acid etch | |
| | | N.V. eval for Partials | Dr. K. Millard D.S. MS. | K.J.P. |

Next visit requested by Patient on Form 7362 for routing treatment.

**DRUG ALLERGIES?**

☒ NO    ☐ YES

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

C 56483
STEPHEN JIMMIE
7 - 18 - 52

28

22

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

EXHIBIT 2

Copy of Denial of "DIA" at CMC has shows ongoing Pattern of Misconduct to Deprave of Necessary Monies when working DIA at Donovon on "Non-Adverse Transfer".

"Imminent Danger Exception"

when Monies Ordered in Prior 42 USC 1983 before filing Suit. And CDCR knew of Order..

23

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 13 2007

In re: Jimmie Stephen, C56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0702827        Local Log No.: CMC-07-01391

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he has been inappropriately denied a job in the Prison Industry Authority (PIA). The appellant contends that he worked in the PIA at R.J. Donovan Correctional Facility and his transfer was non-adverse. The appellant has requested to be provided with the right to work in the PIA. The appellant contends that one arson does not make a person a threat, neither does his murder conviction.

**II   SECOND LEVEL'S DECISION:** On July 5, 2007, the appellant appeared before Institution Classification Committee for his Second Level of Review (SLR). The appellant was informed that upon reviewing the appellant's central file established that the appellant was ineligible for a PIA position due to a history of arson. Review of the appellant's Criminal Identification and Information (rap sheet) indicates that he was arrested by the LAPD on May 19, 1984 for California Penal Code Section 451 Arson of Inhabited Structure/Property for which the appellant was convicted and sentenced to a seven year CDCR term. Pursuant with California Men's Colony (CMC) PIA policy, inmates with a previous arson conviction, or whose case contains the elements of arson and/or possession or use of explosive material shall be excluded from the PIA. The appellant received a conviction for an arson offense. The appellant's appeal was denied at the SLR.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The primary objectives of the correctional institutions are to protect the public by safely keeping person committed to the custody of the Director of Corrections, and to afford such persons with every reasonable opportunity and encouragement to participate in rehabilitative activities. Consistent effort will be made to insure the security of the institution and the effectiveness of the treatment programs within the framework of security and safety. The institution has taken the appropriate action and informed the appellant that based upon his prior conviction for arson he will not be permitted to obtain a job in the PIA. The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department. The appellant has failed to provide any compelling information or evidence that would warrant a modification to the decision reached by the institution. Therefore, no relief will be provided to the appellant at the Director's Level of Review.

**B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3005, 3040, 3270, 3271, 3375, 3375.2, 3376, 3377.2, 3380

24

JIMMIE STEPHEN, C5648
CASE NO. 0702827
PAGE 2

   **C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
        Appeals Coordinator, CMC

25

Exhibit # 3

Copy of 602 as to "Prison Legal" News Denial Since June 2007 by Mailroom at CMC. Showing Ongoing pattern of misconduct as was at Donovan.

as at Donovan plaintiff had over "80" legal mail documents withed up to "139 Days", Denied etc.

Appliances Confiscated at 9-16-03 when Director's memo stated not to confiscate non-clear appliances as further pattern of misconduct..

Enclosed Legal mail "Signed" for at time Date of Receiving.. as Proof of Receiving.

to Support Imminent Danger "Exiedtion"..

Right to "Single Cell" also Denied as Housed in Cells Built for one..

And Admitting by Warden of 8-15-07 as to Severe Contagious Diseases and P[r]elations at CMC.. And Severe Rules Based Upon "Non-Cell" segregator etc.. 3½ Example as to Cell Designs..

PAGE 48-B.

26

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | | Log No | | Category |
|---|---|---|---|---|
| 1. | | 1. | | |
| 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JIMMIE STEPHEN | C56483 | UA | A-1149 |

A. Describe Problem: ON OR about 10-1-07 I sent via Institution mail one "Letter to CMC- MAILROOM" Requesting my and all Information whether Received my "Prison Legal News" A subscription Newsletter.. As Havent Seen since June 2007.. As Prison Legal News of Seattle Washington State they are sending my newsletter via U.S. mail. As Access to Court Hendered by this act of Censorship..

If you need more space, attach one additional sheet. "Banns J Smith" 430, US, 817 (1977)

B. Action Requested: ① Investigation into this matter As to my Legal mail newsletter subscription..

Inmate/Parolee Signature _____   Date Submitted: 10-10-07

C. INFORMAL LEVEL (Date Received: 10-17-07)

Staff Response: Granted, several inmates are not receiving their prison legal news. we are working with the publisher to find the problem.

Staff Signature: McDaniel _____   Date Returned to Inmate: 10-17-07

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim   CDC Appeal Number: _____

OCT 24 2007

CMC APPEALS OFFICE

27



SEATTLE WA 981

**Prison Legal News**
2400 NW 80th SE #148
Seattle, WA 98117



34719 ** BLUE 6 ** EXPIRES: 12/15/2007
JIMMIE STEPHEN    C56483
CALIFORNIA MENS COLONY STATE PRISON
PO BOX 8101    A-1149
SAN LUIS OBISPO, CALIFORNIA 93409-8101

Dear *PLN* Subscriber:

We received your inquiry about a missing issue(s) of PLN. We have determined the most likely problem to be the following:

☐ We did not receive your address change in time.
☐ We did not receive your renewal in time.
☐ We did not have your current correct address.
☐ The issue had not been mailed yet at the time of your inquiry.
☐ It takes 4-6 weeks to receive the first issue of a new subscription or for a change to reflect on your label.
☒ You should be getting your subscription. If you are a prisoner check with the prison mailroom.
☐ Your subscription was pro-rated. See pg 2 of PLN for rates.

