**FILED**

FEB 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Dear Sir or Madam:

Your complaint has been filed as civil case number **CV 08    0957**

A filing fee of $350.00 is now due. If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's In Forma Pauperis Application in its entirety. If the application is granted, you will not have to prepay the fee, but it will be taken out of income to your prisoner account in installments.

Your complaint is deficient because you did not pay the filing fee and:    **E-filing    JW**

1. ____ you did not file an In Forma Pauperis Application.    **(PR)**

2. __✓__ the In Forma Pauperis Application you submitted is insufficient because:

   __✓__ You did not use the correct form. You must submit this court's current Prisoner's In Forma Pauperis Application.

   _____ Your In Forma Pauperis Application was not completed in its entirety.

   _____ You did not sign your In Forma Pauperis Application.

   __✓__ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

   __✓__ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

   _____ Other _____

Enclosed you will find this court's current Prisoner's In Forma Pauperis Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning: YOU MUST RESPOND TO THIS NOTICE. If you do not respond within THIRTY DAYS from the filing date stamped above, your action will be DISMISSED, the file closed and the entire filing fee will become due immediately. Filing a Prisoner's In Forma Pauperis Application will allow the court to determine whether installment payment of the filing fee should be allowed.**

Sincerely,
RICHARD W. WIEKING, Clerk,

By_____
Deputy Clerk

rev. 11/07

STEPHEN



PAGES # 1-20
32 PAGS

Mr. Jimmie Stephen
C-56483
P.O. Box 8101
San Luis Obispo, CA  93409

Court of United States Dist.
State of California-Northern

Case # C08-957JW
07-6379JW

JIMMIE STEPHEN
Plaintiff

v

GUARD "BRAVO"
et al Defendants

1.. REQUEST FOR "ORDER" to "STAY"
"Transfer of Venue" in
"Northern" District of
U.S. District Court.
under 28 USC "1404-A"

2.. "Imminent Danger" "Serious"
Physical Injury. 28 USC. 1915.

Plaintiff JIMMIE STEPHEN Hereby REQUEST
by "ORDER" for "STAY" of "Transfer" of "VENUE" IN another
District from Stated court Whereas "Originally filed"
IN U.S.D.C. "Northern" State of California..
   In the "Interest" of Justice. under "1404-A"
for "Convenience of Parties" and "Witnesses"..
"Dahlberg v Harris" 916.f2d. 443 (8th 1990) ic[?]
"Biggs v Terhune" 334.f3d. 910 (9th 2004) [?]
"In RE AP Industries" 117.B.L 789 (SDN FAD).
PAGE # 16a20.. "ORDERS" Applicable even And "Venue"
                                        EXHIBITS PAGE # 4-29..

"Cost"                    Pages # 3B-C a D..

"Factors to be Considered"
in Determining Whether
"Interest of Justice" Favor
"Transfer of Venue"..

                         Pages # 4-29.

A..   Plaintiff States based upon entire "Yard Closure"
at RT Donovan from Level 3 to "Sensitive Need" Yard
of 12-1-06 Plaintiff "Witnesses" were mostly "Transferred"
to "Northern" California and "Eastern" District..

B..   "Cost of Attendance" of "Willing, Unwilling Witnesses"
at trial and "Service of Process" Providing for
more convenient forum to Place Plaintiff on Same
footage as Defendants.. to prevent waste of time
Energy, Money, and Protection against unnecessary
Inconvenience and Expense Page # 16a 29..
         As well as "Distance between Defendants" "Retaliation".

C..   "Counter" access to "Source of Proof". Protection for
Litigants, Witnesses and the Public, will Prejudice to Plaintiff
as USAL-Southern Court Are "Abusive"..

D..   "Accessibility" of Premises Involved in Litigation
Including Retaliatory Misbehavior in Persevere Complaint..
As shown in Exhibits # 4-29.. will miscarriage of Justice.

E..   "Relative Congestion" of "Court Docket" and

"Bounds J Smith" 430. US. 817 (1977). Access to court.
"Ashley J Alworth" 147. f.3d. 715 (8th 1998) Pages # 4-29..
"Imminent Danger Exception".
"Physical Serious Injure". 2

Southern District Courts
"Abuse" in this Case...
by willful Abuse".

Prospects of Trial...     Pages # 4-29.

"Van Dusen v Barrack" 376. US. 612 (1964).
Transfer of Case Proper where wrong 'Venue"..
under Judges "Discretion"..
As "28 USC. 1406" Permits "Transfer of cases"
Having "Proper Venue" but Lacking Personal Juris-
diction over Defendants..

It is "Abuse of Discretion" under "1406" to Dismiss
Case Instead of "Transfer to Proper Venue".
"Negative Influence" by Defendants on southern
District Courts Mandate "Transfer of Venue"..
where "Venue" was laid in "Wrong court" Transfer
to Proper District in "Interest of Justice" under 28
USC.1406-A was within "Discretion of District".
"Mosley v Nationwide" 485.f2d. 418 (1973)..
                                    Pages # 4-29..

"Relief Requested"

1.. "Stay" of "Complaint" "Transfer" in "Interest of
Justice" under 1404..

2.. "Request Granting" "Right to Proceed" forthwith in
U.S.D.C. Northern..

3.. Any other Relief by this Court..
        True against Fraud in Pleading
Date 2-13-08            Signature [signature]

3

"FAILURE to PROTECT"

EXHIBIT # 1

COURTS of "UNITED States District
SOUTHERN"-San Diego (Alcala) In
Has A "PATTERN" of "MISCONDUCT"
ABUSE AND "UNECESSARY Convenience"
to PlaintIFF STEPHEN "Ongoing".
        the 9th "CIRCUIT" court of Appeal
"VACATED AND REMANDED" Complaint for
"DELIBERATE INDIFFERENCE for SERIOUS MEDICAL"
NEED of 1-11-95..
        ON 4-28-95 PlaintIFF was Willfully
"Retaliation, AND ASSAULTED" by GUARDS AND SET
UP to be "MURDERED" ON 6-12-95 AND 6-13-95..
for "ACCESS to Courts AND the "Vacate AND
REMAND." "ONGOING INCONVENIENCE"
        "SEE PAGES" # 9, 10, 11, 12 a/13..

UPON "STAY of TRANSFER" is REQUESTED based
"INTEREST of JUSTICE" As WELL As "ongoing"
"MISCARRIAGE of JUSTICE".
                                3A

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN. 1 1 1995

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| JIMMIE EARL STEPHEN, | ) | No. 94-56041 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. CV-94-932-JNK |
| | ) | |
| v. | ) | |
| | ) | |
| K. W. PRUNTY, Chief Deputy Warden, | ) | MEMORANDUM* |
| et al., | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
Judith N. Keep, Chief Judge, Presiding

Submitted December 19, 1994**

Before:   SNEED, D.W. NELSON, and TROTT, Circuit Judges.

Jimmie Stephen, a California state prisoner, appeals pro se
the district court's order dismissing on res judicata grounds his
42 U.S.C. § 1983 action alleging medical indifference to serious
medical needs.  We have jurisdiction under 28 U.S.C. § 1291, and
we vacate and remand.

In his complaint, Stephen alleged that prison officials and
medical staff deprived him of "any and all medical necessities of
life by their wrongdoings as to their actions from 3-3-94 and
ongoing."  The district court dismissed the complaint on res

---

* This disposition is not appropriate for publication and may
not be cited to or by the courts of this circuit except as
provided by 9th Cir. R. 36-3.

** The panel unanimously finds this case suitable for decision
without oral argument.  Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

3.B

judicata grounds, finding that the complaint raised issues that had been litigated and decided in a prior action.

We review de novo the district court's dismissal on res judicata grounds. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir. 1993).

Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions. See Nevada v. United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), cert. denied, 113 S. Ct. 970 (1993). The plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. See Duncan v. United States (In re Duncan), 713 F.2d 538, 541 (9th Cir. 1983).

Here, we disagree with the district court that Stephen's complaint raised issues that had been litigated in his previous section 1983 action. Stephen's prior action alleged that prison officials at Calipatria state prison had been deliberately indifferent to his serious medical needs between 1992 and 1993 because they failed to prescribe him specific medications or otherwise failed to properly diagnose and treat his sinus problem. In the present action, Stephen alleges that prison officials at Calipatria state prison have denied him "any and all" medical care since March 1994 in retaliation for Stephen's previous lawsuits against prison officials. Because Stephen's claims in this action involve injuries and wrongs that allegedly occurred subsequent to

- 2 -

3C

the injuries involved in his prior action, the district court

erred by dismissing Stephen's action on res judicata grounds.    See

id. [1]

**VACATED and REMANDED.**



_____

[1]    We deny Stephen's motion to consolidate this case with Appeal Nos. 94-55626 and 94-55655.

- 3 -

3D

EXHIBIT #II..

"Carts" INTEREST of JUSTICE"
Complaints ETC..
AND "Willful INDICATE"
on U.S.D.C. SOUTHERN COURTS..

PAGE #4&5-COPY of Contesture APPLIANCES and Director
"ORDER" NOT to Contesture..

PAGE #6- MURDER of John Young of 12-28-04..

PAGE # 7&-ASSAULT on Plaintiff of 4-28-95..

(DISPUTED) PAGE #9- ATTENDATED THREAT on Plaintiff Life of 6-12-95..Willful..

(DISMISSED) PAGE #10- Willful "ATTEMPT" on Plaintiff life of 6-13-95 by GUARDS
INformant..

(DISMISSED) PAGE #11- ALLEGED STALKING on MISS Bellon of 84-05..

(DISMISSED) PAGE #12- Willful ASSAULT on Plaintiff life of 9-28-06..

(DISMISSED) PAGE #13- Willful false CHARGES of threatering Officer of 11-27-05

PAGE #14-TB test before DRAWING at Donovan 9-16-03..

PAGE #15-TB TEST of 5-1-05..INFECTION on Plaintiff

PAGE #16- PRISONERS at Donovan TESTED POSITIVE for TB..7-10-05

PAGE #17,18-REQUEST for SENATE INVESTIGATION of 10-12-06
as to "VENTILATION SYSTEM at Donovan .INFECTION
ALLEGED SOURCE and Other DEFECTS..

PAGE #19 - WILLFULLY DENIED of LIBRARY AGAINST RULES of 12-204
to 5-1-05..

PAGE #20- WITNESSES WHOM ARE WILLING to COME AND
TESTIFY AT TRIAL as to CONSTITUTIONAL Violations..

"Acts SHOW A "PATTERN of MISCONDUCT" ONLY OCCUR IN
SOUTHERN District Courts..WHEN I SPENT 3 E
4 YEARS IN PELICAN BAY from 1996 to 2000..

| | |
|---|---|
| **DATE:** | October 17, 2003 |
| **NAME:** | Stephen, J |
| **CDC #:** | C-56483 |
| **APPEAL LOG #** | 03-1222 |
| **APPEAL DECISION:** | **DENIED**        <u>**SECOND LEVEL REVIEW**</u> |

**APPEAL ISSUE:**      You are appealing the issue of not being permitted to keep your electronic appliances when you transferred to the Richard J. Donovan Correctional Facility, (RJDCF) because the only electronics accepted at the RJDCF have to have a clear secure plastic casing. Additionally, you want your appliances back or the money to replaced them.

**APPEAL RESPONSE:**      Mr. Stephen, I have received and reviewed your Inmate/Parolee Appeal Form, CDC-602, Log #03-1222. In my investigation of this issue I have found that you arrive with electronic appliances that were not in compliance with Operational Plan #2 at the RJDCF. I spoke with Central Receiving and Release Correctional Sergeant E. Vizcarra concerning this appeal. Sergeant Vizcarra states that on October 17, 2003, at approximately 0807 hours, you were interviewed by him and were offered the options of mailing home the <u>TV</u>, <u>radio</u> and <u>CD player</u>, donating the TV, radio and CD player to the State, or having them destroyed. This addendum to Operational Procedure Plan #2, Inmate Property, APPLIANCES, went into effect December 13, 2000, approved by the Warden of this institutions. The California Code of Regulations, Title 15, Article 9, Personal Property, Section 3190, General Policy, (a) states, "Warden and superintendents shall establish a list of personal property items and the maximum amount of such items an inmate may have in his or her possession within the institution."

All California institutions were notified of this change before this addendum went into effect. Regardless of what institution you were at you would have to mail the electronic appliances home if you were not in compliance. Additionally, the RJDCF policy has previously been upheld in a court of law. The Office of W. A. Duncan, Deputy Director Institutions Division, has been notified and the institution is awaiting a response from Mr. Duncan's office for clarification on the issue.