Your subscription to PLN expires on the date indicated on the mailing label on this card. Please check this label and verify that this is your correct address, and inform us if it is not.

Make-up issues are $2.50 each and are mailed first class.

2 8

$1.06 U.S. POSTAGE

PB METER 7137556

SUPERIOR COURT OF CALIFORNIA
San Diego, CA 92112-0128

LEGAL RETURN SERVICE REQUEST

Rec 12-28-05

Dated 8-2-05

139 Days 16-217c

(Lawsuit/Stephen) v Shelar

Jimmie Stephen  C#56483
P. O. Box 799003
San Diego, CA92179-9003

LEGAL NOW (Helmicz)

Stephen J Shelar LAWSUIT

RECEIVED 12-28-05
Dated 8-2-05
139 DAYS LATE

29

NOT GLUE SEALED
BUt TAPED



OPENED

"Label UPSIDE"
DOWN
WHERE NAME of court
IN SUPPOSE to "BE"
"STAMPED" Black
"INK"

JIMMIE STEPHEN C56483
2-7-23B
P.O. BOX 799002
SAN DIEGO, CA 92179-9002

J.M. 11-18-05
Citizens
Complaint

"SUPERIOR"
Court
(Label told off)
"LAWSUIT"
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
LEGAL MAIL
Received 11-19-05
DATED 11-18
"DAYS
LATE"

OPENED

30

Superior Court of California
County of San Diego
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128
DEPARTMENT 64

RETURN SERVICE
REQUESTED

PRESORTED
FIRST CLASS

JIMMIE STEPHEN
C56483
P.O. BOX799003
SAN DIEGO, CA 92179-9003

FAOPSMA 92179

Ret-27L 5
LEGAL
DATED 8-8-05
Recieved 12-21-05
133 Days Late.

31

SAN DIEGO CA 921

01 SEP '05 PM 9 L

160-0127L

F2-6-217L

Jimmie Stephen, CDC #C-56483
R. J. Donovan Correctional Facility at Rock Mountain
P.O. Box 799003
San Diego, CA 92179-9003

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA   92186-5266

LEGAL
DATED 9-1-05
Receiwed 12-21-05
110 Days Late

32



SAN DIEGO CA AUG05'05

FIRST CLASS

**DEPARTMENT OF JUSTICE**
Office of the Attorney General
110 West "A" Street, Suite 1100
San Diego, California 92101

TO

Jimmie Stephen, CDC #C-56483
R. J. Donovan Correctional Facility at Rock
Mountain
P.O. Box 799003
San Diego, CA 92179-9003

33

CHIEF, INMATE APPEALS
DEPARTMENT OF CORRECTIONS
P.O. BOX 942883
SACRAMENTO, CA  94283-0001

J. CONFIDENTIAL

32179+0002-39

FIRST CLASS

#2-6-2176
Legal
Dated 9-6-05
Recieved 12-21-05
105 Days Late

UNITED STATES POSTAGE
$ 00.600
PITNEY BOWES
02 1A
000459319
MAILED FROM ZIP CODE 95814    SEP 06  2005

34

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

Lorne.

DATED 8-5-05

RECEIVED 12-21-05

136 Days Late

35

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

Supreme Court of California
Clerk of the Court
350 McAllister Street
San Francisco, CA 94102-4797



S135222
JIMMIE STEPHEN C-56483
P. O. Box 799003
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179-9003

14-1294

36



JUL 28 05

$1.06
U.S. POSTAGE
PB METER
7137336

RETURN SERVICE REQUESTED

SUPERIOR COURT
P.O. Box 122
San Diego, CA 92112-0122

Jennie Stephen
C 56483
P.O. Box 799003
San Diego, CA 92179-9003

"LAWSUIT"

"STEPHEN U SHELARG"

"LEGAL MAIL"

DATED 7-28-05

"60" DAYS LATE

RECEIVED 9-28-05

7-2384

37

CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE
780 B STREET, SUITE 300
SAN DIEGO, CA  92101-8196

92179-5003

Legal Mail
Received 10-3-05
Dated 9-26-05
138" Days Old

Serving for Justice

SAN DIEGO, CA 921

000435382Z    SEP 26 2005
MAILED FROM ZIP CODE 92101

2-7-2380

F3-14-1294

88

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date :        **March 08, 2007**

To    :       **All Concerned**
              **A-Quad**
              **CMC-East, Facility**

Subject:      **A-QUAD INMATE CONVENIENT BED AND CELL REQUEST**

Effective immediately, all A-Quad convenient bed/cell moves will be done only on Tuesdays. Inmate(s) requesting a bed or cell move must complete a convenience bed/cell move request form. The form must include the regularly assigned (five day a week) second and third watch officer's printed name and signature for approval. All inmates involved with the potential move must appear and present the convenience bed/cell move request form to the A-Quad Program Sergeant on Tuesdays, at 1500 hours. The A-Quad Program Sergeant will interview all inmates involved with the requested move verifying their agreement. The Program Sergeant will then deliver the form(s) to the Program Lieutenant who will ultimately approve or disapprove the request. Illegible and/or incomplete forms will not be accepted. Any attempt to deviate from this directive will not be accepted.

**J.L. Cortez, Program Lieutenant**
**A-Quad-Third Watch**
**CMC East Facility**

39





2-6-08

U.S. D.C. Northern
350 McAlester St
San Francisco, Calif.

PLEASE Let me know y
Received "Complaint" ENTITLED Stephen
U Hoxie...y filed end. send CoRRect
As WELL As "Stephen U Brand"..
thank ya

Jimmie Stephen C56483
A-114A

P. O. Box 8101
San Luis Obispo, California
93409-8101

E-filing          JW

CV 08    ‾0957
                    (PR)