Therefore, based on the aforementioned, this Inmate Appeal is **DENIED** at the Second Level of Review.

D. M. BARNES
Chief Deputy Warden (A)

State of California

Department of Correction

## Memorandum

Date : September 19, 2002

To : Wardens

Subject : CLEAR-CASE TECHNOLOGIES

In July of 1998, the Director of the Department of Corrections authorized wardens to restrict new purchases of inmate televisions, radios, and compact disks/cassette players to clear-case technology only. The Director did not set exact timeframes when the removal of the old solid-color electronic devices would be implemented. It is expected that more definition of the aforementioned timeframes and phased removal of existing solid-color electrical devices will be included in the forthcoming Property Regulations. Therefore, inmates will be allowed to retain the old style solid-color electrical devices pending adoption of those regulations. No effort shall be made at this time to require inmates to send the solid-color electrical devices home or require they dispose of them in some way if they transfer from one institution to another. In the interim, wardens may continue the practice of requiring that all new purchases of electronic devices be of the clear-case technology.

Should you have any questions regarding this issue please contact Ron Cappel, Administrative Assistant, Institutions Division, at (916) 322-6038.

W. A. DUNCAN
Deputy Director
Institutions Division

cc:   Roderick Q. Hickman, Assistant Deputy Director, Operations and Programs
      George M. Galaza, Assistant Deputy Director, Community and Inmate Programs
      Ana Ramirez-Palmer, Regional Administrator-North
      Suzan L. Hubbard, Regional Administrator-South (A)
      E. Roe, Regional Administrator-Central

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

March 28, 2005

Jimmie Stephen, C-56483
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

Dear Mr. Stephen:

The Office of the Inspector General has received your correspondence postmarked February 8, 2005. In your letter, you allege inmate John Young, T-71261, was murdered by correctional staff. Additionally, you allege your property was confiscated, and you site problems with your trust account.

A limited inquiry was conducted into the homicide of inmate Young, and it was determined that an investigation is currently being conducted by another agency; therefore, it would be inappropriate for our office to intervene at this time.

As for your property and trust account issues, we determined that these issues could be more effectively addressed through a general approach rather than individually. Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint. Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to you and others who have been affected. We have therefore included your concerns in our computer database for further review and analysis. If we conduct an audit or investigation of the issues you raise, you may be contacted later.

Meanwhile, we encourage you to continue to try to use available administrative remedies, such as the CDC-602 inmate/parolee appeal process. If you have questions about the process or the status of your appeal, please contact your correctional counselor for advice and assistance.

Thank you for bringing your concerns to our attention.

Sincerely,

REGIS LANE
Deputy Inspector General

RL:vh:05-0011704-01

6

32
*Arnold Schwarzenegger, Governor*

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DA... | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP-CAL | D3-123L | 04-95-D08 |
| VIOLATED RULE NO(S) | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR§3005(c) FORCE & VIOLENCE | | ASSAULT ON STAFF | | D-YARD | 04/28/95 | 0650 HOU |

CIRCUMSTANCES  On Friday, April 28, 1995, at approximately 0650 hours, while performing my duties as "D" Facility Yard Officer #1, I was performing random clothed body searches on inmates exiting dining hall #2. I ordered Inmate STEPHEN, J., C-56483, D3-123L, to submit to a clothed body search. STEPHEN refused stating "You aint touching me mother fucker", and began walking away. I again ordered STEPHEN to allow me to perform the search, STEPHEN stated "Fuck you, you aint touching me. Call the sergeant over." I called Correctional Sergeant (A) G. Ellis over and advised him of the situation. Sergeant Ellis ordered STEPHEN to submit to the search. STEPHEN assumed the position with legs spread, arms out, facing away from me. As I placed my hands on STEPHENS back, he spun around, cocked his right fist and simultaneously stepped towards me. To avoid being hit, I grabbed STEPHEN with both arms around his middle torso and yelled for him to get down. STEPHEN twisted vigorously to the right and struck me twice (2) in the right eye area with his right fist. Responding staff immediately subdued STEPHEN and placed him in handcuffs. STEPHEN was escorted to the Program Office holding cell to await processing for Administrative Segregation.                      Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► M. CROFOOT, CORRECTIONAL OFFICER | 5-1-95 | -D-YARD C/O #1 | TUE/WED |
| REVIEWING SUPERVISOR'S SIGNATURE | | ☑ INMATE SEGREGATED PENDING HEARING | |
| ► G. ELLIS, PROGRAM SERGEANT | | 04/28/95 | A5-144U |
| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | D-121-150 | 5/1/95 | ► LT. C.B. Hw | | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☑ SERIOUS | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | R Bot | 5-5-95 | 2040 | | | |
| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| CAL-FDY-95-04-0176 | C. Bot | 5-5-95 | 1820 | | | |

HEARING  On May 29, 1995, at approximately 1000 hours, Inmate STEPHEN appeared before me in regard to a CDC-115, dated 04/28/95. This CDC-115 was issued to Inmate STEPHEN on 05/01/95. Inmate STEPHEN stated he was in good health and acknowledged receipt of all reports and was ready to proceed with the hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. STEPHEN elected to proceed with the hearing and not postpone pending outcome of referral for prosecution as indicated by his signature on the CDC-115A. STEPHEN was assigned Correctional Officer D. LARSON as investigative employee, per CCR 3315(d). Witness(es) were requested, and granted.

INMATE PLEA: The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN stated: "It is all lies. It was not a random search, it's all lies."

WITNESS STATEMENT: Reporting Employee Correctional Officer M. Crofoot stated: "We were searching inmates and I called out to STEPHENS and he said, 'Fuck you'. I called the Sergeant. I then started to search. I put my hands on his back. He spun around and I and I tried to take him down and he hit me twice in the right side of my face".

FINDINGS: Inmate STEPHEN was found GUILTY of violating CCR# 3005(c), specifically for ASSAULT ON STAFF. This finding was based upon the preponderance of evidence submitted at the hearing, which substantiates the charge. This evidence includes: Officer M. CROFOOT's written report. In

| REFERRED TO ☐ CLASSIFICATION ☐ BPT | (Continued on next page) | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| G.J. JANDA, CORRECTIONAL LIEUTENANT | (illegible) LT. | | 5/29/95 1000 HRS |
| REVIEWED BY (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ► R Brainard PA(A) | 5-30-95 | ► Cicero A/W(A) | 5/30/9 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | S Shine 96 | 5/31/95 | 13... |

6/1/95 DCC Confirm 150 days
LOC Affirmatity

7

CDC 115 (7/88)

## OLES VIOLATION REPOR

CALIFOR... DEPARTMENT OF CORRECTIO

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN | | | CSP/CAL | FA5-144U | 04-95-D-08 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| §3005(c) FORCE & VIOLENCE | | ASSAULT ON STAFF | | D-YARD | 04/28/95 | 0650 HOU |

(HEARING CONTINUED):

addition, the testimony of the Reporting Employee at the time of the hearing, the contents of the Investigative Report, the contents of the CDC-837 Incident Report. Also the contents of the CDC-7219 indicating that the injuries sustained by the Reporting Employee are consistent with the assault that STEPHENS committed upon him.

DISPOSITION: GUILTY. Inmate STEPHEN was assessed 150 days loss of credit(s) consistent with a Division "B" Offense. STEPHENS was Counseled and Reprimanded on future behavioral expectations. Senior Hearing Officer recommends retention in Administrative Segregation pending review by the Institutional Classification Committee, and further recommends assessment of appropriate S.H.U. term. REFER TO I.C.C. FOR CONFIRMATION OF CREDIT LOSS/DISPOSITION.

INMATE STEPHEN WAS ADVISED OF HIS RIGHTS AND PROCEDURES TO APPEAL THIS ACTION, AND ADVISED HE WOULD RECEIVE A COMPLETED COPY UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| G.J. JANDA, CORRECTIONAL LIEUTENANT | | LT. | | 5/29/95 | 1000 HR |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| | | | | 5/30/95 | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE)    c/o | | DATE 5/31 | TIME 1345 |

CDC 115 (7/88)

8

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP/CAL | FA5-121U | 06-A5-95 |
| VIOLATED RULE NO(S) | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| #3005(c) FORCE & VIOLENCE | | ASSAULT ON INMATE/SHOTS FIRED | | AD-SEG YARD 2 | 06/12/95 | 1223 HOURS |

CIRCUMSTANCES
On Monday, June 12, 1995, at approximately 1223 hours while performing my duties as
Administrative Segregation S & E   #1, I observed in exercise yard #1, Inmate PIERRO, E-72521
A5-116U, run toward Inmate STEPHEN, C-56483, A5-121U, and attempt to strike him to the
mid-torso area with his right hand, using an underhand stabbing motion, as STEPHEN moved back.
Inmate PADILLA, H-00471, A5-116L, ran toward Inmate SMITH, H-55937, A5-121L, and both inmates
began swinging both their fists, striking each other to the upper torso area.  I yelled "Weapon,
get down", and fired one (1) round from my state-issued 37mm gas gun, serial #D04742, with No.
264R baton rounds, with negative results. FIERRO ran up behind SMITH and made a stabbing motion
to his back, before kneeling down on the ground.  SMITH, who was standing over PADILLA as he sat
on the ground, repeatedly struck PADILLA with his left fist to the facial area.  FIERRO then
stood up and began moving towards SMITH, as SMITH walked toward FIERRO, and both squared off in
an aggressive stance.  Administrative Segregation Lieutenant G. SUMPTER discharged one (1)

(CONTINUED)

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ T. DIAZ, CORRECTIONAL OFFICER | | JUNE 12, 1995 | AD-SEG S & E #1 | Th/F |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
| ▶ N. PRICE, CORRECTIONAL SERGEANT | | JUNE 12, 1995 | DATE | LOC |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | A-1 181-360 | 6/22/95 | ▶ | LT | ☐ HO ☒ SHO ☐ SC ☐ |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | ▶ Pentz | 6/25 | 1800 | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| Cal-PBS-95-06-0247 | ▶ M. Fisher | 1/28 | 116 | | | | |

HEARING
Inmate STEPHEN appeared before me in regard to a CDC-115, dated 06/12/95. Inmate STEPHEN stated he was in good health,
had received copies of all pertinent reports at least twenty-four hours prior to the hearing, and was ready to proceed.
Inmate STEPHEN was assigned Officer M. Fisher as the Investigative Employee. No witnesses were requested.
INMATE PLEA:  The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN had no comment.
FINDINGS: Inmate STEPHEN was found NOT GUILTY of violating CCR# 3005(c), specifically for ASSAULT ON AN INMATE/SHOTS
FIRED. This finding was based upon the preponderance of evidence submitted at the hearing, which does not substantiate
the charge. This evidence includes: The disciplinary report clearly states that STEPHEN did not participate in the
assault. Therefore, the finding of NOT GUILTY.
DISPOSITION: This CDC-115 is being dismissed due to INSUFFICIENT EVIDENCE. Inmate STEPHEN was advised of his rights and
procedures to appeal this action. He was further informed he would receive a completed copy upon final audit by the
Chief Disciplinary Officer, who's signature will indicate an affirmation, reversal or modification of this action,
thereby constituting the First Level of review for appeal purposes.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|---|
| ACTION BY (TYPED NAME): | | | | | 07/17/95 | |
| ▶ K. HOWARD, CORRECTIONAL LIEUTENANT | | | ▶ K. Howard LT | | | |
| REVIEWED BY (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ A. TUTT, PROGRAM ADMINISTRATOR | A. Tutt P.A. | 7/19/95 | ▶ S. H. GARCIA, ASSOCIATE WARDEN   Julia Padilla Garcia AGW | | 7/25/95 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | BY (STAFF'S SIGNATURE) ▶ M. Fisher | | DATE 7/26/95 | TIME |

CDC 115 (7/88)

9

804 TO RECORDS: 61695

STATE OF CALIFORNIA
# RULES VIOLATION REPORT
DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | CSP-CAL | FA5-121U | 05-A5-95-080 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| §3005(c)—FORCE & VIOLENCE | CELL FIGHT | CELL A5-121 | 06/13/95 | 1455 hours |

CIRCUMSTANCES

On Tuesday, June 13, 1995, at approximately 1455 hours, while performing my duties as Administrative Segregation (Ad/Seg) Floor Officer #1, I heard a loud noise coming from cell A5-121, jointly occupied by Inmate SMITH, H-55937, A5-121L, and Inmate STEPHEN, C-56483, A5-121U. I observed SMITH's right arm around STEPHEN's neck, choking STEPHEN. I responded to cell A5-121 and ordered SMITH to stop fighting. SMITH then rammed STEPHEN's head into the cell door. I again ordered SMITH to stop fighting. SMITH then complied. Both inmates were then removed from their cell without further incident. Both inmates were medically evaluated by Medical Technical Assistant D. SULLINS. SMITH was then returned to cell A5-121. STEPHEN was rehoused to cell A5-225.

Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. MENDEZ, CORRECTIONAL OFFICER | 06/13/95 | AD/SEG FLOOR C/O #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ D. GOEBEL, CORRECTIONAL SGT. | 06/13/95 | DATE A5-121U LOC | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D 61-90 | 6/16/95 | ▶ | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 6/17/95 | 0925 | M/A |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | 7/15 | | M/A | | |

HEARING
On June 23, 1995 at approximately 1005 hours, Inmate STEPHEN appeared before me in regards to a CDC-115 he received on 06/23/95. STEPHEN stated that he was in good health, acknowledged receipt of all reports and was ready to proceed with this hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. Correctional Officer B. BENTLEY was assigned as the Investigative Employee. Witnesses were not requested by the inmate. The charges were read to STEPHEN who pled, NOT GUILTY.
STATEMENT OF CHARGED INMATE: Inmate STEPHEN declined to make a statement.
FINDINGS: Inmate STEPHEN was found NOT GUILTY of violating CCR §3005(c), for the specific act of, FIGHTING. This finding was based upon the preponderance of the evidence submitted at this hearing, which does not substantiate the charge. This evidence includes:  the contents of Correctional Officer D. MENDEZ's written report, which states that he saw SMITH with his arm around STEPHEN's neck. SMITH then rammed STEPHEN's head into the cell door. The Reporting Employee made no reference to STEPHEN fighting.
DISPOSITION:   NOT GUILTY. DISMISSED IN THE INTEREST OF JUSTICE based upon the Senior Hearing Officer deemed that STEPHEN was the victim of assault.
INMATE STEPHEN WAS ADVISED OF HIS RIGHTS TO AND THE PROCEDURES FOR THE APPEAL OF THIS ACTION. HE WAS ALSO ADVISED THAT HE WILL RECEIVE A COMPLETED COPY OF THIS CDC-115 UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| G.D. SOMPTER, CORRECTIONAL LIEUTENANT | ▶ | 6/23/95 | 1005 HR |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | | ▶ | |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | | 1230 |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

[ 410 ]

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | | RJDCF | F3-105U | F3-05-410 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(a) CONDUCT | STALKING | DISMYS | Unit #13 | 08/08/05 | 13:30 |

**CIRCUMSTANCES**

On Tuesday, August 8, 2005, at approximately 1330 hours, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN's, J., C-56483, F3-13-105U, stalking Correctional Officer M. Belton. On August 5, 2005, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to Officer Belton. Inmate STEPHEN's states in the letter that he is in love with Officer Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himslef, and the letter contained instructions for Officer Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer, Correctional Officer R. Billingsley and I conducted a search of Inmate STEPHEN's Cell F3-13-105. During the search, Officer Billingsley discovered a chronological log when Officer Belton worked Housing Unit 13 and her demeanor towards him when she did. As a result, Inmate STEPHEN was rehoused in the Administrative Segregation Unit (ASU). Inmate STEPHEN is aware of this report.

MHSDS: CCGMS

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ R J VASQUEZ, Correctional Officer | 8-15-05 | S & I "A", ISU | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | LOC. |
|---|---|---|---|
| ▶ J. N. CLARKE, Sergeant | 8-16-05 | DATE 08/09/05 | F2-06-118L |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | E (7) | 8-16-05 | ▶ J.W. DRESBACH, Facility Captain | | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ | 9/16/00 12u | | N/A | | |
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

**HEARING**

Inmate issued copies of copies of all documents; including envelopes, signatures, etc; this date: 9-13-05    Issued by: [signature]    Time: 1100 hours.

Inmate STEPHEN appeared before this Senior Hearing Officer (SHO) on 9-15-05 at 1940 hours and was in good health. He received all pertinent copies 24 hours prior to this hearing. All charges were read to him and he was prepared to proceed. He is a MHSDS participant at the CCMS level of care. STAFF ASSISTANT: Not assigned per CCR 3315(d)(2)(A)1,2,3. INVESTIGATIVE EMPLOYEE: C/O Diaz was assigned and her report was taken into consideration. WITNESSES: None requested for this hearing. INMATE PLED: NOT GUILTY, stating, "It ain't mine, the log might be mine because I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up." FINDINGS: GUILTY of CCR 3005(a) CONDUCT, Specifically: STALKING (Behavior which demeans another person), based on:
1. The RVR, authored by C/O Vasquez, dated 8-3-05, which states in part; that on 8-5-05, the Investigative Services Unit (ISU) received a handwritten letter which was intercepted by Mailroom Supervisor J. McNeil. The letter was in a U-Save-Em envelope addressed to C/O Belton. Inmate STEPHEN states in the letter that he is in love with C/O Belton. ISU Officer Billingsley and I conducted a search of Inmate STEPHENs cell F3-13-105. During the search Officer Billingsley found a chronological log when C/O Belton worked H/U #13 and her demeanor towards him when she did

HEARING CONTINUED ON PART-C    page 1 of 2

| REFERRED TO: ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) R J SHELAR, Lieutenant | SIGNATURE ▶ | | DATE 9-15-05 | TIME 1940 |
| REVIEWED BY: (SIGNATURE) ▶ J. W. DRESBACH, Facility Captain | DATE 9-20-05 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ B. OLIVERO, Associate Warden | DATE 9-26-05 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | | 9-26-05 17h |

CDC 115 (7/88)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**   REFER TO INCIDENT REPORT #RJD-CEN-06-09-0592   DEPARTMENT OF CORRECTIONS
(574)

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | LIFE | RJDCF | F3-15-136U | F3-06-57' |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(c) | FORCE & VIOLENCE | BATTERY ON A NON-PEACE OFFICER REQUIRING USE OF FORCE | CENTRAL LIBRARY | 09/29/06 | 1840 HRS |

CIRCUMSTANCES
*Dismissed*

On Friday, September 29, 2006, at approximately 1840 hours, while performing my duties as a Librarian in the Central Library, Inmate STEPHEN, J., C-56483, F3-15-136U, requested approval for copies to be made of several documents. I examined the documents and discovered an altered/falsified diploma among other documents. I told STEPHEN that I would not approve copies to be made of the fraudulently altered diploma. While handing it back to him, I said, "I can write you up for this." He shouted back, "Go ahead and write me up then!" I instructed him to hand the document back to me, but he instead began to stuff it into his legal folder. I reached out to pull the paper from his hand, but he hit my hand, and forcefully pushed my right hand away to prevent me from doing so. I pressed my alarm, and Officer I. Bravo arrived and ordered STEPHEN to get up out of the chair and turn around to allow handcuffs to be placed on him, with negative results. Instead of complying with orders, STEPHEN suddenly reached into a box that was at his feet. Officer Bravo wrapped both arms around the inmate's upper torso and used his body weight and strength to forcefully place him on the floor with the assistance of Officer C. Palencia who had also responded to the Library and observed Officer Bravo struggling with Inmate STEPHEN. Inmate STEPHEN further resisted by holding his arms tightly under his body, twisting ..

MH/SDS/ CCCMS   (CIRCUMSTANCES CONTINUE)   PAGE 1 OF 2

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► E. SIMON, Librarian | 10-12-06 | Central Library | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | | LOC. |
|---|---|---|---|---|
| ► | 10-12-6 | DATE 9-29-6 | | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | "B" | 10/1/06 | ► G/PEDERSON, Facility 3 Captain (A) | | ☐ HO ☐ SHO ☐ SC ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☑ CDC 115 | BY: (STAFF SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
| | ► | 10/18/06 | 1650 | | |
| ☐ INCIDENT REPORT LOG NUMBER 0592 | BY: (STAFF'S SIGNATURE) ► | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING
Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer on 1-14-07 at 1800 hours for hearing of RVR Log# F3-06-574. MHSDS: CCCMS, and no CDC-115X was processed. The hearing was held in Administrative Segregation. SA was not assigned per CCR 3315(d)(2)(A)1,2,3; the inmate is not illiterate, is english speaking, issues are not comple: GPL of I/M is above 4.0 and he does not require a confidential relationship in preparing his defense.
DA REFERRAL:   Hearing not postponed pending da referral, as noted by the inmates signature on the 115A.
The inmate stated he was in good health and did not object to proceeding with this hearing.
He was advised of the charges and the purposes of this hearing, and acknowledged receipt of the J15, 115A, 115C, 24 hours prior to this hearing.   The inmate received his first copy of the RVR within 15 days of discovery and the hearing was not held within 30 days of the issuance of the RVR, therefore all time constraints were not met.
IE waived by the inmate as noted by the inmate's signature on the 115A.
WITNESSES: Were requested, but subsequently waived by the inmate, as noted by the inmate's signature on the 115A.
I/M PLED: NOT GUILTY, stating, "I did not do anything."

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA          HEARING CONTINUES ON PART-C page 1 of 2

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| E. Garza, Lieutenant | | ► | 1/4/07 | 18² |
| REVIEWED BY: (SIGNATURE) ► E. Marrero, Facility Captain | DATE 1-16-07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ► E. Contreras/Associate Warden | DATE 1/16/07 | TIME |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ► | DATE | TIME |

CDC 115 (7/88)

12

804 TO RECORDS BY: _____ DATE: _____ G.P.L SCORE: _____

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | RJDCF | F3-14-129U | F3-05-668 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(c) FORCE & VIOLENCE | THREATENING STAFF | | F3 H/U 014 | 11-27-05 | 1945 hrs. |

**CIRCUMSTANCES:**
On Sunday, November 27, 2005, at approximately 1945 hours, while performing my duties as H/U #14 Floor Officer, during the 1945 hour unlock, I notified I/M STEPHEN, J., C-56483, F3-14-129U that his status was A2-B. I/M STEPHEN then became agitated and began stating to me, "That was stupid." I then clarified with him that my expectations were for inmates who were A2-B status and he stated, "You have been fucking with me from the beginning." I then said to him that how was I messing with you, If I verified through the Program Office his status. At this point I/M STEPHEN had a ball-point in his right hand and held it in such a way that made me believe he may use it as a weapon. I took a step back, unsecured my MK-9 Oc Spray Strap and told I/M STEPHEN to settle down and he said, "Fuck you, you'll get yours." I repeated my instructions for him to settle down and be backed up and went in his cell. After 1945 hours unlock was complete I began checking my unit cell by cell to verify all A2-B's, C/A's and C/C inmates were in their cells. While passing Cell #129 where I/M STEPHEN lives, he again made threats as before with a ball-point pen held in his hand in an aggressive manner. I notified Program Sgt F. Delatorre who arrived and placed I/M STEPHEN in handcuffs and then was escorted to the Fac.3 Program Office by Yard Staff. Inmate STEPHEN is aware of this report and was Medically evaluated by Fac.3 Medical Staff.

| MRDO\'s: | | | | |
|---|---|---|---|---|
| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
| ▶ M. Espinoza, Correctional Officer | 11-28-05 | H/U #14 Floor Officer | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ F. Delatorre, Sergeant | 11/28/05 | DATE 11-27-05 | LOC |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | D | | ▶ A. Bracamonte, Facility Captain | ☐ HO ☐ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ J. Kraft | 4-29-15 | 11:15 | 7219 Medical Report |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ J. Kraft | 4-29-15 | 11:15 |

**HEARING**
Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer (SH) on 12-20-05 at 1035 hours, for hearing of RVR ID# F3-05-668. The hearing was held in Administrative Segregation. MRDOs: CCMS, but the inmate's mental health status was not a factor in the charges or the disciplinary process. SA was not assigned per CCR 3315(d)(2)(A),1,2,3; The inmate is not illiterate, is English speaking, the issues are not complex, GPL Score is above 4.0, and he does not require a confidential relationship in preparing his defense. The inmate acknowledged he was in good health and did not object to proceeding with this hearing. He was advised of the charges and the purposes of the hearing, and acknowledged receipt of the 115, 115A, 7219 Medical Report, 24 hours prior to this hearing. (I/M STEPHEN also acknowledged IE). The inmate received his first copy of the RVR within 15 days of discovery and the hearing was held within 30 days of the issuance of the RVR, therefore, all time constraints were met. IE WAS ASSIGNED. The issues are not complex, however the inmate's housing status did preclude his evidence gathering, and additional information was necessary for a fair hearing. C/O R. Ramirez was assigned on 11-30-05 and the report was taken into consideration by the SHO. WITNESSES: Requested, but subsequently waived by the inmate, as verified by the inmate's signature on the 115A. INMATE PLED: NOT GUILTY, stating, "I did not threaten him. I did not harrass him."

HEARING CONTINUED ON PART C, page 1 of 2

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| C.P Franco, Lieutenant | ▶ | | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
| ▶ A. Bracamonte, Facility Captain | | ▶ P.A Owen, Associate Warden | | |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ J. Kraft | | DATE 4-29-15 | TIME 0925 |

CDC 115 (7/88)

12.

(F and) NUMBER

CDC NUMBER.    C56453

CDC 128-C CDC-128-C

R.J. Donovan Correctional Facility
F31300000000105U

STEPHEN , JIMMIE

### ANNUAL TB CHRONO
### TB SKIN TESTING

**DISTRIBUTION**

CENTRAL FILE: ☐
MEDICAL FILE: ☒
INMATE: ☒

INMATE TB ALERT CODE    21

*Larry Lyle D.O*

L.N. LYLE, D.O., M.S., DIRECTOR, PUBLIC HEALTH @ RJDCF

MEDICAL—PSYCHIATRIC—DENTAL

05-04-2005

E

14

E and NUMBER

CDC-128-C

C58483

R. J. Donovan Correctional Facility
F5150000000C105L

STEPHEN   JIMMIE

## TB CHRONO

### TB SKIN TESTING/ EVALUATION

DISTRIBUTION

CENTRAL FILE: ☐
MEDICAL RECORD: ☐
INMATE: ☒

INMATE TB ALERT CODE   **33**

*Larry Lyle DO*

L.N. LYLE, D.O., M.S.,  DIRECTOR, PUBLIC HEALTH @ RJDCF
MEDICAL—PSYCHIATRIC—DENTAL

05-17-2005

15

## "AFFADAVIT"

I AM A PRISONER AT R.J. DONOVAN CORRECTIONAL FACILITY
LOCATED AT 480 ALTA ROAD..SAN DIEGO CALIFORNIA..92179..I
UNKNOWINGLY CONTACTED THE "TUBERCULOSIS GERM" WHILE DOING
TIME HERE AT R.J.D..THESE TESTS ARE "MANDATORY" REQUIRED
AND DONE "YEARLY"..AS A "MUST"..I HAVE NOT "REFUSED" NOR
HAVE I "MISSED" A TEST..TO DETERMINE "POSITIVE OR NEGATIVE"..

ON LAST TEST DONE SEVERAL MONTHS AGO "2005"..I TESTED
"POSITIVE"..AS AM CONTRIBUTING THE "OVERCROWDING""DENIAL OF
ADEQUATE DOCTORS""PROPER SCREENING PROCESS" TO CURTAIL "NEWLY"
INFECTED PRISONERS WHOM CARRY THE "CONTAGIOUS T.B."THAT IS
SPEAD "AIR BORN"..AS THIS IS "INJURY" WITH "SIDE-EFFECTS"..

TRUE AGAINST FRAUD OR PERJURY

DATE 7-10-05

| (NAME) | (SIGNATURE) | (NUMBER) | (HOUSING) |
|--------|-------------|----------|-----------|
| Byron Pitry | Byron Pitry | J76352 | 13-149 |
| Jimmie Stephen | Jimmie Stephen | C56483 | 13-105 |
| Alfred Yancy | Alfred Yancy | V-61195 | 12-230 u.p |
| Washington, Ahmad | | V35965 | 14-112 Low |
| Dale Faika | | D-52585 | F-3-13-105-L |

16

All information requested in the proper spaces.
questions in the proper spaces.

# REQUEST FOR SENATE INVESTIGATION

(SHORT TITLE)
Nicholas Noussias -vs- Robert Hernandez, Warden, Richard J. Donovan Corr. Fac.

(Complainant by full name, address, and telephone )
Nicholas Noussias CDCR#D-46818
P.O.Box 799003
San Deigo, Ca 92179-9003

(Complaint directed to a Member of the California State Senate)
Senator (full name and address): Gloria Romero
Joint Committee on Prison Construction and Operations
Attn: Chaitperson
State Capitol, Room 400, Sacramento, California 95816-

Place where the complained of issues originate:
City:  San Diego          County:  San Diego          State:  California

Describe the nature of your complaint briefly. You must state facts, not conclusions. Failure to allege sufficient facts will
result in the denial of review. A rule of thumb to follow is: who did exactly what, when, and where. (If available, attach
declarations, relevant records, court transcripts, or other documents which may support your claims.) Type in single line-
space in the area provided below. Use additional pages if necessary.

I am currently incarcerated at the State prison known as the Richard J.
Donovan Correctional Facility located in San Diego. I am housed on Facility
Three, Building Fifteen. My housing unit consists of one-hundred one-man
cells currently housing two men per cell. I am alleging the ventilation
system currently in place in my housing unit as well as all other cell
housing units in RJDCF are in inadequate for the human needs for which the
system was designed. Since my incarceration at R.J.D.C.F., I have been
experiencing respiratory difficulty, nose bleeds, etc., which I have not
experienced prior to my incarceration at RJDCF. I sent requests to the
prison's chief engineer for repair or replacement of the system with no
positive results. I can submit physical proof that the ventilation system
allows foreign matter into the cells breathed by myself and other prisoners.
Utilizing a food server hair net, I have been able to catch the foreign
material which partially consists of dead insects, what looks to be black
ash, and other unidentifiable foreign material.

17

Explain in what regards this matter should be brought before the state senate.

I believe that in order to correct the inadequate ventilation system, the whole system will have to be rebuilt, possibly with a hepa-filtration type system to insure that the health of the prisoners of RJDCF are protected. Such action will require the appropriation of funds which I believe would be the province of a senate sub-committee on corrections. Moreover, before such funds can be appropriated, an investigation will have to be conducted to determine the veracity of my allegations.

---

Have you brought this complaint to the attention of anyone, or to any officials, office or agency? If yes, please state when, to whom, and to where you brought these concerns, and what, if anything, was done about the issues complained of.

I am attempted to informally resolve this matter by contacting Robert Edwards the Chief Engineer of plant operations at RJDCF with no response. I then instituted an administrative grievance to address this matter. The afore-mentioned documentation is attached hereto. The administrative grievance is currently pending final level of review in Sacramento.

---

The above information must be accompanied with a true (original) signature of the complainant, dated and attested to pursuant to the penalty of perjury, as follows. Complaints submitted which are not signed or dated will not be considered whatsoever.

I, the undersigned say: I am the complainant in this matter. I declare under the penalty of perjury under the laws of the State of California that the foregoing allegations and statements are both true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Dated this ___12th___ day of ___June___, ___2006___ at ___San Diego___, California

Date: _____

_Signature of Complainant_

18

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:   Institution/Parole Region        Log No.                    Category

1. _____        1. _____

2. _____        2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Jimmie Stephen | C56483 | Laundry | 13-113 up |

A. Describe Problem: On 11-23-04 Mrs E. Simon was told by unknown Lieutenant that Close Custody prisoners were not to be allowed in Law Library.. As this is a Direct violation of title 15 Art 3377.1-4-B. Which Directly Reverses the actions of this unknown Lieutenant on 11-23-04..

If you need more space, attach one additional sheet.   Bounds V Smith 430, US, 817 (1977)

B. Action Requested: "Name" of this Lieutenant.. As Mrs Simon is an Innocent Party to this violation of State and possibly Federal Law.

Inmate/Parolee Signature: _Jimmie Stephen_                    Date Submitted: 11-29-04

C. INFORMAL LEVEL (Date Received: 12-2-04)
Staff Response: LT. SHELAR, THIRD WATCH WATCH COMMANDER INFORMED ME ABOUT THE RULE WHICH IS BEING ENFORCED CURRENTLY. ACCORDING TO THE LIEUTENANT, CLOSE CUSTODY INMATES NO LONGER CAN COME TO THE LIBRARY BETWEEN 1700 AND 2000

Staff Signature: _Gil Lima_                                    Date Returned to Inmate: 12-2-04

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Satisfied

Signature: _Jimmie Stephen_                    Date Submitted: 12-6-04

19

Note: Property/Funds appeals must be accompanied by a completed        CDC Appeal Number: _____
Board of Control form BC-1E, Inmate Claim

"SUPERIOR COURT OF CALIFORNIA"

"DECLARATION"AFFADAVIT"                    8-8-05

        I DO SWORE UNDER PENALTY OF PERJURY AND FRAUD THAT THE
STATEMENTS IN THIS DOCUMENT IS TRUE TO BEST OF KNOWLEDGE..I
AM HOUSED AT THE "DONOVAN STATE PRISON" AT:480 ALTA ROAD SAN
DIEGO CALIFORNIA..92179..AND THE "OVERCROWDING" HAS AFFECTED
MY TIME, BY "DENIAL"OF"PRIVILEGES;'PERJURY" GUARENTEED BY THE
CONSTITUTION.."WEEKEND YARD""SHOWERS" ECT.."RECREATION"..AS
WELL AS "EXERCISE"..MAINLY "WEEKENDS" WHEN GUARDS DO NOT WANT
TO WORK,,SINCE 22-1-05 "ONGOING"..THE "RIGHT TO BE FED" IN
PROPER EATING FACILITY IS DENIED, DEPRIVED..OR ALLOWED THE
"15" MINUTES TO EAT AS REQUIRED BY LAW..THE "OVERCROWDING"
HAS CONTRIBUTED TO "MAIL DELAY""FEEDING DELAY"LAW LIBRARY"
DELAY"DELAY IN CLASSIFICATION"BE SEEN BY COUNSELOR" BUT WHEN
TIME TO GO TO"WORK IN "P.I.A." EVERYTHING IS ON TIME..AS WELL
AS "ADEQUATE MEDICAL""DENTAL".."ONGOING".. SINCE 11-7-04..AS
WELL AS OTHER "ONGOING INJURIES"..
        TRUE AGAINST FRAUD OR PERJURY

| NAME | SIGNATURE | NUMBER | HOUSING |
|------|-----------|--------|---------|
| Jimmie Steen | J000 Steeler | C56483 | 13-105U |
| Eugene S. Williams | E.S. Wie | C-28060 | 3-13-210 |
| DANALD HILL | Donald Hill | D-34185 | 3-13-104 |
| Michael Hampton | Mich L Klapto | P20333 | 3-13-137U |
| James R. Flower | James R. Flower | C-29017 | F-3-13-130 |
| Tony Pickly | Tony Pickly | C-95215 | 13-101 |
| Rutha Evans | Rutha Evans | J-65424 | 3-13-13 |
| Wilson, Michael | | J04156 | F3-13-108W |
| Dole E. Shiloa | | D-52585 | F-3-13-105-6 |
| Buckerty Carney | | V-27375 | F3-B11-L46 |
| JERRY REIBER | JNR | P-91779 | 3-13-220 |
| JONES, A | | E-83779 | 3-13-120 |
| CLARK. G.D. | | E55102 | Fac III + C2 24 Lower |
| Ronald Omar | | BJ521 | FC3 U |
| Jimmie Richardson | | PO1288 | 12-247 |
| Plessfield J. | | P60841 | Fac 3 — |

≥D

EXHIBIT #III

CODY of "SOUTHERN COURTS of California"
"STATE" PROCEEDINGS, As "FEDERAL SOUTHERN COURTS"
ARE "WillFully Abuside" As WELL As SHOWN IN
EXHIBIT #1..

WHEREAS Policy, Custom, Practice IS to willfully
DENY, DELETE "OPPositions" of "Complaints" therefore
Ruling IN favor of "DefenDAnts"..

As SHOWN IN GIC-879806, GIC-83-2907 & GIC-84-0064
As "OPPosition" IN GIC-879806 "Relocated" 2 "times to 9-18-07
AND 10-15-07..WIttFully..
As JUDGES RULE "UNOPPosed" WHEN All motions
"OPPosed" by PlaintiH..

GIC-879806 DISMISSED on 7-13-07..

21

07/28/2287   15:43   DEPT. OF JUSTICE/ATTY. GEN.  → 916358477791        1-188   P.004/005   F-072
NO. 381   P305

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL

MINUTE ORDER

Date: 07/13/2007                                    Time: 10:30:00 AM        Dept: C-60

Judicial Officer Presiding: Judge Yuri Hofmann

Clerk: Sandra Seematter

Bailiff/Court Attendant: Tony Quidilis

ERM:

Reporter: Michael S. Gallivan
Case Init. Date: 02/02/2007
Case No: GIC879206                       Case Title: STEPHEN vs PITTMAN, SGT

Case Category: Civil - Unlimited        Case Type: PI/PD/WD - Other

Event Type: Motion Hearing (Civil)

Moving Party: JIMMIE STEPHEN

Causal Document & Date Filed: Demurrer, 05/16/2007

Appearances:

Deputy Attorney General Phillip J. Lindsay appears on behalf of Defendants.
Plaintiff, Jimmie Stephen, appears telephonically in pro per.

The Court hears oral argument and takes this matter under submission.

Later, the Court adopts its tentative ruling as follows:

Defendants' unopposed motion to have Plaintiff declared a vexatious litigant is GRANTED. Defendants' request for judicial notice is GRANTED. The Court finds that Plaintiff's litigation history clearly fits within the criteria of a vexatious litigant pursuant to Code of Civil Procedure §391.

Defendants' motion to have the Court order Plaintiff to furnish security is GRANTED. Defendants have established that there is no reasonable probability that Plaintiff will prevail in his claims. See Code Civ.Proc. §391.1 & §391.3. Plaintiff shall furnish security of $10,000.00 (ten thousand) within 30 (thirty) days of the date this order is served on Plaintiff. Defendants shall file the proof of service of the order with the court.

If the security is not furnished as ordered, the lawsuit shall be dismissed as to the moving Defendants in accordance with Code of Civil Procedure §391.4. The litigation is stayed as to the moving Defendants until 10 (ten) days after the required security is furnished and Defendants are given written notice thereof in accordance with Code of Civil Procedure §391.6.

Lastly, this Court finds that there is a need for and is therefore entering a prefiling order which prohibits Plaintiff from filing any new litigation in this Court in propria persona without first obtaining leave of the presiding judge. Code Civ.Proc. §391.7(a).

Plaintiff's unopposed motion for appointment of counsel is DENIED. Plaintiff cites no authority for the appointment of counsel in a civil action in California state court.

Judicial Officer Presiding: Judge Yuri Hofmann

22

Date: 07/13/2007                        MINUTE ORDER                                Page: 1
Dept: C-60                                                                          Calendar No.: 20

4



## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN DIEGO

HALL OF JUSTICE
330 W. BROADWAY
P.O. BOX 120128
SAN DIEGO, CALIFORNIA 92112-0128

CENTRAL
CIVIL
DIVISION

DEPT. 60

May 24, 2007

**JIMMIE STEPHEN C56483**
**PO BOX 8101**
**SAN LUIS OBISPO, CA  93409-8101**

IN RE:     GIC 879806
           STEPHEN v. SGT. PITTMAN

Pursuant to you letter filed 5/16/07, requesting copies of filed motions, please find enclosed copies of your Demurrer filed 5/16/07. This motion was not reserved in advance and due to the complexity will need to be re-calendared. **The new date is 9/18/07 at 10: 30 a.m.**

Along with your letter, you submitted a motion papers entitled, "Motion for Appointment of Attorney". This motion again was not reserved in advanced. The Court will keep it scheduled for 7/13/07 due to nature of the motion. A filed copy is enclosed.

Please file an amended notice, the original with the Court and a copy provided to defense counsel of the new hearing date for the Demurrer on 9/28/07 at 10:30 a.m.

Enclosed also is a filed copy of the amended complaint, filed 4/20/07 and the Certificate of Progress filed 5/23/07.

Sincerely,

Diane Howard
Calendar Clerk
Department 60

Encl.

10                                    23



JUDGE YURI HOFMANN
SAN DIEGO SUPERIOR COURT
330 W. BROADWAY
SAN DIEGO, CA  92101

## MEMORANDUM

Date: 8/10/07

To: Jimmie Stephen
   C56483 3-15-1370
   PO Box 799001
   San Diego, CA 92179

From: Grachelle Macedo, Calendar Clerk for Judge Hofmann

Re: GIC879806 Stephen vs Pittman, Sgt.

Please be advised that your motion scheduled for 9/18/07 **will be
continued to Monday, 10/15/07 at 9:00 am.**

If you have filed your moving papers please file and serve an amended
notice with the information reflected above.

Thank you.

24

9

Return to Request Ruling

The following is a TENTATIVE ruling for 8/19/2005,
Department 64, the Honorable William R. Nevitt presiding.

Case Number GIC840064

STEPHEN v. HERNANDEZ ET AL.

Pursuant to Local Rule 2.19, the Court's tentative ruling is as follows:

The unopposed demurrers by defendants Contreras, Hernandez, Cota, Munoz and Clarke to the second amended complaint ("SAC") filed by plaintiff on May 17, 2005, are sustained, without leave to amend, on the grounds the SAC fails to state facts sufficient to constitute a cause of action and is uncertain.

On April 29, 2005, the Court sustained the demurrer to plaintiff's "Amended Complaint # 1" and granted plaintiff leave to file a second amended complaint alleging facts showing that the unexhausted remedies were not "available" for purposes of 42 U.S.C. § 1997e(a) and to "allege specific and nonconclusory facts showing the defendant's acts deprived him of a right, privilege or immunity secured by the federal Constitution or federal laws." The SAC does not cure the defects identified in the Court's April 29, 2005, ruling. In addition, the allegations of the SAC are unintelligible. Plaintiff has neither opposed the demurrers nor shown there is a reasonable possibility he can cure these defects by further amendment.

Plaintiff's unopposed "Request For Court 'Order' For Defendant 'Clark' To Turn Over 'Copy' 'Original' Of 'Cassette' 'Recording' Of 10-25-04 .. Between Plaintiff 'Stephen' And 'Clark' (With in '30' Days From Request)" (filed 7/8/05) and "Motion To Transfer Prisoner To Court" (filed 7/8/05) are ordered off calendar.

The "Proofs Of Service" attached to the "Request" and to the "Motion" do not comply with Code of Civil Procedure sections 1013a(1) and 2015.5.

The minutes constitute the order of the Court and no formal order is required except that the demurring defendants are directed to submit a proposed judgment of dismissal to the Court within 14 days of the date of this ruling, after giving plaintiff an opportunity to review it.

25

http://www.sandiego.courts.ca.gov/portal/online/ViewRuling.a--

he demurring defendants' counsel are directed to serve notice of ruling in accordance with the provisions of Code of Civil Procedure section 1019.5(a).

---

*This ruling file posted to web server: 8/18/2005 1:53:12 PM*
*This ruling file retrieved by browser: 8/18/2005 1:57:29 PM*

26

GIC840064

10/7/2005

0302

~~RECOMMENDATION~~: Pursuant to Local Rule 2.19, the Court's tentative ruling is as follows:

**Plaintiff's unopposed "'Motion To Disqualify' 'Entire' Attorneys Generals 'Office'" is denied.**

Plaintiff has not cited adequate authority in support of his alleged grounds for disqualification.

**The ⟨unopposed⟩ demurrers by defendant Woodford to the second amended complaint ("SAC") filed by plaintiff on May 17, 2005, are sustained, without leave to amend, on the grounds the SAC fails to state facts sufficient to constitute a cause of action and is uncertain.**

On April 29, 2005, the Court sustained the demurrer to plaintiff's "Amended Complaint # 1" and granted plaintiff leave to file a second amended complaint alleging facts showing that the unexhausted remedies were not "available" for purposes of 42 U.S.C. § 1997e(a) and to "allege specific and nonconclusory facts showing the defendant's acts deprived him of a right, privilege or immunity secured by the federal Constitution or federal laws." The SAC does not cure the defects identified in the Court's April 29, 2005, ruling. In addition, the allegations of the SAC are unintelligible. Plaintiff has neither ⟨opposed the demurrers⟩ nor shown there is a reasonable possibility he can cure these defects by further amendment.

**Plaintiff's motion for summary judgment (filed 6/10/05, with "Supplemental" filed 7/8/05), "Motion To 'Respond To Grievances' '4' 'Within' '30 Days'," and "Motion to Proceed Remedies timebarred" are moot in light of the ruling on defendant Woodford's demurrers and the judgment of dismissal entered in favor of the remaining five defendants.**

The minutes constitute the order of the Court and no formal order is required except that defendant Woodford is directed to submit a proposed judgment of dismissal to the Court within 14 days of the date of this ruling, after giving plaintiff an opportunity to review it.

The above rulings, together with the judgment of dismissal entered on September 21, 2005, dispose of this entire case.

Defendant Woodford's counsel are directed to serve notice of ruling in accordance with the provisions of Code of Civil Procedure section 1019.5(a).

**IT IS SO ORDERED**

Dated: <u>10/7/2005</u>

Hon. WILLIAM R. NEVITT
Judge of the Superior Court

27

Page 2 of 2

6-5-05

5) GIC832907                    STEPHEN vs. HERNANDEZ                    CAYABAN
                              (D) – MTN FOR SUMMARY JUDGMENT

Defendants' request for judicial notice of Title 15, California Code of
Regulations, section 3190 (2003) is granted.

Defendants Robert J. Hernandez, Elias Contreras, Michael Liptscher, Doris M.
Barnes and Efren Vizcarra's motion for summary judgment is granted for the following
reasons.

First, exercising its discretion, the Court grants the motion because Plaintiff
failed to file any opposition, including an opposing separate statement. See CCP Sec.
437c(a)(3).

Second, Defendants have met their burden of establishing that Plaintiff's
complaint in this case concerns discretionary acts by the Defendants and that, as public
employees, they are immune from liability pursuant to Gov. Code Sec. 820.2. [See
evidence cited in support of Defendants' Separate Statement Issue No. 1, Nos. 1-6].

Third, Defendants have met their burden of establishing that the fraud cause of
action lacks merit. [See evidence cited in support of Defendants' Separate Statement
Issue No. 2, Nos. 1-8]. The Court notes Plaintiff has failed to submit any evidence to
demonstrate that an intentional misrepresentation was made or that he justifiably relied
on any misrepresentations.

As to Defendants Barnes and Contreras, the evidence cited in support of
Defendants' Separate Statement Issue No. 3, Nos. 1 through 3 is sufficient to meet their
burden that they were neither involved in the acts complained of in Plaintiff's complaint
nor otherwise liable in this matter.

Finally, the Court finds Plaintiff has failed to articulate a statutory basis for his
claims against these Defendants.

28

gic832907

6/3/2005

against these Defendants.

On May 17, 2005, this Court received Plaintiff's "Undisputed Facts Motion for Summary Judgment" and "Amended Motion for Summary Judgment." Because neither matter was appropriately calendared with this Court or timely noticed, the Court declines to consider these papers as affirmative motions. To the extent, these filings were intended to serve as opposition to Defendants' motion for summary judgment, the Court concludes Plaintiff has failed to meet his burden and has failed to create any triable issue of fact. Similarly, the Court declines to consider Plaintiff's motion to "amend damages" because it was neither calendared with the court nor timely served.

For all of the above reasons, the Defendants' motion for summary judgment is granted. This ruling disposes of the entire action.

*Mr. Cayaban to fax copy of this ruling to Mr. Stephen*

**Hon. JOAN M. LEWIS**
**Judge of the Superior Court**

2-6-08

U.S.D.C.-N
450 Gol Ann) Cate
San Fran Cilo, Calif

**RECEIVED**

MAR 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CU-07-6379-JW
CU-08-0744-JW
CU-08-0957-JW

CLERK:                                                    6

Please give me "Status" of each of
these "3 Cases" as to "Forma-Pauperis" "6"
Month Trust Statements, as I do not have
any authority over the "Trust Office" ect..
    Please let me know if any case
needs "Trust Statements" ecl..
    or any other deficiencies ect.

"Bounds v Smith" 430, US, 817 (1977)
"Biggs v Terhune" 334, f3d, 910 (9th 2008)

True verbatim frand or factual

Date 2-6-08                          /s/ Danny Asher



Simmie Sweezer A-OL-67075
A-1149
P. O. Box 8101
San Luis Obispo, California
93409-8101

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
PITNEY BOWES
02 1M    $ 00.41⁰
0004247478    MAR 07 2008
MAILED FROM ZIP CODE 93401

LEGAL

United States District Court
Northern
450 Golden Gate Av
San Francisco, California
94102

**RECEIVED**

JIMMIE STEPHEN
#C-56483 / A-1149
PO BOX 8101
SAN LUIS OBISPO, CA 93409-0001

MAR 2 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Court of U.S. District
State of California - Northern

Case # CO-08-0957-JW /PR1

Jimmie Stephen
Plaintiff

v

Guard "Bean"
et al Defendants
1. DR. "Millard" 3. DR LEE
2. DR. "Fermsen" 4. DR Anthooin"

Plaintiff Request to "Supple-
ment" Complaint
under "Imminent Danger"
Exceptional "Death"
fRCP # 15.

Plaintiff Jimmie Stephen Request to "Supplement"
under fRCP # 15 in CO-08-0957-JW. Page # 8 of Complaint
"Death".. under fRCP # 15.

"Farmer J. West" 320. f3D. 1235-46 (11th. 2003)
Imminent Danger Exception..

Defendants: Dentist "Millard" Dentist Fermsen" Dentist
Anthooin" willfully w/ Consent of CJ Donohum from 5-1-05
willfully, with Deliberate Indifference, Reckless Disregard

1

With dentist "LEE" maliciously willful and deliberate Denied Plaintiff Stephens Right to Partials when Requested since 5-1-05 "Ongoing" whereas as Date of this Supplement 2-18-08 "Partials" are still being denied. When severe gum soreness swelling, weight loss pain and medical Problems..

As Diagnosed with "Periodontitis" gum disease by Dr "LEE" Diagnosed by "Millard" of 1-2-07 and Again by Millard prior of 4-6-05..

"Partial" Determined needed by "Femister" of 11-4-05.

"Antibodia" Diagnosed Partials of 2-26-07..

Plaintiff now at CMC- San Luis Obispo California still denied "Partials" ECT..

As Millard, Femister, LEE, Millard, failed to Treat. withholding Dental care Treatment

"McAlphin J Toney" 281. f3d. 709-11 (8th 2002)

Denial of "Partials" Treatment" LEE forfills Imminent Danger Exception since 5-1-05 at CMC Ongoing As of 3-18-08..

True against fraud or Perjury

Date 3-18-08                   [signature]

2

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**DENTAL PROGRESS NOTES**                                                    Page 1 of 2
CDCR 237-C (Rev. 04/06)

| RESTORATIONS AND TREATMENTS (Completed during Incarceration) | SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|
|  |  |
| REMARKS | REMARKS |

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 7 19 06 | #7 | S. pt presents with pain last 3 day - points to tooth #7 | | |
| | | O. PA #7 Non. dtd 7/19/06  NKWA | | |
| | | #7 class III mobility , Perc +++ | | |
| | | Perio pocketing   Bm + | | |
| | | A #7 Perio compromised perio abcess | | |
| | | P 1.) X0 #7 | | |
| | | E. Prog + PT Agrees | | |
| | | TX 500 mg Pen V-L x 30 tabs | | |
| | | 800 mg Ibuprof x 10 tabs | | |
| | | N.V. X0 #7 | | |

**DRUG ALLERGIES?**
☑ NO    ☐ YES

**DENTAL PROGRESS NOTES**

CDCR NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIRTH

C-56483

Stephen

*"Citizen Complaint"*   *Dr "Lee"*

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

*PC. 832.5*

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Jimmie Stephen | C-56483 | AD-SEG | 6-227-L |

A. **Describe Problem:** THERE IS AN ongoing Practice, custom, Policy, to DENY, DEPRIVE of Effective DENTAL TREATMENT HERE at PT Donovan as on 11-30-06 DR Lee IA known Inferior Dentist Whom in Past Recommended "Extraction" of front "teeth" the same as DID in past in 2004 on Bottom Front 4 teeth When loose same as my #7 tooth and my #9 was injured in 1970 who uses this to cover-up facts for "DENTAL TREATMENTS" ect... when Cavity at GUMLINE now "teeth are Strong

*If you need more space, attach one additional sheet.*

B. **Action Requested:** (1) "Investigation" into "Reckless DISREGARD" and "DELIBERATE INDIFFERENCE of "Dentist Lee" as well as Hiring Practices of those inferior personnel. (2) "Root Canal", Cavity Either below GUMLINE...

| Inmate/Parolee Signature: *Jimmie Stephen* | Date Submitted: 11-30-06 |
|---|---|

C. **INFORMAL LEVEL** (Date Received: 12-15-06 )   *Partially Granted*

**Staff Response:** Dr. Antoquia Chief Dental Officer interviewed Inmate Stephen C-56483 on 02/09/07. Inmate Stephen must complete a full mouth exam before he can obtain Partial Dentures. All Non-restorable teeth must be removed Prior to making a Partial Dentre. Please See CDCR 7428 Full and Partial Denture Agreement

| Staff Signature: *MCastillo* RDA | Date Returned to Inmate: 02/26/07 |
|---|---|

D. **FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____   Date Submitted: _____

CDC Appeal Number: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

3

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA

**DENTAL PROGRESS NOTES**

CDCR 237-C (Rev. 04/06)

Page 1 of 2

| RESTORATIONS AND TREATMENTS (Completed during incarceration) | SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|



REMARKS | REMARKS

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 1 2 07 | X | S: Sir c c I have a loose tooth and I would like a partial. # Formal 602 interview. Pt points to tooth #7. | | |
| | | O: HBP (cbd 1/2/07, takiny atenolol, HCTZ, lopentetn (sp?)) #7 CL III mobility, #9 CL III mobility, #10 CL II mobility, #24, #25 CL II mobility, advanced bonelos. PA #7 taken | #7, #9, #24, #25 | |
| | | A: #7 #10, nonrestorable, generalize advanced periodontitis. | | |
| | | P: 1) O.S. ext #7 #10 (pt refuse ext) 2) prosth eval for partials — S. LEE, D.D.S. Staff Dentist | | Steph RJDC |
| | | E: pt inf. Pt refuse any treatment today. | | |

**DRUG ALLERGIES?**

☒ NO    ☐ YES

**DENTAL PROGRESS NOTES**

CDCR NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIRTH

STEPHEN JIMMIE

7-18-52

cf

**Prior to each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 2/10/06 | | S: " My tooth needs to be filled." "I need to get my teeth prepared for partials" Pt points to #18. | |
| | X | O: HQR (dated 2/10/06). NC. | |
| | | 1 PA taken #18 | |
| | | #18 broken amalgam & DB cusp. F. caries, cervically on MB. #6, 24, 28 F caries, #1 D leaking | |
| | | A: #18 Restorable | |
| | | P: #18 oper. | |
| | | ② Panorex. | |
| | | E: Pt informed. OHI given both oral & written. | |
| | | Tx: 2 carps 2% Lidocaine w/1:100,000 epi | |
| | 18 | Removed DO Alloy & F caries. Placed DOB comp. using etch, primer, adhesive & 3M Z100 comp. checked occl. | |
| | | C. Fronsdal DDS RJDCF | |

**DRUG ALLERGIES?**
☑ NO    ☐ YES

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Stephen, Jimmie
C-56483.
7/18/52

5

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA                                        DEPARTMENT OF CORRECTIONS AND REHABILITATION

**DENTAL PROGRESS NOTES**
CDCR 237-C (Rev. 04/06)                                                    Page 1 of 2

| RESTORATIONS AND TREATMENTS (Completed during incarceration) | SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|
|  |  |
| REMARKS | REMARKS |

Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 11 30 06 | | S: Slee: I have a loose tooth #9. pt points to tooth #9. O: H&P (dtd 11/30/06, taking lovastatin for cholesterol), #9 discolored, CL III mobil, advanced bone loss, visual exam A: #9 nonrestorable, advanced periodontitis P: 1) O.S ext #9 (pt refuse) E: pt inf #9 needs ext. | (2) | S Lee RJDCF S. LEE, D.D.S. Staff Dentist |

DRUG ALLERGIES?    ☑ NO    ☐ YES

DENTAL PROGRESS NOTES

CDCR NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIRTH

STEPHEN JIMMIE
C56483
7-18-52                    7

**Prior to each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 04 06 05 | #29 | S "MY TOOTH HURTS EVER SINCE FILLER (PTS TO #29) ESP. BITING DOWN" | |
| | | O HHR T3 NKDA? CHECK N.V. (1)PA #29. PERCUSS+++ | |
| | | A #29 WIDENED PDL NON-RESTORABLE NEEDS XO | |
| | | P I/m DECLINED TX TODAY. WANTS TO POSTPONE | |
| | | EXTRACTION, OFFERED TX TODAY. I/m REFUSED. | |
| | | NO REQUEST FOR PAIN MEDS TODAY. | |
| | | E OHI' TOLD I/m WOULD DUCAT WHEN HE is READY | |
| | | FOR XO #29. ANSWERED 602      N/C    [signature] RJD | |
| 10 7 05 | | Pt no show for 1330 priority | |
| | | ducat for today.    C. [signature] DDS RJDCF | |
| 11 2 05 | | 602 interview | |
| | | S pain ql LEFT / RIGHT ø swelling ø pain present sometimes | |
| | | O HHR (1-10-05) IPA #29. FRACTURED ALLOY + FACIAL CARIES | |
| | | A. #28 GUARDED PROGNOSS. #29 NON-REST. | |
| | | P consult L side not addressed @ this apt. | |
| | | N.V. XO #29 ?      N/C  [signature] RJD | |
| 11 4 05 | | F2 Hon-dry 9/16/04 NKDA Med. [?] | |
| | | 4% Septocane 1:100 Kep x 3 [?] | |
| | | #29 Routine XO | |
| | | RX + Post op msts given, consent signed | |
| | | hemostsss achd | |
| | | RX 400 mg x 20 Tabs. | |
| | | [signature] DDS RJD | |
| | | B. Milhn | |

**DRUG ALLERGIES?**
☒ NO    ☐ YES

**CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH**

STEPHEN

C 56483

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

STATE OF CALIFORNIA        DEPARTMENT OF CORRECTIONS

8

**Prior To each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 1 26 04 | | S: Informed 602 interview. Pt points to tooth #11 of being sensitive. | |
| | | O: HOp'd dtd 1/26/04, NCI, #11 gingival recession, root exposure, Ø caries. visual exam. | |
| | | A: #11 sensitive due to root exposure | |
| | | P: 1) Note indicated at this time | |
| | | Pt int. if #11 ↑ symptoms, recommend extraction | S. D DS RDCF |

**DRUG ALLERGIES?**

☒ NO   ☐ YES

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

C56483

STEPHEN JIMMIE

7-18-52

**Prior to each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 1/10/05 | | S. pt present "I want teeth" | |
| | | B. 2 BWS | |
| | | HGR- dtd 1/10/05 NKDA pmeds | |
| | | pt missing several max + mnd posterior teeth | |
| | | Decay Noted Mesial # 29 | |
| | | Decay Noted Facial of 20 | |
| | | Slight pocketing | |
| | | A Decayed teeth 29 20 | |
| | | Early Adult Mild perio dul… | |
| | | Missing Seven posterior teeth | |
| | | P. 1) Fill 20 +29 | |
| | | 2) Gross Scale | |
| | | 3) Partial Construction | |
| | | N.V. Fill s 20 +29 | |
| | | K.R. Millard DDS KJD | |
| 1/13/05 | | T-3 HGR- dtd 1/10/05 NKDA pmeds | |
| | | 4% Septacaine X 1.8 cc | |
| | | 3% Citnest X 1.8 cc | |
| | | #29- MOD Amg | |
| | | N.V. #20 | K.R. Millard DDS K.J.D. |
| 1/14/05 | | T-3 HGR- dtd 1/10/05 NKDA | |
| | | 2% Lido 1:100 Vaso X 1.8 cc | |
| | | #20- DF comp Acid etch | |
| | | N.V. eval for Partials | Dr K Millard DDS K.J.D. |

Next visit requested by Patient on Form 7362 for routing treatment.

DRUG ALLERGIES?   ☒ NO   ☐ YES

| CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|
| C56483 |
| STEPHEN JIMMIE |
| 7 - 18 - 52 |
| r8 |

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

D049493

Jimmie Stephen
C56483
P.O. Box 799003
San Diego, CA  92179-9003

The San Diego Union-Tribune • Saturday, August 5, 2006                                    E.        B3

DO YOU HAVE GUM DISEASE? We can HELP!
HAVE YOU BEEN TOLD YOU NEED PERIODONTAL SURGERY?

**Dr. Melinda Marino** now has PerioLase®, or Laser Periodontal Therapy™, a new **NON-SURGICAL** laser alternative to gum surgery. As it requires **NO CUTTING**, it's a much less traumatic and more comfortable in treating periodontal disease at any stage. Ask us for information today!

• Laser Periodontal Therapy™ can **REDUCE** pocket depth & **BUILD BONE** both in quantity & quality!
• PerioLase® is 1st & only **FDA APPROVED** alternative to scapel and suture gum surgery.

FLEXIBLE FINANCING AVAILABLE                CALL: 858-578-0800

9910 Mira Mesa Blvd. D • San Diego, CA 92131        www.melindamarinodds.com

4

Jmmie Shelter C56483
A-1149
P. O. Box 8101
San Luis Obispo. California
93409-8101

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.58
02 1M
0004247478     MAR 19 2008
MAILED FROM ZIP CODE 93401

United States District C
Northern
450 Golden Gate
San Francisco, Californi
9402-3

94102_3_3661  C004

JIMMIE STEPHEN C56483
A 1149
PO BOX 8101
SAN LOUIS OBISPO CA 93409-8101

FILED

MAR 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Court of United States District
State of California - Northern

CASE # CO-08-0957-
JW (PR)

JIMMIE STEPHEN )
Plaintiff

v

Gomes "Bravo"
et al Defendants

"JUDICIAL NOTICE" as to

A.. "Heable" Redress if
Applicable..

B.. "Retaliatory Practices" by
CMCE as Pattern..

C.. "Imminent Danger Exception"
under 28.USC. 1915..

D.. all Defendants "Sued" in "In-
dividual" and "Official" capacity..

Plaintiff Hereby Request "Judicial Notice"
as to Complaints mentioned in Filed V2. USC. 1983 formerly
Known as the "Ku Klux Klan Act of 1871". Whereas
facts shown states acts by CMCE are Equally as "Bias
and "Prejudice" for "Exercising" 1st amendment Rights..
"Platt v Rowland" 769.f.supp. 1128 (ND CAL 1991).
See: Exhibit #1 Pge #3..

i.

Under "Roth" Plaintiff states Claims similar to Plaintiff Starthen in this action from "Verde" to "Retaliatory" Practices Including "False Charges" and Placing in "Segregation" 3-Times All "3 Dismissed"..

Whereas all Defendants sued in "Individual" and "Official Capacities" if failed to mention in Supplementals etc..

All "Due Process" Denied in this matter Before this Court..
    "Biggs J Terhune" 334. f3D.910 (9th 2003) Due Process..

"Relief Requested"

1.. "Judicial Notice" as to Aforementioned Document "Roth J Rowland" and "Imminent Danger Exception" Documents Whereas the Defendant with Judicial Help Have Pattern of "Blocking Complaints" under "PLRA" of 1996... Willfully..

2.. Any other Relief by this Court
        True Against Fraud of Nature

Date 3-25-08                                    Signature

        2

EXHibit # 1

COPY of "Pratt v Rowlend". WHich
SHow Pattern of misconduct bo CDCR..
WillFully.. Maliccously..

STATES NO RABtional PurPose

3

## 1128   769 FEDERAL SUPPLEMENT

party defendants: Macabees Insurance Company, Mueller, Guardian Insurance Company, Lancaster, Provident, and Kaas to.

2. Plaintiff's and third-party defendant's motion to dismiss defendant's conspiracy cause of action is GRANTED with leave to amend.

3. Plaintiff's motion to dismiss defendant's causes of action for breach of fiduciary duty and breach of statutory duty is GRANTED with prejudice.

4. Plaintiff's motion to dismiss defendant's constructive fraud cause of action is DENIED.

5. Plaintiff's motion to require defendant to provide a more definite statement is DENIED.

---

Elmer PRATT, Plaintiff,

v.

James BOWLAND, Director of Corrections, California Department of Corrections; Daniel B. Vasquez, Warden of San Quentin Prison; Robert Borg, Warden of Folsom Prison; Robert Patterson, Executive Officer of the State of California Board of Prison Terms; David Brown, Commissioner of the Board of Prison Terms; Rudolph Castro, Commissioner of the Board of Prison Terms; Edmund Tong, Commissioner; Don Spangler, Correctional Officer at San Quentin Prison; Terry Yarwood, Chief of Classification Services, California Department of Corrections, and Unknown Named Agents of the California Department of Corrections, Defendants.

No. C-89-3367 SAW.

United States District Court, N.D. California.

June 28, 1991.

Inmate brought action against prison officials, alleging that they retaliated against him for his exercise of First Amendment rights by promulgating false charges against him, and by transferring him to another prison. On plaintiff's motion to file supplemental complaint, and defendants' motion to dismiss supplemental complaint, the District Court, Weigel, J., held that: (1) supplemental complaint met minimal test that supplemental pleadings bear some relation to subject of original action; (2) transfer of case to the Eastern District for determination of plaintiff's First Amendment retaliation claim, due process based on alleged inadequacies of disciplinary hearing he received on drug trafficking charge.

Plaintiff's motion granted, defendants' motion denied in part and granted in part.

### 1. Federal Civil Procedure ⇐662

Allegations contained in supplemental pleadings need not arise out of the same transaction or occurrence as allegation contained in original complaint; they need bear only some relationship to the subject of the original action. Fed.Rules Civ.Proc. Rule 15(d), 28 U.S.C.A.

### 2. Federal Civil Procedure ⇐664

Supplemental complaint, seeking to demonstrate that prison officials continued a long history of purported retaliatory actions against inmate satisfied minimal test that allegations contained in supplemental pleadings bear some relationship to subject of original action; supplemental complaint alleged a continuing pattern and practice of politically motivated mistreatment of plaintiff, as did original complaint. Fed.Rules Civ.Proc.Rule 15(d), 28 U.S.C.A.

### 3. Federal Civil Procedure ⇐106

Rule governing supplemental pleadings allows new parties to be added to complaint, and there is no requirement that knowledgeable about facts of case, and any delay occasioned by transfer would cause

---

## PRATT v. BOWLAND   1129

complaint. Fed.Rules Civ.Proc.Rule 15(d), 28 U.S.C.A.

### 4. Federal Courts ⇐95

Defendants who answered original complaint without objecting to venue waived their rights to raise venue objection at time of filing of first amended complaint, notwithstanding contention that filing of amended complaint revived venue objection. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

### 5. Federal Courts ⇐95

Under civil procedure rule, defendants wishing to contest improper venue as a defense must do so in their first defensive move. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

### 6. Federal Civil Procedure ⇐662

Although an amended complaint supersedes original pleading, it does not automatically revive all defenses and objections that a defendant has previously waived.

### 7. Federal Courts ⇐95

Defendants named in original complaint did not have standing to raise venue objection on drug trafficking charge, inasmuch as newly added defendants, who had not yet appeared in action.

### 8. Federal Courts ⇐95

Improper venue is a defense personal to party to whom it applies, and defendant may not challenge venue on ground that it is improper as to a codefendant.

### 9. Federal Courts ⇐101

Fairness considerations may be decisive in ruling on a motion to transfer case to another district, even when convenience of witnesses and parties points the other way. 28 U.S.C.A. § 1404(a).

### 10. Federal Courts ⇐106

Interests of justice did not require transfer of inmate's civil rights case to the Eastern District of California where inmate was incarcerated, considering that potential witnesses were divided between Northern and Eastern District, and a preliminary injunction had already been issued in action; moreover, court in Northern District was

### 11. Civil Rights ⇐285(7)

Inmate's allegations that prison officials violated his rights under the First Amendment by continuously promulgating false charges against him, transferring him from prison to prison, and placing him in segregation on the basis of false charges, stated a constitutional claim under 42 U.S.C.A. § 1983. U.S.C.A. Const.Amend. 1.

### 12. Constitutional Law ⇐277(1)

Due process in a prison disciplinary hearing is satisfied if inmate receives written notice of charges, statement of evidence relied on by prison officials, and reasons for disciplinary action. U.S.C.A. Const.Amend. 14.

### 13. Civil Rights ⇐285(7)

Inmate stated claim for deprivation of procedural due process based on alleged inadequacies of disciplinary hearing he received on drug trafficking charge, where inmate alleged that notice he received was deficient because it failed to indicate date, or place of alleged drug trafficking and possession violation; moreover, inmate alleged that identity of confidential informant was not made known to him and that information supplied by informant was unreliable and false. U.S.C.A. Const.Amend. 14.

### 14. Federal Civil Procedure ⇐741

Motion to dismiss directed at a portion of inmate's civil rights claim is improper relief requested by plaintiff is improper.

---

Stuart Hanlon, Tamburello, Hanlon & Waggener, San Francisco, Cal., Valerie West, Oakland, Cal., for plaintiff.

Paul Gifford, Peter Siggins, Deputy Attys. Gen., State of Cal., San Francisco, Cal., for defendants.

### MEMORANDUM AND ORDER

WEIGEL, District Judge.

The motions before the Court in this matter concern plaintiff's request for leave

1132

769 FEDERAL SUPPLEMENT

1133

PRATT v. ROWLAND
Cite as 769 F.Supp.
1129 (N.D.Cal. 1991)

**1134**

**769 FEDERAL SUPPLEMENT**

addition, plaintiff alleges that procedural due process violation.

[11] In addition, plaintiff states a claim for deprivation of procedural due process due to the alleged inadequacy of the notice he was disciplined. This argument misses the point. Even though these acts by de- fendants may have violated prison policy, such acts and so on, are not actionable by plain- tiff so long as he received a hearing before he was disciplined. This argument misses the point. Even though these acts by de- fendants may have violated prison policy, their procedures state a constitutional claim under 42 U.S.C. § 1983 when done in retali- ation for the exercise of protected rights. Like charges, plaintiff's allegation regard- ing the filing of false charges and other improprieties state a constitutional claim under 42 U.S.C. § 1983 when done in retali- ation for the exercise of protected rights.

Plaintiff's activities in pursuing his legal matters and in seeking access to the courts are clearly protected by the First Amendment. Franco, 854 F.2d at 589 (same); Wright, 795 F.2d at 968 (First Amendment claim). The Court preserves that defendants grow that the supplemen- tal retaliation claims to put particular impor- tance, see 2A J. Moore, J. Lucas & G. Grothner, Moore's Federal Practice ¶ 12.

[11] Although the third given to plaintiff's retaliation claims to put particular impor- tance, the Court must resolve this issue in plaintiff's favor at this early stage of the proceedings. Complaint should specify the precise con- tents of the notice plaintiff did receive.

Defendant relies on Zimmerman to show that the notice provided Pratt was consti- tutionally sufficient. Yet the notice in Zim- merlee was held adequate only after the record. Moreover, the notice in Zimmerman provided that plaintiff with information as to the kinds of drugs involved, the dates of the alleged violations, the identities of the

by the amendment to the complaint that the Court has required.

[12] In addition, plaintiff states a claim for deprivation of procedural due process due to the alleged inadequacy of the notice he received regarding the charge against him and defendant's refusal to disclose information regarding the confidential source, constituted a First Amendment due process violation. Id.

[11] Plaintiff insists that there were verbal charges made against him regarding inmate receiving written notice of the charge. At a minimum, if defendant relies on disciplinary hearing is satisfied if the pris- oner receives written notice of the charge, a statement of the evidence relied on by the prison officials, and the reasons for disciplinary action. Zimmerman v. Kee- nay, 831 F.2d 183, 188 (9th Cir.1987) (citing Wolff v. McDonnell, 418 U.S. 539, 563-64, 94 S.Ct. 2963, 2978-90, 41 L.Ed.2d 935 (1974)), cert. denied, 487 U.S. 1207, 108 S.Ct. 2851, 101 L.Ed.2d 888 (1988).

[13] Plaintiff alleges that the notice he received was deficient because it failed to indicate the time, date, or place of the al- leged drug trafficking and possession with which he was charged. At this early stage of the proceedings, the notice he did receive—which is not specified in the complaint—was a sufficient to give him "a chance to marshal the facts in his defense and to clarify what the charges are in fact." Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). The Second Amended Complaint should specify the precise con- tents of the notice plaintiff did receive.

Defendant relies on Zimmerman to show that the notice provided Pratt was consti- tutionally sufficient. Yet the notice in Zim- merlee was held adequate only after the court reviewed the record. Moreover, the notice in Zimmerman provided that plaintiff with information as to the kinds of drugs involved, the dates of the alleged violations, the identities of the participants, and the role played by plain- tiff and the other participants. See Zim- merman, 831 F.2d at 188. Accepting the allegations of the amended complaint as true, plaintiff did not receive notice suffi- ciently specific to permit him to mount a defense. The Court cannot find on this record that the notice plaintiff re- ceived was insufficient as a matter of law.

Plaintiff also contends that he was de- prived of due process if defendant refuses to disclose the confidential informant in de- termining him guilty of the drug charge. While defendants are not necessarily required to disclose the identity of a confidential in- formant, Zimmerman, 831 F.2d at 1101, the record of the disciplinary hearing must con- tain some indicia that the informant pro- vided by the source is reliable and reflect that safety considerations prevented the disclosure of the informant's name. Zim- merman, 831 F.2d at 188. When the record itself does not establish the reliability of the source, the court can review the writ- ten declaration of a prison official and the information in camera. Id. at 186– 87. Plaintiff has alleged that the record in this case had this information only available to him but has not yet had the opportunity to examine the record of the disciplinary proceeding. Therefore, at this early stage, this aspect of plaintiff's procedural due process claim cannot be held insufficient as a matter of law.

[14] Finally, defendants move to dis- miss plaintiff's prayer for reclassification and transfer to a lower security facility. A motion to dismiss directed at the form of relief requested is improper. 2A J. Moore, J. Lucas & G. Grothner, Moore's Federal Practice ¶ 12.07[2]-5, at 12-97 (2d ed. 1991). In any event, if the Court were to find that plaintiff had been improperly de- prived of his First Amendment rights, it would be within the Court's equitable pow- er to order reclassification and transfer. Cf. Thompson v. Enomoto, 815 F.Supp. ___, ___ (N.D.Cal.1980) (ordering transfer of good time credits); Streeter v. Hopper, 618 F.2d 1178 (5th Cir.1980) (ordering restoration of prisoners to guarantee their safety).

**FIELD v. LIBERTY MUT. INS. CO.**
Cite as 769 F.Supp. 1135 (D.Hawaii 1991)

**1135**

Accordingly,

IT IS HEREBY ORDERED that:

(1) Plaintiff's motion to file the First Amended Complaint is GRANTED.

(2) Defendants Vasquez, Borg's, and Yearwood's motion to dismiss or transfer the case is DENIED.

(3) Defendants Vasquez, Borg's, and Yearwood's motion to dismiss plaintiff's First Amendment and due process claims with prejudice, for failure to state a claim, is DENIED.

(4) Defendants Vasquez, Borg's, and Yearwood's motion to dismiss for failure to link them with the alleged deprivation is GRANTED with leave to amend.

(6) Plaintiff shall file and serve a Second Amended Complaint on or before July 3, 1991. Defendants shall file and serve an answer or other responsive pleading to the Second Amended Complaint on or before July 10, 1991.

(6) Defendants shall file and serve a reply to plaintiff's opposition to the Motion for Preliminary Injunction on or before July 18, 1991. Plaintiff shall file and serve his reply on or before July 25, 1991.

IT IS SO ORDERED.



David M. FIELD, Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COM- PANY—A Massachusetts corporation; John Does 1-10, Doe Corporations 1- 10, Doe Partnerships 1-10, and Doe Equities 1-10, Defendants.

Civ. No. 91-00629 DAE.

United States District Court, D. Hawaii.

July 23, 1991.

Insured brought suit against insurer to recover uninsured and underinsured motor-

---

5. The Court notes that the complaint contains allegations that defendants failed to follow cer- tain California procedural rights regarding his disciplinary hearing. While these regula- tions indicate that plaintiff has a protected liberty interest in not being subject to discipline without due process of law, he has no federal constitutional right to have the state's procedural due process law followed. The nature of the process that is due the plaintiff is determined by federal, not state law. See Toussaint v. McCar- thy, 801 F.2d 1080, 1096-97 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987).

JIMMIE STEPHEN
#C-56483 / A-1149
PO BOX 8101
SAN LUIS OBISPO, CA 93409-0001

ORIGINAL
FILED

08 MAR 13 PM 3:45

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

#2

Court of United States Dist.
State of California-Northern

Civil # CO-08-0957-JW

Jimmie Stephen
plaintiff

V

Guard "Bravo"

Motion for "Appointment"
of "Counsel".
28, USC, 1915-E-1..

Persidant to 28, USC 1915-E-1 Plaintiff
Jimmie Stephen moves for an "Order" Appointing
"Counsel" to "Represent" Him in this Case.. In
support of this motion plaintiff states..
    1.. Plaintiff is "unable to Afford Counsel".
He Has Requested "Leave to Proceed" in "forma
Pauperus "under" Imminent Serious Damage Exceptions
in this "matter" before this court.
    Burns v Co of King" 883,f2d.819.824(9th 1988)..

## "ISSUES COMPLEX"

Plaintiff States "ISSUES" upon Plaintiff Complaint's are "Complex" falling within Guidelines for "Appointment of Attorney". Under "BURNS v Co. of King" 883, f.2d, 819, 824 (9th 1988) as demonstration of both Likelihood of "Success" and "Complexity" of "Legal ISSUES" Shows "Exceptional circumstances" required by "BURNS".

As "Plaintiff" unable to "Afford an Attorney" or "Indigent". And "Unable" to "Present Evidence" and Cross-Examine "Witnesses" ect..

### "Exceptional Circumstances"
#### by "Obstruction" ect. -

As "Exceptional" Issues of 9-29-06 Demands an Attorney when Defendants Willfully "Intentionally" Destroyed" Plaintiff "Legal Documents". And "Prescription Eyeglasses"..

As Defendants "Admitted Loosing" Legal Documents but Not "Willfully" "Intentional" of 9-29-06..

As took "6 months" to Replace "Eyeglasses".. During Pendency of an "Illustration". And "Obstruction of Access".. thereby "Shocking the Conscious" and "Justifing monetary" "Liability".. "Attorney must be Appointed" forthwith.. "JOHNSON v AVERY" 393, US, 483 (1963)..

Further "Exceptional Circumstances" Includes Request to "Protect" under 28, USC, A1956 under Risks and Likelihood of "Imminent Serious Physical Injury" by "Pattern" of Misconduct by CACR Employees ect.. Ongoing, Willful..

2

2. Plaintiffs IMPRISONMENT will Greatly "limit" His Ability to "litigate".. the ISSUES INVOLVED ARE "COMPLEX" the Acts by Defendants And others ARE PREJUDICIAL And willfully "ABUSIVE".. that REQUIRE "SIGNIFICANT" OUTSIDE ACCESS to Court RESOURCES. Ect. without Having to RELY UPON the Defendants, EMPLOYEES of CDCR.. IN WHICH HAVE "WITHELD" "OVER "80 LEGAL LETTERS", "ATTACKED" Plaintiff STABBED IN "LAW LIBRARY" WHILE "SITTING" behind TYPEWRITER willfully Ect..

3.. A TRIAL IN these matter shall INVOLVE conflicting Testimony As well As "WITHELD DISCOVERY" UNDER "BRADY" As Plaintiff Has Limited ACCESS to LAW LIBRARY UNDER "CASEY" As WELL AS limited KNOWLEDGE of LAW..

4.. Plaintiff Has made REPEATED Efforts to obtain a LAWYER, "WITHOUT SUCCESS" Ect..

WHEREFORE Plaintiff REQUEST that the COURT APPOINT COMPETENT Counsel EXPERIENCED in CIVIL RIGHTS LAWS Ect..

TRUE AGAINST FRAUD ON PERJURY

DATE 2-10-08                    SIGNATURE

3

1
2
3
4
5
6
7
8                   IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  JIMMIE EARL STEPHEN,            )      No. C 08-00957 JW (PR)
12              Plaintiff,          )
                                    )      ORDER OF TRANSFER
13      vs.                         )
                                    )
14  R. HERNANDEZ, et al.,           )
                                    )
15              Defendant(s).       )
                                    )      (Docket Nos. 2, 4, 5 & 9)
16  _____  )
17

18       Plaintiff, an inmate currently incarcerated at the California Men's Colony
19  ("CMC") State Prison in San Luis Obispo, filed a pro se civil rights complaint
20  pursuant to 42 U.S.C. § 1983, alleging that prison officials at R. J. Donovan
21  Correctional Facility at Rock Mountain ("RJD") in San Diego, California, violated
22  his constitutional rights while plaintiff was housed at RJD.
23       Venue may be raised by the court *sua sponte* where the defendant has not
24  filed a responsive pleading and the time for doing so has not run.  See Costlow v.
25  Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  When jurisdiction is not founded
26  solely on diversity, venue is proper in (1) the district in which any defendant resides,
27  if all of the defendants reside in the same state; (2) the district in which a substantial
28  part of the events or omissions giving rise to the claim occurred, or a substantial part

Order of Transfer
G:\PRO-SE\SJ.JW\CR.08\Stephen00957_transfer.wpd

*United States District Court*
For the Northern District of California

1   of the property that is the subject of the action is situated; or (3) a judicial district in

2   which any defendant may be found, if there is no district in which the action may

3   otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the

4   district court has the discretion to either dismiss the case or transfer it "in the interest

5   of justice." See 28 U.S.C. § 1406(a).

6        It is clear from the instant complaint and the attachments thereto that a

7   substantial part of the events or omissions giving rise to plaintiff's claims arise out

8   of actions alleged to have been committed at RJD by RJD officials. RJD is located

9   in San Diego, California. San Diego is located within the venue of the Southern

10   District of California. See 28 U.S.C. § 84(d). As a result, venue is proper in the

11   Southern District of California, not in the Northern District. For the foregoing

12   reasons, plaintiff's motion to stay transfer of venue (Docket No. 4) is DENIED.

13        Accordingly, in the interest of justice, the above-titled action is hereby

14   TRANSFERRED to the United States District Court for the Southern District of

15   California. In light of the transfer, this Court will defer to the Southern District with

16   respect to plaintiff's motions for leave to proceed in forma pauperis (Docket Nos. 2

17   & 5) and motion for appointment of counsel (Docket No. 9). The clerk shall

18   terminate as moot Docket Nos. 2, 5 and 9 from this Court's docket.

19        The clerk shall transfer this matter and close the file.

20

21   DATED:   April 11, 2008

22                     JAMES WARE

                       United States District Judge

23

24

25

26

27

28

United States District Court
For the Northern District of California

Order of Transfer
G:\PRO-SE\SJ.JW\CR.08\Stephen00957_transfer.wpd    2

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

JIMMIE EARL STEPHEN,

      Plaintiff,

  v.

R. HERNANDEZ, et al.,

      Defendants.

_____/

Case Number: CV08-00957 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____4/11/2008_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jimmie Earl Stephen C 56483
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, Ca 93409-8101

Dated: _____4/11/2008_____

          Richard W. Wieking, Clerk
/s/  By: Elizabeth Garcia, Deputy Clerk

**UNITED STATES DISTRICT COURT**
Northern District of California
280 South First Street
San Jose, California 95113

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
408.535.5364

April 22, 2008

Address:
U.S. District Court
Southern District of California
Office of the Clerk
880 Front Street, Suite 4290
San Diego, CA 92101-8900

RE: CV 08-00957 JW   JIMMIE STEPHEN-v-R. Hernandez

Dear Clerk,

      Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

    ☒    Certified copy of docket entries.

    ☒    Certified copy of Transferral Order.

    ☒    Original case file documents.

    ☒    Please access the electronic case file for additional pleadings you may need.  See the attached instructions for details.

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by: Cindy Vargas
Case Systems Administrator

Enclosures
Copies to counsel of record

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED** APR 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILING FEE PAID: Yes ☐  No ☐
IFP MOTION FILED: Yes ☑  No ☐
COPIES SENT TO: ☐

**I (a) PLAINTIFFS**

Jimmie Stephen

Bravo, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED**  San Luis Obispo
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jimmie Stephen
PO Box 8101
San Luis Obispo, CA 93409
C-56483

ATTORNEYS (IF KNOWN)

**'08 CV 0788 BTM JMA**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☑ 550 Civil Rights | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☑ 5 Transferred from another district (specify) NOR. CAL.
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**  JUDGE _____  Docket Number _____

DATE  4/28/2008

SIGNATURE OF ATTORNEY OF RECORD